Julie L. Hussey, Bar No. 237711
JHussey@perkinscoie.com
Ross E. Bautista, Bar No. 312319
RBautista@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130-2594
Telephone: 858.720.5700
Facsimile: 858.720.5799

Attorneys for Defendant
AMAZON.COM, INC. (erroneously sued as
AMAZON.COM INTERNATIONAL, INC.)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER A. BANDLOW,<br><br>    Plaintiff,<br><br>v.<br><br>NET HEALTH SHOPS, LLC, dba SUNNYDAZE DECOR, and dba SERENITY HEALTH & HOME DECOR; AMAZON.COM INTERNATIONAL, INC.; SRMX CAPITAL, LLC; BLUWORLD OF WATER, LLC; and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 2:21-cv-6291<br><br>**DEFENDANT AMAZON.COM, INC.'S NOTICE OF REMOVAL**<br><br>[Removed from the Superior Court of the State of California for the County of Los Angeles, Case No. 21STCV04978]<br><br>Complaint Filed: Feb. 8, 2021 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendant Amazon.com, Inc. (erroneously sued as Amazon.com International, Inc.[1]) ("Amazon") hereby removes this civil action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California under 28 U.S.C. §§ 1332, 1441, and 1446. Diversity jurisdiction exists because there is complete diversity and the amount in controversy exceeds $75,000.

## I.   INTRODUCTION

1. This lawsuit involves personal injuries allegedly caused by a tabletop fireplace and bio-ethanol fuel. Compl. at 16.

2. Plaintiff filed her Complaint on February 8, 2021, in the Superior Court of the State of California, County of Los Angeles, Case No. 21STCV04978. A true and correct copy of the Complaint is attached hereto as <u>Exhibit A</u>.

## II.   THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

3. This action is removable under 28 U.S.C. § 1441 because this Court would have had original jurisdiction under 28 U.S.C. § 1332 had Plaintiff filed this action initially in federal court. Plaintiff is not a citizen of the same state as any of the defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.   Complete Diversity Exists

4. Plaintiff is a citizen of California. *See* Compl. at 7.

5. All named defendants are business organizations. Accordingly, the citizenship of the named defendants is as follows:

  a. Defendant Amazon.com, Inc. is a corporation. For the purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and of the state in which it has its

---

[1] Amazon.com International, Inc. is not an incorporated entity and does not exist.

|   |   |   |
|---|---|---|
| 1 |   | principal place of business. 28 U.S.C. § 1332(c)(1). |
| 2 |   | Amazon.com, Inc. is incorporated under the laws of Delaware |
| 3 |   | and its principal place of business is in Washington. It is |
| 4 |   | therefore a citizen of Delaware and Washington. |
| 5 | b. | Defendant Net Health Shops, LLC, dba Sunnydaze Decor and |
| 6 |   | dba Serenty Health & Home Décor ("Net Health Shops"), is a |
| 7 |   | Wisconsin limited liability company. For the purposes of |
| 8 |   | diversity jurisdiction, limited liability companies are citizens |
| 9 |   | of all states where each of their members is a citizen. |
| 10 |   | *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. |
| 11 |   | 1012, 1016 (2016). Net Health Shops has four members: |
| 12 |   | Charles "Chuck" Gregorich, Lori Gregorich, Amber Liddell, |
| 13 |   | and Shane Liddell. A true and correct copy of Net Health |
| 14 |   | Shop, LLC's Responses to Amazon's Special Interrogatories |
| 15 |   | (Set One), served on August 4, 2021, is attached hereto as |
| 16 |   | Exhibit C. At the time the lawsuit was filed, Charles "Chuck" |
| 17 |   | Gregorich, Lori Gregorich, Amber Liddell, and Shane Liddell |
| 18 |   | were all citizens of Wisconsin and were all citizens of the |
| 19 |   | United States. Exhibit C, Responses to Interrogatory Nos. 2 & |
| 20 |   | 3. Net Health Shops, LLC is therefore a citizen of Wisconsin. |
| 21 | c. | SRMX Capital, LLC ("SRMX") is a Florida limited liability |
| 22 |   | company. A copy of SRMX's Articles of Organization is |
| 23 |   | attached hereto as Exhibit D. SRMX's only member is Victor |
| 24 |   | Industries International, Inc. Exhibit D at 2. Victor Industries |
| 25 |   | International, Inc. is incorporated under the laws of Florida |
| 26 |   | and its principal place of business is in Florida. A copy of |
| 27 |   | Victor Industries International, Inc.'s 2021 Florida Profit |
| 28 |   |   |

Corporation Annual Report is attached hereto as <u>Exhibit E</u>. SRMX is therefore a citizen of Florida.

d. Defendant Bluworld of Water, LLC ("Bluworld") is a Florida limited liability company. A copy of Bluworld's Articles of Organization is attached hereto as <u>Exhibit F</u>. Bluworld's only member is defendant SRMX. Exhibit F at 2. SRMX's only member is Victor Industries International, Inc. Exhibit D at 2. Victor Industries International, Inc. is incorporated under the laws of Florida and its principal place of business is in Florida. Exhibit E. Bluworld is therefore a citizen of Florida.

6. Because Plaintiff is a citizen of California, while the named defendants are citizens of Delaware, Washington, Wisconsin, and Florida, complete diversity exists.

**B.     The Amount in Controversy Exceeds $75,000**

7. Plaintiff does not assert a specific value for her claims on the face of the Complaint. The Court should conclude based on Plaintiff's Complaint that Plaintiff's claims involve an amount in controversy in excess of $75,000, exclusive of interest and costs.

8. The Ninth Circuit has adopted the Fifth Circuit's procedure for determining the amount in controversy when a plaintiff does not assert a specific value in a complaint. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Under that procedure, a court should begin by determining whether it is "facially apparent" from the complaint that the claims likely exceed $75,000. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (concluding it was facially apparent that a plaintiff's claims met the amount in controversy requirement when the complaint sought relief for property damage, travel expenses, an ambulance trip, six days in the hospital, pain and suffering,

humiliation, and a temporary inability to do housework). To do so, the court may use "judicial experience and common sense." *Dourian v. Stryker Corp.*, 2012 WL 12893752, No. CV 12-1790 DSF, at *1 (C.D. Cal. 2012).

9. Here, Plaintiff filed an unlimited civil case seeking relief for personal injuries under five theories of liability, including negligence, strict product liability, breach of implied warranty, breach of express warranty, and failure to warn. *See generally* Compl. Plaintiff alleges that she suffered injuries and damages when a tabletop fireplace and bio-ethanol fuel bottle allegedly ignited, causing an explosion that came into contact with her. *Id.* at 15. She further contends that she "was severely injured and has suffered and will continue to suffer pain, substantial disfigurement, embarrassment, inconvenience, scarring, anxiety, depression, psychological issues, and emotional distress." *Id.* Plaintiff seeks general damages as well as damages for past and future medical expenses, out-of-pocket expenses, loss of earnings, loss of earning capacity, and costs of suit. *Id.* at 3 & 15.

10. Given the number of liability theories pursued, the severity of the alleged injury, and the nature and extent of the damages requested, it is facially apparent that the amount in controversy exceeds $75,000, and therefore meets the amount in controversy requirement. Thus, Amazon has satisfied its burden to establish that the amount in controversy exceeds $75,000.

11. By the statements contained in this Notice of Removal, Amazon does not concede that Plaintiff is entitled to any damages.

### III.   ALL SERVED DEFENDANTS CONSENT TO REMOVAL

12. All properly joined and served defendants consent to the removal of this action as required by 28 U.S.C. § 1446(b)(2)(A). *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("[T]he filing of a notice of removal can be effective without individual consent documents on

behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient.")

## IV.   THIS FILING IS TIMELY

13.   Plaintiff filed her Complaint on February 8, 2021. *See* Compl.

14.   The face of the Complaint does not affirmatively reveal information to trigger removal based on diversity jurisdiction because the Complaint does not identify the citizenship of defendants Net Health Shops, Bluworld, or SRMX. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005) ("[T]he ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin."). Instead, Plaintiff only alleged that Net Health Shops "was a Wisconsin Limited Liability Company regularly doing business in the State of California" and that Bluworld and SRMX "were corporations with their principal place of business in the State of Florida and are each a Florida Limited Liability Company regularly doing business in the State of California." Compl. at 7, ¶ 2 & 3. But Net Health Shops, Bluworld, and SRMX are limited liability companies, and limited liability companies are citizens of all states where each of their members is a citizen. *Americold Realty Trust*, 136 S. Ct. 1012, 1016. Because Plaintiff did not allege the citizenship of defendants Net Health Shops, Bluworld, or SRMX's members, and in turn, did not allege those defendants' state of citizenship, the Complaint was an "indeterminate" pleading that did not start the 30-day period for removal under 28 U.S.C. § 1446(b). *See Harris,* 425 F.3d at 695 (holding that "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.").

15.   Where, as here, removability is not ascertainable from the face of the complaint, a notice of removal must be filed within 30 days of a defendant's

receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is or has become removable." 28 U.S.C. § 1446(b)(3). The first time that Amazon could ascertain that this case is removable was when Net Health Shops served responses to Amazon's Special Interrogatories (Set One) on August 4, 2021, stating that all of its members are citizens of Wisconsin. Exhibit C, Response to Special Interrogatory No. 2. As a result, the 30-day period in section 1446(b)(3) did not begin to run until Amazon's first receipt of Net Health Shops' interrogatory responses, which constitutes an "other paper" establishing Net Health Shops' citizenship. *Najera v. Costco Wholesale Corp.*, No. CV17-7585-MWF (MRWX), 2017 WL 6033666, at *3 (C.D. Cal., Dec. 6, 2017) (concluding that even "unverified discovery responses qualify as 'other papers' under § 1446(b)(3).").

16.   Accordingly, this Notice of Removal is timely because Amazon filed it within 30 days of Amazon's first receipt of Net Health Shops interrogatory responses, and within one year from the commencement of this action. *See* 28 U.S.C. § 1446(b).

## V.   VENUE OF REMOVED ACTION

17.   The Central District of California is the United States district court for the district and division embracing the state court where this action was filed and is pending. Venue is proper in this Court under 28 U.S.C. § 1441(a).

## VI.   NOTICE TO THE STATE COURT

18.   A copy of this Notice of Removal is being served on all served parties and filed with the Superior Court of the State of California, County of Los Angeles, where this case was originally filed.

## VII.   PLEADINGS IN THE STATE COURT ACTION

19.   All process, pleadings, and orders served upon Amazon in this action are attached as <u>Exhibit A</u>. A true and correct copy of the Los Angeles Superior Court docket for this action is attached as <u>Exhibit B</u>.

## VIII.  NON-WAIVER OF DEFENSES

20.   Amazon expressly reserves all of it defenses. By removing the action to this Court, Amazon does not waive any rights or defenses available under federal or state law. Amazon expressly reserves the right to move for dismissal of the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure. Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim or have any substantive merit.

WHEREFORE, Amazon hereby removes the above-entitled case to this Court.

DATED:  August 4, 2021        **PERKINS COIE LLP**

By: <u>/s/ Ross E. Bautista</u>
   Julie L. Hussey, Bar No. 237711
   Jhussey@perkinscoie.com
   Ross E. Bautista, Bar No. 312319
   Rbautista@perkinscoie.com

Attorneys for Defendant
AMAZON.COM, INC. (erroneously sued as AMAZON.COM INTERNATIONAL, INC.)

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record, via the Court's CM/ECF system and US Mail, on August 4, 2021, as follows:

| | |
|---|---|
| Arash Homampour<br>Danielle Lincors<br>THE HOMAMPOUR LAW FIRM<br>15303 Ventura Blvd., Suite 1450<br>Sherman Oaks, CA 91403<br>Tel: 323-658-8077<br>Fax: 323-658-8477<br>arash@homampour.com<br>danielle@homampour.com<br>lynne@homampour.com<br>ruby@homampour.com<br><br>Marcelis E. Morris<br>The Cochran Firm - California<br>4929 Wilshire Bl., Suite 1010<br>Los Angeles, CA 90010-3856<br>Tel: 323-435-8205<br>Fax: 323-282-5280<br>mmorris@cochranfirm.com | Attorneys for Plaintiff Jennifer A. Bandlow |
| James E. Siepler<br>LAW OFFICE OF CRAIG A. HOLTZ<br>100 West Broadway, Suite 1150<br>Glendale, CA 91210<br>Tel: 858-539-2120<br>sieplj2@nationwide.com<br>haganr@nationwide.com<br>davit39@nationwide.com | Attorney for Defendants Bluworld of Water, LLC and SRMX Capital, LLC |

| | |
|---|---|
| Craig A. Roeb<br>David A. Napper<br>CHAPMAN GLUCKSMAN DEAN & ROEB<br>11900 West Olympic Blvd, Ste. 800<br>Los Angeles, CA 90064-0704<br>Tel:  310-207-7722<br>croeb@cgdrlaw.com<br>dnapper@cgdrblaw.com<br>service@cgdrlaw.com<br>kwindrim@cgdrlaw.com | Attorneys for Defendants and Cross-Complainant, Net Health Shops, LLC, dba SunnyDaze Decor and dba Serenity Health & Home Décor |

    /s/ Ross E. Bautista
    Ross E. Bautista