# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 02/08/2021 02:39 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez, Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Net Health Shops, LLC, dba Sunnydaze Decor and dba Serenity Health &
Home Decor;
(Additional Parties Attachment Form is attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JENNIFER A. BANDLOW, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>21STCV04978 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Arash Homampour (State Bar #165407), Danielle Lincors (State Bar #285508)       Fax No.: (323) 658-8477
The Homampour Law Firm, 15303 Ventura Bl., Suite 1450, Sherman Oaks, CA 91403       Phone No.: (323) 658-8077

| DATE:<br>*(Fecha)* | 02/08/2021 | Clerk, by<br>*(Secretario)* | Sherri R. Carter Executive Officer / Clerk of Court<br>H. Flores-Hernandez | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms* |
|---|---|---|

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Bandlow v. Net Health Shops, LLC, et al. | 21STCV04978 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

NET HEALTH SHOPS, LLC, dba SUNNYDAZE DECOR and dba SERENITY HEALTH & HOME DECOR; AMAZON.COM INTERNATIONAL, INC., a Delaware corporation; SRMX CAPITAL, LLC, a Florida limited liability company; BLUWORLD OF WATER, LLC, a Florida limited liability company; and DOES 1 through 50, inclusive.

Page ___2___ of ___2___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Electronically FILED by Superior Court of California, County of Los Angeles on 02/08/2021 02:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Heredia, Deputy Clerk
Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Edward Moreton

**PLD-PI-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Arash Homampour (State Bar No. 165407) | Danielle Lincors (State Bar No.: 285508)
The Homampour Law Firm
15303 Ventura Blvd., Suite 1450, Sherman Oaks, California 91403

TELEPHONE NO: (323) 658-8077    FAX NO. (Optional): (323) 658-8477
E-MAIL ADDRESS (Optional): arash@homampour.com, danielle@homampour.com
ATTORNEY FOR (Name): Plaintiff Jennifer A. Bandlow

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF: Jennifer A. Bandlow, an individual

DEFENDANT: Net Health Shops, LLC, dba Sunnydaze Decor and dba Serenity Health & Home Decor;
(Additional Parties Attachment Form is attached)

[X] DOES 1 TO __120__

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
[ ] AMENDED (Number):

Type (check all that apply):
[ ] MOTOR VEHICLE    [X] OTHER (specify): See Attachment
[ ] Property Damage    [ ] Wrongful Death
[ ] Personal Injury    [ ] Other Damages (specify):

Jurisdiction (check all that apply):
[ ] ACTION IS A LIMITED CIVIL CASE
Amount demanded [ ] does not exceed $10,000
[ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
[ ] from limited to unlimited
[ ] from unlimited to limited

CASE NUMBER: 21STCV04978

1. Plaintiff (name or names): Jennifer A. Bandlow, an individual
alleges causes of action against defendant (name or names): Net Health Shops, LLC, dba Sunnydaze Decor and dba Serenity Health & Home Decor; (Additional Parties Attachment Form is attached)
2. This pleading, including attachments and exhibits, consists of the following number of pages: 22
3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor [ ] an adult
         (a) [X] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other (specify):
      (5) [ ] other (specify):
   b. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other (specify):
      (5) [ ] other (specify):

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]
**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms
ENTERED

**PLD-PI-001**

| SHORT TITLE: Bandlow v. Net Health Shops, LLC, et al. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*
   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

   a. ☒ **except defendant** *(name):* Net Health Shops, LLC
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☒ other *(specify):*
         A limited liability company

   b. ☒ **except defendant** *(name):* Amazon.com International, Inc.
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   c. ☒ **except defendant** *(name):* SRMX Capital, LLC
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☒ other *(specify):*
         A limited liability company

   d. ☒ **except defendant** *(name):* Blueworld of Water, LLC
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☒ other *(specify):*
         A limited liability company

   ☒ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

   a. ☒ Doe defendants *(specify Doe numbers):* _____ 1-50 _____ were the agents or employees of other
      named defendants and acted within the scope of that agency or employment.

   b. ☒ Doe defendants *(specify Doe numbers):* _____ 1-50 _____ are persons whose capacities are unknown to
      plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify):*

PLD-PI-001

| SHORT TITLE: Bandlow v. Net Health Shops, LLC, et al. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☐ Intentional Tort
   d. ☒ Products Liability
   e. ☐ Premises Liability
   f. ☐ Other *(specify):*

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☐ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☒ loss of earning capacity
   g. ☒ other damage *(specify):*
      pain and suffering and emotional distress; according to proof at trial

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☐ punitive damages
   The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
   (1) ☒ according to proof
   (2) ☐ in the amount of: $

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
   General Negligence -1, Product Liability - 1

Date: February 8, 2021

| Danielle Lincors | ► | |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF PLAINTIFF OR ATTORNEY) |

| SHORT TITLE:<br>Bandlow v. Net Health Shops, LLC, et al. | CASE NUMBER: |
|---|---|

1  Additional counsel for Plaintiff:

2  Brian T. Dunn (SBN 176502)

3  Marcelis E. Morris (SBN 291972)

4  The Cochran Firm -- California

5  4929 Wilshire Bl., Suite 1010

6  Los Angeles, CA 90010-3856

7  Telephone: (323) 435-8205

8  Fax: (323) 282-5280

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27  This page may be used with any Judicial Council form or any other paper filed with the court.                    Page ___4___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]                    **ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**                    CRC 201, 501

**MC-025**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Bandlow v. Net Health Shops, LLC, et al. | |

**ATTACHMENT** *(Number):* 5 _____

*(This Attachment may be used with any Judicial Council form.)*

Defendants:

NET HEALTH SHOPS, LLC, dba SUNNYDAZE DECOR and dba SERENITY HEALTH & HOME
DECOR; AMAZON.COM INTERNATIONAL, INC., a Delaware corporation; SRMX CAPITAL, LLC, a
Florida limited liability company; BLUWORLD OF WATER, LLC, a Florida limited liability company; and
DOES 1 through 50, inclusive.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this
Attachment are made under penalty of perjury.)*

Page 5 of 22

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Bandlow v. Net Health Shops, LLC, et al. | |

FIRST  **CAUSE OF ACTION—General Negligence**  Page    6
(number)

ATTACHMENT TO  [X] Complaint  [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):*  JENNIFER A. BANDLOW

alleges that defendant *(name):*NET HEALTH SHOPS, LLC, dba SUNNYDAZE DECOR and dba SERENITY
HEALTH & HOME DECOR; AMAZON.COM INTERNATIONAL, INC., SRMX
CAPITAL, LLC; BLUWORLD OF WATER, LLC; and DOES 1 through 50, inclusive.

[X] Does    1    to    50

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date):*  July 10, 2019
at *(place):*  510 S. Fuller Ave., Los Angeles, CA 90036

*(description of reasons for liability):*

Attachment GN-1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

**Attachment Page 1 of 9**

Attachment GN-1:

## FIRST CAUSE OF ACTION: General Negligence
## (By PLAINTIFF Against ALL DEFENDANTS)

1.     Plaintiff JENNIFER A. BANDLOW (hereinafter sometimes referred to as "PLAINTIFF") is and, at all times material herein, was a resident of the City of Los Angeles in the County of Los Angeles, California.

2.     At all times material herein, Defendant NET HEALTH SHOPS, LLC, dba SUNNYDAZE DECOR and dba SERENITY HEALTH & HOME DECOR (hereinafter "NET HEALTH SHOPS"), was a Wisconsin Limited Liability Company regularly doing business in the State of California. NET HEALTH SHOPS held itself out as a company experienced and capable in the design, manufacture, fabrication, assembly, supplying and sale of bio-ethanol fueled portable firepits (also sometimes referred to as firepots or a portable fireplace), including the subject Sunnydaze Decor branded Astratto Ventless Bio Ethanol Tabletop Fireplace (YL-130) (the "FIREPLACE"), which are marketed for use in the home by consumers in California.

3.     At all times material herein, Defendants BLUWORLD OF WATER, LLC and SRMX CAPITAL, LLC (hereinafter "BLUWORLD"), were corporations with their principal place of business in the State of Florida and are each a Florida Limited Liability Company regularly doing business in the State of California. BLUWORLD held itself out as a company experienced and capable in the design, manufacture, fabrication, assembly, supplying and sale of bio-ethanol fuel and fuel containers, intended for use with other products, including but not limited to with bio-ethanol fueled portable fireplaces. BLUWORLD took part in the design, manufacture, fabrication, assembly, supplying, distribution, sale, and marketing of bio-ethanol fuel, including the Nu-Flame branded Bio-Ethanol Fireplace Fuel ("BIO-ETHANOL FUEL").

4.     At    all    times    material    herein,    Defendant    AMAZON.COM

### Attachment Page 2 of 9

INTERNATIONAL, INC. (hereinafter "AMAZON"), a corporation with its principal place of business in the State of Delaware regularly doing business in the State of California. AMAZON held itself out as a company experienced and capable in the advertising, marketing, distribution, promotion, supplying, and selling the Sunnydaze Decor branded Astratto Ventless Bio Ethanol Tabletop Fireplace (YL-130) and Nu-Flame branded Bio-Ethanol Fireplace Fuel, collectively herein referred to as the "PRODUCTS".

5.    Defendant DOES 1 through 50, inclusive, are sued herein under fictitious names. Their true names and capacities are currently unknown to PLAINTIFF. When their true names and capacities are ascertained, PLAINTIFF will amend her complaint by inserting their true names and capacities pursuant to California Code of Civil Procedure § 474. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that PLAINTIFF's damages were proximately caused by those defendants. Each reference in this complaint to the defendants or a specifically named defendant refers also to all defendants similarly sued under fictitious DOE names.

6.    PLAINTIFF is informed and believes, and thereon alleges, that at all times material hereto and mentioned herein, each defendant sued herein (both named and DOE defendants) was the agent, servant, employer, joint venturer, contractor, contractee, partner, division owner, subsidiary, division, alias, and/or alter ego of each of the remaining defendants and was, at all times, acting within the purpose and scope of such agency, servitude, employment, contract, ownership, subsidiary, alias and/or alter ego and with the authority, consent, approval, control, influence and ratification of each remaining defendant sued herein.

7.    At all times mentioned herein, NET HEALTH SHOPS, and DOES 1 – 25, inclusive, and each of them, were engaged in the business of manufacturing, designing, assembling, compounding, testing, inspecting, packaging, labeling, fabricating,

**Attachment Page 3 of 9**

constructing, analyzing, distributing, servicing, merchandising, recommending, advertising, promoting, marketing, and selling of the Sunnydaze Decor branded Astratto Ventless Bio Ethanol Tabletop Fireplace (YL-130) "FIREPLACE" and its component parts and constituents for use by members of the general public.

8.    Defendant NET HEALTH SHOPS and its officers, directors, employees, and/or agents, intended and planned that the Sunnydaze Decor branded Astratto Ventless Bio Ethanol Tabletop Fireplace (YL-130) be marketed and sold for home use by consumers. Further, said officers, directors, employees and/or agents were informed, knew, considered, anticipated and foresaw that the Sunnydaze Decor branded Astratto Ventless Bio Ethanol Tabletop Fireplace (YL-130) would be used in conjunction with bio-ethanol fuel and further knew and intended that the Sunnydaze Decor branded Astratto Ventless Bio Ethanol Tabletop Fireplace (YL-130) would be used in the presence of an in conjunction with bio-ethanol fuel.

9.    At all times mentioned herein, BLUWORLD, and DOES 26 – 50, inclusive, and each of them, were engaged in the business of manufacturing, designing, assembling, compounding, testing, inspecting, packaging, labeling, fabricating, constructing, analyzing, distributing, servicing, merchandising, recommending, advertising, promoting, marketing, and selling of bio-ethanol fuel and fuel containers, intended for use with other products, including but not limited to bio-ethanol fueled portable firepits, including the Nu-Flame branded Bio-Ethanol Fireplace Fuel.

10.    Defendant BLUWORLD and its officers, directors, employees, and/or agents, marketed and sold the Nu-Flame branded Bio-Ethanol Fireplace Fuel for home use by consumers. Further, said officers, directors, employees and/or agents were informed, knew, considered, anticipated and foresaw that the Nu-Flame branded Bio-Ethanol Fireplace Fuel would be used with portable fireplaces such as the FIREPLACE.

11.    Defendant AMAZON and its officers, directors, employees, and/or agents,

**Attachment Page 4 of 9**

were in the business of marketing, selling and shipping the Sunnydaze Decor branded
Astratto Ventless Bio Ethanol Tabletop Fireplace (YL-130) for home use by consumers.
Further, said officers, directors, employees and/or agents were informed, knew, considered,
anticipated and foresaw that the Sunnydaze Decor branded Astratto Ventless Bio Ethanol
Tabletop Fireplace (YL-130) would be used in the presence of and in conjunction with bio-
ethanol fuel.

      12.    Defendant AMAZON and its officers, directors, employees, and/or agents,
marketed, recommended, displayed, promoted, endorsed, prepared, sold, and shipped the
Nu-Flame branded Bio-Ethanol Fireplace Fuel for home use by consumers. Further, said
officers, directors, employees and/or agents were informed, knew, considered, anticipated
and foresaw that the Nu-Flame branded Bio-Ethanol Fireplace Fuel would be used in the
presence of and in conjunction with portable fireplaces and further knew and intended that
the Nu-Flame branded Bio-Ethanol Fireplace Fuel would be used in the presence of and in
conjunction with portable firepits.

      13.    PLAINTIFF is informed and believes that Defendants, by and through their
officers, directors, employees and/or agents, knew that the Sunnydaze Decor branded
Astratto Ventless Bio Ethanol Tabletop Fireplace (YL-130) was defective and
unreasonably dangerous in that, among other things, it was designed in such a way that a
user is unable to check for the presence of residual heat from a recently extinguished flame
or the presence of a small flame before refueling. When the FIREPLACE is refueled with
the required BIO-ETHANOL FUEL while it is hot or while there is a flame, there will be
an explosion which may result in injury or death. Over the years, it has become public
knowledge that these portable fireplaces are unreasonably dangerous for this reason as they
have resulted in several explosions and numerous people getting injured or hurt insomuch
that the product has been banned in some countries. Furthermore, there have been news
articles, videos, lawsuits, and public complaints by consumers, law enforcement, and

## **Attachment Page 5 of 9**

government entities. Moreover, there were complaints made to Defendants directly as to
prior explosions of the subject FIREPLACE.

14.     Defendants, by and through their officers, directors, employees, and/or
agents did not recall or otherwise prevent the sale of the Sunnydaze Decor branded Astratto
Ventless Bio Ethanol Tabletop Fireplace (YL-130), despite knowledge that it was defective
and unreasonably dangerous. Moreover, they did not redesign the product at any time
knowing very well that the consumers are unable to discern whether the flame is out and
whether the fuel container is still hot.

15.     Despite their knowledge of the risks and hazards presented by the use of
portable bio-ethanol fireplaces and bio-ethanol fuel, Defendants NET HEALTH SHOPS,
BLUWORLD, and AMAZON failed to take any action to eliminate the same hazards
identified and known to them to cause serious injury. Further Defendants NET HEALTH
SHOPS, BLUWORLD, and AMAZON failed to provide adequate warnings on the
FIREPLACE. There are no warnings about the inability to determine whether or not the
fuel container within the fireplace is hot or contains a flame. There are no warnings that
the fireplace should not be refueled within the same hour or day to ensure that it may be
refueled without causing an explosion.

16.     Consumers typically visually check for the presence of a flame. Common
experience with flames from fireplaces, campfires, gas ovens, and other sources provides
a general experience that one can visually detect the presence of a flame. The FIREPLACE
was unreasonably, dangerously, and defectively designed in that, there was a metal cover
over the top of the container that obscured the product user's ability to visually check to
determine whether a flame was still present even after it had appeared to cease burning.
This made the FIREPLACE unreasonably, dangerously, defectively designed for the
FIREPLACE's intended and foreseeable uses.

17.     Consumers are typically accustomed to luminous yellow and red flames and

## Attachment Page 6 of 9

are accustomed to checking for these types of flames to assess whether a flame has gone out. Therefore, the PRODUCTS were unreasonably, dangerously, and defectively designed because as a result of water having a lower vapor pressure than ethanol, the liquid left in the burner unit will be enriched in water especially during the terminal phase of the combustion. This may result in a very small and invisible flame during the last minutes before the flame ceases burning. It may therefore be anticipated that tiny flames, which are characteristic of ethanol and methanol flames, may persist in a seemingly extinguished bioethanol heater or fireplace. The user may not be aware of these flames representing an ignition source during refueling. This made the FIREPLACE unreasonably, dangerously, defectively designed for the FIREPLACE's intended and foreseeable uses. The FIREPLACE is made even more defective by the fact that it is designed such that it can only be refueled by pouring bio-ethanol fuel, a flammable liquid, from the top.

18.     The PRODUCTS were unreasonably, dangerously, and defectively designed (especially when used together, as intended) in that persistent flame thought by the user to be extinguished further created a very dangerous ignition source when refilling the unit because during the process of refueling, the liquid or vapors being poured out of the container or bottle could ignite. If these fluids or vapors ignite while being poured, explosive container gas volume may be ignited, resulting in a violent explosion propelling burning liquid out of the container or bottle. The operator, as well as people several meters away, may then be engulfed in flames and soaked with burning liquid exposing naked skin or setting the clothing fabric on fire. This made the product unreasonably, dangerously, defectively designed for the Product's intended and foreseeable uses.

19.     The PRODUCTS were further unreasonably, dangerously, and defectively designed in that even the vapors from the fuel can ignite resulting in a severe explosion. Equilibrium vapor pressure close to the stoichiometric fuel-air composition represents a very severe risk when handling these liquids. Air-gas mixtures ignite most easily at, or

## Attachment Page 7 of 9

close to, the stoichiometric concentrations. The heat required for igniting an air ethanol gas mixture at just above stoichiometric conditions, i.e., minimum ignition energy (MIE), is .28 mJ, indicating that any burning flame will easily ignite such fuel-air mixtures.

20.     The PRODUCTS were unreasonably, dangerously, and defectively designed in that they did not contain adequate warnings. The warnings are inadequate because the latent hazards associated with the product can still cause severe injury even though the product instructions are followed.

21.     The defects mentioned above constitute latent or hidden defects in that the ordinary consumers could not contemplate or perceive the hazard posed by the ethanol fuel. Fuel containers often are packaged in containers that look familiar, resembling water bottles. Moreover, they may possess phrases on the packaging that may reduce the likelihood that a consumer would consider the substance to be hazardous. This made the product unreasonably, dangerously, defectively designed for the product's intended and foreseeable uses.

22.     It has been widely known in the public sphere across the world, for at least a decade, that products such as the FIREPLACE and the BIO-ETHANOL FUEL are defectively designed and present an unreasonable risk of serious injury and/or death, especially when accounting for these in-home decorative products' minimal utility.

23.     There are many other accounts of people who have been severely burned because they, or someone else, added fuel to an existing flame that was unable to be observed. Such incidents cause about 25% of burn injuries every year in the United States. The number of burn injuries caused by explosions while consumers used fuel and firepit products reached somewhat of a fever pitch in 2011. At the time, the popular and proliferating fuel marketed by those manufacturing, selling, distributing, or otherwise marketing these products for sale, these products were a pourable alcohol-based gel fuel. In 2011, numerous accounts of injuries resulting when consumers refilled lit fireplaces with

### Attachment Page 8 of 9

pourable gel fuel prompted the Consumer Products Safety Commission (CPSC) to ask manufacturers to recall bottles of pourable gel fuel that did not contain a flame arrestor due to the numerous explosions.

24.      The unreasonable dangerousness and defective design of the PRODUCTS is further demonstrated by reasonable safer alternative designs that would significantly mitigate against the risks present in the products as designed and used by the product user.

25.      Defendants, and each of them, had a duty to manufacture, fabricate, design, assemble, sell, distribute, test, inspect, market, warrant, modify, warn, instruct, promote, and advertise the PRODUCTS and their component parts in a reasonable manner and which Defendants, and each of them, knew, or in the exercise of reasonable care should have known.

26.      Defendants, and each of them, negligently, recklessly, and/or carelessly manufactured, fabricated, designed, assembled, sold, distributed, tested, inspected, marketed, warranted, modified, warned, instructed, promoted, and advertised the PRODUCTS and their component parts in a manner that it was capable of causing, and in fact did cause, personal injuries while being used in a manner reasonably foreseeable, thereby rendering the PRODUCTS unsafe and dangerous for use by the consumer, user, and bystander.

27.      Upon information and belief, on or about February 27, 2018, Marie Perez ("Product Purchaser") purchased the advertised FIREPLACE and the BIO-ETHANOL FUEL (collectively referred to as the "PRODUCTS") at Amazon.com.

28.      On July 10, 2019, Marie Perez was using the PRODUCTS on her patio in a reasonably foreseeable manner with PLAINTIFF present. After some time, the fire went out, and after at least 15 minutes without the fire, Marie Perez attempted to refuel the Sunnydaze Decor branded Astratto Ventless Bio Ethanol Tabletop Fireplace (YL-130) by pouring additional fuel from the Nu-Flame branded Bio-Ethanol Fireplace Fuel container

## Attachment Page 9 of 9

into the Sunnydaze Decor branded Astratto Ventless Bio Ethanol Tabletop Fireplace (YL-130). The instant the fuel made contact with the firepit, it ignited, causing an explosion which came into contact with PLAINTIFF, causing her pants to catch on fire.

29.     As a direct and proximate result of the Defendants' conduct, PLAINTIFF was injured and harmed. PLAINTIFF immediately sustained third degree burns to her lower extremities as a direct and proximate cause of the explosion from the PRODUCTS. PLAINTIFF was severely injured and has suffered and will continue to suffer severe pain, suffering, substantial disfigurement, embarrassment, inconvenience, scarring, anxiety, depression, psychological issues, and emotional distress.

30.     Further, PLAINTIFF was compelled to, and did, employ the services of hospitals, physicians, surgeons, nurses, and the like, to care for and treat her, and did incur hospital, medical, professional, and incidental expenses. PLAINTIFF is further informed and believes, and thereupon alleges, that by reason of her injuries, she will necessarily incur additional like expenses for an indefinite period of time in the future.

31.     Further, PLAINTIFF has been damaged in her loss of earnings and earning capacity due to her catastrophic injuries as a direct and proximate result of the explosion caused by the PRODUCTS. PLAINTIFF is expected to continue to lose income in the future and for the rest of her life.

**PLD-PI-001(5)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Bandlow v. Net Health Shops, LLC, et al. | |

**SECOND** ___ (number) **CAUSE OF ACTION—Products Liability** Page ___ 16 ___

ATTACHMENT TO  [X] Complaint  [ ] Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* JENNIFER A. BANDLOW

Prod. L-1. On or about *(date):*  July 10, 2019  plaintiff was injured by the following product:

Sunnydaze Decor Astratto Ventless Bio Ethanol Tabletop Fireplace, Black
Nu-flame Bio Ethanol Fuel

Prod. L-2. Each of the defendants knew the product would be purchased and used without inspection for defects.
The product was defective when it left the control of each defendant. The product at the time of injury was being
  [X] used in the manner intended by the defendants.
  [X] used in the manner that was reasonably foreseeable by defendants as involving a substantial danger not readily apparent. Adequate warnings of the danger were not given.

Prod. L-3. Plaintiff was a
  [ ] purchaser of the product.                    [ ] user of the product.
  [X] bystander to the use of the product.          [ ] other *(specify):*

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:

Prod. L- 4.  [X] **Count One—Strict liability** of the following defendants who
  a.  [X] manufactured or assembled the product *(names):*  See Attachment Prod.L-4.a

       [X] Does ___ 1 ___ to ___ 50 ___

  b.  [X] designed and manufactured component parts supplied to the manufacturer *(names):*
       See Attachment Prod.L-4.b

       [X] Does ___ 1 ___ to ___ 50 ___

  c.  [X] sold the product to the public *(names):* See Attachment Prod.L-4.c

       [X] Does ___ 1 ___ to ___ 50 ___

Prod . L-5.  [X] **Count Two—Negligence** of the following defendants who owed a duty to plaintiff *(names):*
       See Attachment Prod.L-5

       [X] Does ___ 1 ___ to ___ 50 ___

Prod. L-6.  [X] **Count Three—Breach of warranty** by the following defendants *(names):*   See Attachment Prod.L-6

       [X] Does ___ 1 ___ to ___ 50 ___

  a.  [X] who breached an implied warranty
  b.  [X] who breached an express warranty which was
       [X] written  [ ] oral

Prod. L-7.  [X] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
       [X] listed in Attachment-Prod. L-7  [X] as follows: See Attachment Prod.L-7

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(5) [Rev. January 1, 2007]

**CAUSE OF ACTION—Products Liability**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

# Attachments

Attachment Prod.L-4.a

NET HEALTH SHOPS, LLC, dba SUNNYDAZE DECOR and dba SERENITY HEALTH
& HOME DECOR; AMAZON.COM INTERNATIONAL, INC.; SRMX CAPITAL, LLC;
BLUWORLD OFWATER, LLC

Attachment Prod.L-4.b

NET HEALTH SHOPS, LLC, dba SUNNYDAZE DECOR and dba SERENITY HEALTH
& HOME DECOR; AMAZON.COM INTERNATIONAL, INC.; SRMX CAPITAL, LLC;
BLUWORLD OF WATER, LLC

Attachment Prod.L-4.c

NET HEALTH SHOPS, LLC, dba SUNNYDAZE DECOR and dba SERENITY HEALTH
& HOME DECOR; AMAZON.COM INTERNATIONAL, INC.; SRMX CAPITAL, LLC;
BLUWORLD OF WATER, LLC

Attachment Prod.L-5

NET HEALTH SHOPS, LLC, dba SUNNYDAZE DECOR and dba SERENITY HEALTH
& HOME DECOR; AMAZON.COM INTERNATIONAL, INC.; SRMX CAPITAL, LLC;
BLUWORLD OF WATER, LLC

Attachment Prod.L-6

NET HEALTH SHOPS, LLC, dba SUNNYDAZE DECOR and dba SERENITY HEALTH
& HOME DECOR; AMAZON.COM INTERNATIONAL, INC.; SRMX CAPITAL, LLC;
BLUWORLD OF WATER, LLC

Attachment Prod.L-7

For failure to warn: NET HEALTH SHOPS, LLC, dba SUNNYDAZE DECOR and dba
SERENITY HEALTH & HOME DECOR; AMAZON.COM INTERNATIONAL, INC.;
SRMX CAPITAL, LLC; BLUWORLD OF WATER, LLC

**Attachment Page 1 of 5**

Attachment Prod. L-1:

## SECOND CAUSE OF ACTION: Product Liability
## (By PLAINTIFF Against ALL DEFENDANTS)

32.     Plaintiff JENNIFER A. BANDLOW (hereinafter sometimes referred to as "PLAINTIFF") refers to, repeats and realleges each of the allegations and paragraphs contained in her First Cause of Action and incorporates said allegations and paragraphs into this cause of action as though fully set forth herein.

33.     At all times mentioned herein, Defendants NET HEALTH SHOPS, LLC, dba SUNNYDAZE DECOR and dba SERENITY HEALTH & HOME DECOR (hereinafter "NET HEALTH SHOPS"), BLUWORLD OF WATER, LLC and SRMX CAPITAL, LLC (hereinafter "BLUWORLD"), AMAZON.COM INTERNATIONAL, INC. and DOES 1 through 50, inclusive, and each of them, designed, manufactured, assembled, fabricated, constructed, analyzed, recommended, packaged, labeled, tested, inspected, maintained, distributed, marketed, promoted, advertised, and/or sold the FIREPLACE and/or BIO-ETHANOL FUEL (hereinafter "PRODUCTS") and its component parts and constituents, for use by members of the general public.

34.     Defendants, and each of them, were involved in and are responsible for placing the PRODUCTS into the stream of commerce. The PRODUCTS were defective and PLAINTIFF was harmed by the PRODUCTS due to their manufacturing defect, design defect, and failure to provide sufficient instructions and warnings.

35.     The PRODUCTS contained a manufacturing, design, and warning defect when they left each of Defendants' possession and these defects substantially caused the PRODUCTS to explode and harm PLAINTIFF.

36.     The PRODUCTS did not perform as safely as an ordinary consumer would have expected them to perform when used or misused in an intended or reasonably foreseeable manner. Furthermore, the benefits of the PRODUCTS do not outweigh the

<u>**Attachment Page 2 of 5**</u>

risks. These are purely decorative fireplaces and the gravity of the potential harm resulting from the use of the PRODUCTS drastically outweighs the benefits. Moreover, there were alternative safer designs at the time of manufacturer for substantially low costs (if any cost increase at all) that would not create any disadvantages. This design defect was a substantial factor in causing PLAINTIFF's harm.

37.     The PRODUCTS had potential risks that were known and knowable in light of the scientific and public knowledge that was generally accepted at the time of the manufacture, design, and sale of the PRODUCTS. These risks presented a substantial danger when the PRODUCTS were used or misused in an intended or reasonably foreseeable manner. Ordinary consumers, such as the Product Purchaser and PLAINTIFF would not have recognized the potential risks. Defendants, and each of them, failed to adequately warn and instruct of the potential risks. The lack of sufficient warnings and instructions was a substantial factor in causing PLAINTIFF's harm.

38.     Defendants, and each of them, expressly warranted to the Product Purchaser and the general public, that the PRODUCTS were safe, effective, fit and proper for their intended use. The Product Purchaser, in purchasing and using the PRODUCTS, relied on the skill, judgment, representations and foregoing express warranties of the Defendants, and each of them. Said warranties and representatives were false in that the PRODUCTS were not safe and were unfit for their intended purposes. As a direct result of the foregoing breach of express warranties by Defendants, and each of them, PLAINTIFF suffered harm and damages.

39.     Defendants, and each of them, gave implied warranties to the Product Purchaser and the general public that said PRODUCTS were of merchantable quality and safe and fit for the use for which it was intended. The Product Purchaser and PLAINTIFF were unskilled in the research, design and manufacture of the PRODUCTS and reasonably relied entirely on the skill, judgment and implied warranty of the Defendants, and each of

## Attachment Page 3 of 5

them, in using the PRODUCTS. The PRODUCTS were neither safe for its intended use nor of merchantable quality, as warranted by Defendants, in that it had dangerous propensities when put to its intended use and would cause severe injuries to the user and bystanders.

40.    At all times herein mentioned, the Defendants, and each of them, knew, or in the exercise of ordinary and reasonable care should have known, that the PRODUCTS were products of such a nature that if it were not properly manufactured, designed, assembled, compounded, tested, inspected, fabricated, constructed, analyzed, distributed, labeled, serviced, merchandized, recommended, advertised, promoted, marketed and sold, for the use and purpose for which it was intended, it was likely to injure the person or persons by whom it was used and others in the presence of the products while they were being used.

41.    The Defendants, and each of them, so negligently and carelessly manufactured, designed, assembled, compounded, tested or failed to test, inspected or failed to inspect, fabricated, constructed, analyzed, distributed, serviced, merchandized, recommended, advertised, promoted, marketed and sold the PRODUCTS and their component parts such that they were in a dangerous and defective condition, and unsafe for the use and purpose for which they were intended when used as recommended by Defendants.

42.    At all times mentioned herein, including on July 10, 2019, the Product Purchaser used the PRODUCTS in a foreseeable manner.

43.    Defendants, and each of them, knew that members of the general public would use the PRODUCTS without being able to become aware of its defective nature. Prior to July 10, 2019, PLAINTIFF and the Product Purchaser had no reason to suspect or know that the PRODUCTS were defective and unsafe for use.

44.    Prior to the sale of the PRODUCTS to the Product Purchaser and prior to the use of the PRODUCTS by the Product Purchaser on July 10, 2019, Defendants, and each

## Attachment Page 4 of 5

of them, knew that the PRODUCTS were defective and unreasonably dangerous and that because of the defects, the PRODUCTS could not be used safely for the purposes for which they were intended and instructed. More specifically, Defendants, and each of them, had notice of other similar injuries to similar persons under similar circumstances. Defendants had received multiple complaints and claims for such injuries prior to those of PLAINTIFF. Defendants also knew that continued sale and use of the PRODUCTS would result in further injuries to persons such as PLAINTIFF.

45.     Through their officers, directors, employees, and agents, the Defendants, and each of them, had notice and knowledge from several sources, before the date of sale, distribution, and/or use of the PRODUCTS in July 2019, that the PRODUCTS presented a foreseeable risk of increased harm to the public, including purchasers and users of the PRODUCTS and bystanders to use of the PRODUCTS, including PLAINTIFF, and as such, persons such as PLAINTIFF were subjected to the defective PRODUCTS and were unreasonably subjected to risk of severe harm. More specifically, Defendants, and each of them, had notice of other similar injuries to similar persons under similar circumstances. Defendants also knew that continued sale and use of the PRODUCTS would result in additional and further injuries to persons such as PLAINTIFF.

46.     Defendants, and each of them, knew the PRODUCTS could cause serious injuries and/or death in users or bystanders. Further, Defendants, and each of them, through their officers, directors and managing agents, had prior notice and knowledge from several sources, prior to the date of the sale or distribution of said PRODUCTS and use by the Product Purchaser in the presence of PLAINTIFF, that the PRODUCTS presented a foreseeable risk of increased harm and as such, users and bystanders subjected to said defective PRODUCTS were unreasonably subjected to risk of injury or harm. More specifically, Defendants, and each of them, had notice of other similar injuries to similar persons under similar circumstances. Defendants had received multiple complaints and

## Attachment Page 5 of 5

claims for such injuries prior to the purchase of the PRODUCTS and before PLAINTIFF's injuries. Defendants also knew that continued sale and use of the PRODUCTS without adequate warnings would result in further injuries to persons such as PLAINTIFF.

47.     As a direct and proximate result of the Defendants' conduct, PLAINTIFF was injured and harmed. PLAINTIFF immediately sustained third degree burns to her lower extremities as a direct and proximate cause of the explosion from the PRODUCTS. PLAINTIFF was severely injured and has suffered and will continue to suffer severe pain, suffering, substantial disfigurement, embarrassment, inconvenience, scarring, anxiety, depression, psychological issues, and emotional distress.

48.     Further, PLAINTIFF was compelled to, and did, employ the services of hospitals, physicians, surgeons, nurses, and the like, to care for and treat her, and did incur hospital, medical, professional, and incidental expenses. PLAINTIFF is further informed and believes, and thereupon alleges, that by reason of her injuries, she will necessarily incur additional like expenses for an indefinite period of time in the future.

49.     Further, PLAINTIFF has been damaged in her loss of earnings and earning capacity due to her catastrophic injuries as a direct and proximate result of the explosion caused by the PRODUCTS. PLAINTIFF is expected to continue to lose income in the future and for the rest of her life.

Case 2:21-cv-06239-DMG-JC Document 1-1 Filed 08/04/21 Page 26 of 124 Page ID #:36

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Arash Homampour (SBN: 165407)/Danielle Lincors (SBN: 285508)<br>The Homampour Law Firm<br>15303 Ventura Blvd. Ste. 1450 Sherman Oaks, CA 91403<br><br>TELEPHONE NO.: (323)658-8077    FAX NO.: (323) 658-8477<br>ATTORNEY FOR *(Name)*: Plaintiff Jennifer A. Bandlow | *FOR COURT USE ONLY* |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   LOS ANGELES |
| STREET ADDRESS: 111 N. Hill St. |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Los Angeles, 90012 |
| BRANCH NAME: Stanley Mosk Courthouse |

| |
|---|
| CASE NAME:<br>Bandlow v. Net Health Shops, LLC, et al. |

| | | |
|---|---|---|
| **CIVIL CASE COVER SHEET**<br>[✓] Unlimited    [ ] Limited<br>(Amount      (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | **Complex Case Designation**<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>21STCV04978<br><br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [✓] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) |      condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve           in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action *(specify)*: TWO (2)
5. This case [ ] is   [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 8, 2021

Danielle Lincors                  ▶
_____             _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

| SHORT TITLE: Bandlow v. Net Health Shops, LLC, et al. | CASE NUMBER 21STCV04978 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☑ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, ⑪ |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Bandlow v. Net Health Shops, LLC, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Bandlow v. Net Health Shops, LLC, et al. | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: Bandlow v. Net Health Shops, LLC, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☑ 11. | ADDRESS: 510 S. Fuller Ave. |
|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90036 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central (Stanley Mosk Courthouse) District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: February 4, 2021

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

2018-SJ-007-00

1

2                                                                          **FILED**
                                                              Superior Court of California
3                                                                County of Los Angeles

4              SUPERIOR COURT OF THE STATE OF CALIFORNIA               **APR 16 2018**

5                    FOR THE COUNTY OF LOS ANGELES         Sherri R. Carter, Executive Officer/Clerk
                                                          By_____ Deputy
6                                                                     Stephanie Chung

7   IN RE PERSONAL INJURY            ) CASE NO.: 21STCV04978
    COURT ("PI COURT") PROCEDURES,   )
8   **CENTRAL DISTRICT**             ) STANDING ORDER RE: PERSONAL
    (EFFECTIVE APRIL 16, 2018)       ) INJURY PROCEDURES, CENTRAL
9                                    ) DISTRICT
                                     )
10  _____ )
                                     )
11

12

13              **DEPARTMENT:** 27  2☐   3☐   4☐   5☐  7☐

14              **FINAL STATUS CONFERENCE ("FSC"):**

15           • **DATE:** _____07/25/2022_____ **AT 10:00 A.M.**

16                              **TRIAL:**

17           • **DATE:** _____08/08/2022_____ **AT 8:30 A.M.**

18      **OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):**

19           • **DATE:** _____02/05/2024_____ **AT 8:30 A.M.**

20

21

22   TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

23      Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules

24   of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los

25   Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES

26   THE AUGUST 10, 2017 SEVENTH AMENDED GENERAL ORDER AND, GENERALLY,

27   ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION

28   PERSONAL INJURY ACTIONS FILED IN THE CENTRAL DISTRICT.

2018-SJ-007-00

1.      To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as:

> "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition."    (Local Rule 2.3(a)(1)(A).)

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

> A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death
>
> A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist
>
> A7260 Product Liability (not asbestos or toxic/environmental)
>
> A7210 Medical Malpractice – Physicians & Surgeons
>
> A7240 Medical Malpractice – Other Professional Health Care Malpractice
>
> A7250 Premises Liability (e.g., slip and fall)
>
> A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)
>
> A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

///

Page 2 of 8

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1    The Court sets the above dates in this action in the PI Court circled above (Department

2    2, 3, 4, 5, or 7) at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA 90012.

3    (C.R.C. Rules 3.714(b)(3), 3.729.)

4    **FILING OF DOCUMENTS**

5    2.    Parties may file documents in person at the filing window on the first floor of the Stanley

6    Mosk Courthouse (111 N. Hill Street, Los Angeles, CA 90012) or by U.S. Mail or e-Delivery,

7    which is available online at www.lacourt.org (link on homepage). Please note that filings are no

8    longer accepted via facsimile and must be filed either in person, via U.S. mail or via e-Delivery.

9    Claims involving an attorney-client fee dispute, documents in which the filing party is a minor,

10   legally incompetent person, or person for whom a conservator has been appointed, requests to

11   waive court fees (FW-001) and requests for accommodations by persons with disabilities (MC-

12   410), may not be filed via e-Delivery.

13   **SERVICE OF SUMMONS AND COMPLAINT**

14   3.    Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

15   soon as possible but no later than three years from the date when the complaint is filed.

16   (C.C.P. § 583.210, subd.(a).)  On the OSC re Dismissal date noted above, the PI Court will

17   dismiss the action and/or all unserved parties unless the plaintiff(s) show cause why the action

18   or the unserved parties should not be dismissed. (C.C.P. §§ 583.250; 581, subd. (b)(4).)

19   4.    The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate

20   service on defendant(s) of the summons and complaint within six months of filing the complaint.

21   5.    The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no

22   party appears for trial.

23   **STIPULATIONS TO CONTINUE TRIAL**

24   6.    Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P.

25   § 583.310), the parties may advance or continue any trial date in the PI Courts without showing

26   good cause or articulating any reason or justification for the change.  To continue or advance a

27   trial date, the parties (or their counsel of record) should jointly execute and submit (at the filing

28   window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery; fee

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1 required) a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form

2 LACIV CTRL-242, available on the court's website, Personal Injury Court link). The PI Courts

3 schedule FSCs for 10:00 a.m., eight (8) court days before the trial date. Parties seeking to

4 continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC

5 date. Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight

6 court days before the proposed advanced FSC date. (C.C.P. § 595.2; Govt. Code § 70617, subd.

7 (c)(2).) In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday

8 following a court holiday. Parties may submit a maximum of two stipulations to continue trial,

9 for a total continuance of six months. Subsequent requests to continue trial will be granted upon

10 a showing of good cause by noticed motion. This rule is retroactive so that any previously

11 granted stipulation to continue trial will count toward the maximum number of allowed

12 continuances.

13 **NO CASE MANAGEMENT CONFERENCES**

14 7.     The PI Courts do not conduct Case Management Conferences. The parties need not file

15 a Case Management Statement.

16 **LAW AND MOTION**

17 8.     Any documents with declarations and/or exhibits must be tabbed. (C.R.C. Rule

18 3.1110(f).) All depositions excerpts referenced in briefs must be marked on the transcripts

19 attached as exhibits. (C.R.C. Rule 3.1116(c).)

20 **CHAMBERS COPIES REQUIRED**

21 9.     In addition to filing original motion papers at the filing window on the first floor of the

22 Stanley Mosk Courthouse, via U.S. mail or via e-Delivery, the parties must deliver, directly to

23 the PI Court courtrooms at the Spring Street Courthouse, an extra copy (marked "Chambers

24 Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a

25 hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and

26 opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one

27 or more three-ring binders organizing the chambers copy behind tabs.

28 ///

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

**RESERVATION HEARING DATE**

10.    Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).   After reserving a motion hearing date, the reservation requestor must submit the papers for filing with the reservation receipt (CRS) number printed on the face page of the document under the caption and attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**WITHDRAWAL OF MOTIONS**

11.    California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not needlessly prepare tentative rulings on demurrers.

**DISCOVERY MOTIONS**

12.    The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes.  Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person.  The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.

13.    Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to Discovery will be heard unless the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an

2018-SJ-007-0(

1  IDC.

2   If parties do not stipulate to extend the deadlines, the moving party may file the motion

3  to avoid it being deemed untimely.    However, the IDC must take place before the motion is

4  heard so it is suggested that the moving party reserve a date for the motion hearing that is at least

5  60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery

6  Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance

7  the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

8  that complies with the notice requirements of the Code of Civil Procedure.

9  14. Parties are directed to reserve IDC dates in the PI Courts using CRS available online at

10  www.lacourt.org (link on homepage).  Parties are to meet and confer regarding the available

11  dates in CRS prior to accessing the system.  After reserving the IDC date, the reservation

12  requestor must file in the appropriate department and serve an Informal Discovery Conference

13  Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days

14  prior to the conference and attach the CRS reservation receipt as the last page.  The opposing

15  party may file and serve a responsive IDC form, briefly setting forth that party's response, at

16  least 10 court days prior to the IDC.

17  15. Time permitting, the PI Hub judges may be available to participate in IDCs to try to

18  resolve other types of discovery disputes.

19  **EX PARTE APPLICATIONS**

20  16. Under the California Rules of Court, courts may only grant *ex parte* relief upon a

21  showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

22  "immediate danger," or where the moving party identifies "a statutory basis for granting relief

23  ex parte." (C.R.C. Rule 3.1202(c).) The PI Courts have no capacity to hear multiple *ex parte*

24  applications or to shorten time to add hearings to their fully booked motion calendars.  The PI

25  Courts do not regard the Court's unavailability for timely motion hearings as an "immediate

26  danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*

27  relief, the moving party should reserve the earliest available motion hearing date (even if it is

28  after the scheduled trial date) and should file a motion to continue trial.  Parties should also check

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1   the Court Reservation System from time to time because earlier hearing dates may become
2   available as cases settle or hearings are taken off calendar.

3   **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

4   17.    Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C")
5   Court shall file (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S.
6   mail or via e-Delivery) and serve the Court's "Motion to Transfer Complicated Personal Injury
7   Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under
8   the PI Courts link).   The PI Courts will transfer a matter to an I/C Court if the case is not a
9   "Personal Injury" case as defined in this Order, or if it is "complicated." In determining whether
10  a personal injury case is "complicated" the PI Courts will consider, among other things, the
11  number of pretrial hearings or the complexity of issues presented.

12  18.    Parties opposing a motion to transfer have five court days to file (at the filing window
13  on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) an Opposition
14  (using the same LACIV 238 Motion to Transfer form).

15  19.    The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court.
16  Although the parties may stipulate to transfer a case to an Independent Calendar Department, the
17  PI Courts will make an independent determination whether to transfer the case or not.

18  **FINAL STATUS CONFERENCE**

19  20.    Parties shall comply with the requirements of the PI Courts' "First Amended Standing
20  Order Re Final Status Conference," which shall be served with the summons and complaint.

21  **JURY FEES**

22  21.    Parties must pay jury fees no later than 365 calendar days after the filing of the initial
23  complaint. (C. C. P. § 631, subds. (b) and (c).)

24  **JURY TRIALS**

25  22.    The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the
26  Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One
27  will assign cases out for trial to dedicated Civil Trial Courtrooms and designated Criminal
28  Courtrooms.

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

**SANCTIONS**

23.    The Court has discretion to impose sanctions for any violation of this general order. (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

Dated: *April 16, 2018*                    *Debre K Weintraub*

Debre K. Weintraub
Supervising Judge of Civil Courts
Los Angeles Superior Court

Standing Order Re Personal Injury Procedures, Central District

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/02/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ S. Martinez _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Jennifer A. Bandlow | |
| DEFENDANT/RESPONDENT:<br>Net Health Shops, LLC et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV04978 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the PI General Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.


Arash Homampour
The Homampour Law Firm PC
15303 Ventura Blvd
Ste 1450
Sherman Oaks, CA 91403




Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 03/2/2021                    By: _S. Martinez_____
                                        Deputy Clerk


**CERTIFICATE OF MAILING**

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk

By_____ Deputy
Corena Albina

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

IN RE PERSONAL INJURY
COURT ("PI COURT") PROCEDURES
SPRING STREET COURTHOUSE
(EFFECTIVE FEBRUARY 24, 2020)

) CASE NO.:
)
) FIRST AMENDED STANDING ORDER
) RE: PERSONAL INJURY PROCEDURES
) AT THE SPRING STREET COURTHOUSE

---

**ALL HEARINGS ARE SET IN THE DEPARTMENT AS
REFLECTED IN THE NOTICE OF CASE ASSIGNMENT**

**FINAL STATUS CONFERENCE:**

DATE: _____ AT 10:00 A.M.

**TRIAL:**

DATE: _____ AT 8:30 A.M.

**OSC RE DISMISSAL
(CODE CIV. PROC., § 583.210):**

DATE: _____ AT 8:30 A.M.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of

Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles

Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE

SEPTEMBER 26, 2019 STANDING ORDER AND, GENERALLY ORDERS AS FOLLOWS

IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ("PI")

ACTIONS FILED IN THE CENTRAL DISTRICT.

///

Page 1 of 7

1.    To ensure proper assignment to a PI Court, plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as: "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition" (Local Rule 2.3(a)(1) (A)).

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) checks any of the following boxes in the Civil Case Cover Sheet Addendum:

☐   A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

☐   A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist

☐   A7260 Product Liability (not asbestos or toxic/environmental)

☐   A7210 Medical Malpractice – Physicians & Surgeons

☐   A7240 Medical Malpractice – Other Professional Health Care Malpractice

☐   A7250 Premises Liability (e.g., slip and fall)

☐   A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)

☐   A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) checks any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

The Court sets the above dates in this action in the PI Court as reflected in the Notice of Case Assignment at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA

1  90012 (C.R.C. Rules 3.714(b)(3), 3.729).

2  **FILING OF DOCUMENTS**

3  2.       With the exception of self-represented litigants or parties or attorneys that have obtained

4  an exemption from mandatory electronic filing, parties must electronically file documents.

5  Filings are no longer accepted via facsimile. The requirements for electronic filing are detailed

6  in the Court's operative General Order Re Mandatory Electronic Filing for Civil, available online

7  at www.lacourt.org (link on homepage).

8  **SERVICE OF SUMMONS AND COMPLAINT**

9  3.       Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

10  soon as possible but no later than three years from the date when the complaint is filed

11  (C.C.P. § 583.210, subd. (a)).  On the OSC re Dismissal date noted above, the PI Court will

12  dismiss the action and/or all unserved parties unless the plaintiff(s) shows cause why the action

13  or the unserved parties should not be dismissed (C.C.P. §§ 583.250; 581, subd. (b)(4)).

14  4.       The Court sets the above trial and final status conference ("FSC") dates on the condition

15  that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six

16  months of filing the complaint.

17  5.       The PI Court will dismiss the case without prejudice pursuant to Code of Civil Procedure

18  § 581 when no party appears for trial.

19  **STIPULATIONS TO CONTINUE TRIAL**

20  6.       Provided that all parties agree (and there is no violation of the "five-year rule" (C.C.P.

21  § 583.310)), the parties may advance or continue any trial date in the PI Courts without showing

22  good cause or articulating any reason or justification for the change.  To continue or advance a

23  trial date, the parties (or their counsel of record) should jointly execute and submit a Stipulation

24  to Continue Trial, FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available

25  on the court's website, Personal Injury Court link). The PI Courts schedule FSCs at 10:00 a.m.,

26  eight court days before the trial date. Parties seeking to continue the trial and FSC dates shall

27  file the stipulation at least eight court days before the FSC date.  Parties seeking to advance the

28  trial and FSC dates shall file the stipulation at least eight court days before the proposed advanced

1    FSC date (C.C.P. § 595.2;  Govt. Code § 70617, subd. (c)(2)). In selecting a new trial date,
2    parties should avoid setting on any Monday, or the Tuesday following a court holiday. Parties
3    may submit a maximum of two stipulations to continue trial, for a total continuance of six
4    months. Subsequent requests to continue trial will be granted upon a showing of good cause by
5    noticed motion.  This rule is retroactive so that any previously granted stipulation to continue
6    trial will count toward the maximum number of allowed continuances.

7    **NO CASE MANAGEMENT CONFERENCES**

8    7.      The PI Courts do not conduct case management conferences.  The parties need not file a
9    Case Management Statement.

10   **LAW AND MOTION**

11   8.      Any and all electronically-filed documents must be text searchable and bookmarked.
12   (*See* operative General Order re Mandatory Electronic Filing in Civil).

13   **COURTESY COPIES REQUIRED**

14   9.      Pursuant to the operative General Order re Mandatory Electronic Filing, courtesy
15   copies of certain documents must be submitted directly to the PI Court courtrooms at the
16   Spring Street Courthouse.  The PI Courts also strongly encourage the parties filing and
17   opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one
18   or more three-ring binders organizing the courtesy copy behind tabs.  Any courtesy copies of
19   documents with declarations and/or exhibits must be tabbed (C.R.C. Rule 3.1110(f)).  All
20   deposition excerpts referenced in briefs must be marked on the transcripts attached as exhibits
21   (C.R.C. Rule 3.1116(c)).

22   **RESERVATION HEARING DATE**

23   10.     Parties must reserve hearing dates for motions in the PI Courts using the Court
24   Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).  After
25   reserving a motion hearing date, the reservation requestor must submit the papers for filing with
26   the reservation receipt number printed on the face page of the document under the caption and
27   attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize the
28   online CRS may reserve a motion hearing date by calling the PI courtroom, Monday through

1   Friday, between 3:00 p.m. and 4:00 p.m.

2   **WITHDRAWAL OF MOTIONS**

3   11.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court
4   immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the
5   PI Courts require parties to comply with Code of Civil Procedure section 472(a) with regard to
6   the amending of pleadings related to demurrers or motions to strike so that the PI Courts do not
7   needlessly prepare tentative rulings for these matters.

8   **DISCOVERY MOTIONS**

9   12.     The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to
10  resolve and/or narrow the scope of discovery disputes. Lead trial counsel on each side, or another
11  attorney with full authority to make binding agreements, must attend in person. The PI judges
12  have found that, in nearly every case, the parties amicably resolve disputes with the assistance
13  of the Court.

14  13.     Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to
15  Discovery will be heard unless the moving party submits evidence, by way of declaration, that
16  the opposing party has failed or refused to participate in an IDC. Scheduling or participating in
17  an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for
18  noticing and filing discovery motions. Ideally, the parties should participate in an IDC before a
19  motion is filed because the IDC may avoid the necessity of a motion or reduce its scope. Because
20  of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for
21  filing a motion to compel further discovery responses in order to allow time to participate in an
22  IDC.

23          If parties do not stipulate to extend the deadlines, the moving party may file the motion
24  to avoid it being deemed untimely.   However, the IDC must take place before the motion is
25  heard so it is suggested that the moving party reserve a date for the motion hearing that is at least
26  60 days after the date when the IDC reservation is made. Motions to Compel Further Discovery
27  Responses are heard at 10:00 a.m. If the IDC is not productive, the moving party may advance
28  the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

1  │ that complies with the notice requirements of the Code of Civil Procedure.

2  │ 14.    Parties must reserve IDC dates in the PI Courts using CRS, which is available online at
3  │ www.lacourt.org (link on homepage). Parties must meet and confer regarding the available dates
4  │ in CRS prior to accessing the system. After reserving the IDC date, the reservation requestor
5  │ must file and serve an Informal Discovery Conference Form for Personal Injury Courts (form
6  │ LACIV 239) at least 15 court days prior to the conference and attach the CRS reservation receipt
7  │ as the last page. The opposing party may file and serve a responsive IDC form, briefly setting
8  │ forth that party's response, at least ten court days prior to the IDC.

9  │ 15.    Time permitting, the PI Hub judges may be available to participate in IDCs to try to
10 │ resolve other types of discovery disputes.

11 │ **EX PARTE APPLICATIONS**

12 │ 16.    Under the California Rules of Court, courts may only grant *ex parte* relief upon a
13 │ showing, by admissible evidence, that the moving party will suffer "irreparable harm,"
14 │ "immediate danger," or where the moving party identifies "a statutory basis for granting relief
15 │ ex parte" (C.R.C. Rule 3.1202(c)). The PI Courts have no capacity to hear multiple *ex parte*
16 │ applications or to shorten time to add hearings to their fully booked motion calendars. The PI
17 │ Courts do not regard the Court's unavailability for timely motion hearings as an "immediate
18 │ danger" or threat of "irreparable harm" justifying *ex parte* relief. Instead of seeking *ex parte*
19 │ relief, the moving party should reserve the earliest available motion hearing date (even if it is
20 │ after the scheduled trial date) and file a motion to continue trial. Parties should also check
21 │ CRS from time to time because earlier hearing dates may become available as cases settle or
22 │ hearings are taken off calendar.

23 │ **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

24 │ 17.    Parties seeking to transfer a case from a PI Court to an Independent Calendar ("IC")
25 │ Court shall file and serve the Court's "Motion/Opposition/Stipulation to Transfer Complicated
26 │ Personal Injury Case to Independent Calendar Court" (form LACIV 238, available on the Court's
27 │ website under the PI Courts link). The PI Courts will transfer a matter to an IC Court if the case
28 │ is not a "Personal Injury" case as defined in this Order, or if it is "complicated." In determining

1  whether a personal injury case is "complicated" the PI Courts will consider, among other things,

2  the number of pretrial hearings or the complexity of issues presented.

3  18.    Parties opposing a motion to transfer have five court days to file an Opposition (using

4  the same LACIV 238 Motion to Transfer form).

5  19.    The PI Courts will not conduct a hearing on any Motion to Transfer to IC Court. Although

6  the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts

7  will make an independent determination whether to transfer the case or not.

8  **FINAL STATUS CONFERENCE**

9  20.    Parties shall comply with the requirements of the PI Courts' operative Standing Order

10  Re Final Status Conference, which shall be served with the summons and complaint.

11  **JURY FEES**

12  21.    Parties must pay jury fees no later than 365 calendar days after the filing of the initial

13  complaint (C. C. P. § 631, subd. (c)(2)).

14  **JURY TRIALS**

15  22.    The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the

16  Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One

17  will assign cases for trial to dedicated Civil Trial Courtrooms and designated Criminal

18  Courtrooms.

19  **SANCTIONS**

20  23.    The Court has discretion to impose sanctions for any violation of this general order

21  (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b)).

22

23

24  Dated:  Feb. 24, 2020

25  SAMANTHA P. JESSNER
    Supervising Judge of Civil Courts

26

27

28

1

2

3    **FILED**
     Superior Court of California
     County of Los Angeles

     FEB 24 2020

4    Sherri R. Carter, Executive Officer/Clerk
     By_____ Deputy
5        Lorena Albino

6

2020-SJ-004-00

7    ## SUPERIOR COURT OF THE STATE OF CALIFORNIA

8    ## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

9

10

11   | IN RE PERSONAL INJURY CASES | ) | THIRD AMENDED STANDING ORDER |
     | ASSIGNED TO THE PERSONAL INJURY | ) | RE: FINAL STATUS CONFERENCE, |
12   | COURTS AT THE SPRING STREET | ) | PERSONAL INJURY ("PI") COURTS |
     | COURTHOUSE | ) | (Effective January 13, 2020) |
13   | | ) | |

14   The dates for Trial and the Final Status Conference ("FSC") having been set in this matter,

15   the **COURT HEREBY AMENDS AND SUPERSEDES ITS August 9, 2019 STANDING**

16   **ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND,**

17   **GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL**

18   **JURISDICTION PERSONAL INJURY ACTIONS:**

19

20   **1.    PURPOSE OF THE FSC**

21   The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed

22   with trial continuously and efficiently, from day to day, until verdict.  The PI Courts will verify at the

23   FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2)

24   met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the

25   authentication and admissibility of exhibits.

26   ///

27   ///

28   ///

2.    **TRIAL DOCUMENTS TO BE FILED**

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file the following Trial Readiness Documents:

A.    **TRIAL BRIEFS (OPTIONAL)**

Each party/counsel may, but is not required to, file a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

B.    **MOTIONS IN LIMINE**

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion in limine shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

C.    **JOINT STATEMENT TO BE READ TO THE JURY**

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury (Local Rule 3.25(g)(4)).

D.    **JOINT WITNESS LIST**

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call, excluding impeachment and rebuttal witnesses (Local Rule 3.25(g)(5)). The joint witness list shall identify each witness by name, specify which witnesses are experts, estimate the length of the direct, cross examination and re-direct examination (if any) of each, and include a total of the number of hours for all witness testimony. The parties/counsel shall identify all potential witness scheduling issues and special requirements. Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

Page 2 of 5

### E. LIST OF PROPOSED JURY INSTRUCTIONS
### (JOINT AND CONTESTED)

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any. The List of Proposed Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

### F. JURY INSTRUCTIONS
### (JOINT AND CONTESTED)

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions and insert party name(s) and eliminate blanks, brackets, and irrelevant material. The parties/counsel shall prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party).

### G. JOINT VERDICT FORM(S)

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides (Local Rule 3.25(g)(8)). If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

### H. JOINT EXHIBIT LIST

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit. The parties/counsel shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

### I. PAGE AND LINE DESIGNATION FOR
### DEPOSITION AND FORMER TESTIMONY

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following: 1) the page and line designations of the deposition or

Page 3 of 5

1 | former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto,
2 | and 5) the Court's ruling.

3 | **3.      EVIDENTIARY EXHIBITS**

4 |         The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at
5 | the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits,
6 | organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the
7 | witnesses).  The parties/counsel shall mark all non-documentary exhibits and insert a simple written
8 | description of the exhibit behind the corresponding numerical tab in the exhibit binder.  If the parties
9 | have a joint signed exhibit list and electronic copies of their respective exhibits, then the
10 | parties/counsel will not be required to produce exhibit binders at the FSC.  However, the exhibit
11 | binders will be required by the assigned trial judge when the trial commences.  In the absence of
12 | either a joint signed exhibit list or electronic copies, exhibit binders will be required to be produced
13 | by all parties/counsel at the FSC.

14 | **4.      TRIAL BINDERS REQUIRED IN THE PI COURTS**

15 |         The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the
16 | following for inspection at the FSC) the Trial Documents consisting of conformed copies (if
17 | available), tabbed and organized into three-ring binders with a table of contents that includes the
18 | following:

| | | |
|---|---|---|
| 19 | Tab A: | Trial Briefs (Optional) |
| 20 | Tab B: | Motions in Limine |
| 21 | Tab C: | Joint Statement to Be Read to the Jury |
| 22 | Tab D: | Joint Witness List |
| 23 | Tab E: | Joint List of Jury Instructions (identifying the agreed upon and contested |
| 24 | | instructions) |
| 25 | Tab F: | Joint and Contested Jury Instructions |
| 26 | Tab G: | Joint and/or Contested Verdict Form(s) |
| 27 | Tab H: | Joint Exhibit List |

28 |

Page 4 of 5

1      Tab I:      Joint Chart of Page and Line Designation(s) for Deposition and

2                 Former Testimony

3      Tab J:      Copies of the Current Operative Pleadings (including the operative complaint,

4                 answer, cross-complaint, if any, and answer to any cross-complaint).

5      The parties/counsel shall organize motions in limine (tabbed in numerical order) behind Tab

6 B with the opposition papers and reply papers for each motion placed directly behind the moving

7 papers. The parties shall organize proposed jury instructions behind Tab F, with the agreed upon

8 instructions first in order followed by the contested instructions (including special instructions)

9 submitted by each side.

10 **5.      FAILURE TO COMPLY WITH FSC OBLIGATIONS**

11      The court has discretion to require any party/counsel who fails or refuses to comply with this

12 Amended Standing Order to Show Cause why the Court should not impose monetary, evidentiary

13 and/or issue sanctions (including the entry of a default or the striking of an answer).

14

15

16 Dated: _Feb. 24, 2020_

                              SAMANTHA P. JESSNER
17                               Supervising Judge of Civil Courts

18

19

20

21

22

23

24

25

26

27

28

2020-SJ-003-00

**FILED**
Superior Court of California
County of Los Angeles

**FEB 24 2020**

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Corina Albino

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

IN RE PERSONAL INJURY CASES
ASSIGNED TO PERSONAL INJURY
COURTROOMS AT THE SPRING
STREET COURTHOUSE

)  FIFTH AMENDED STANDING ORDER
)  RE:  MANDATORY SETTLEMENT
)  CONFERENCE
)  (Effective February 24, 2020)
)
_____  )

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

**Pursuant to California Code of Civil Procedure, the California Rules of Court and the Los Angeles Court Rules, the Los Angeles Superior Court ("Court") HEREBY AMENDS AND SUPERSEDES THE September 26, 2019 FOURTH AMENDED STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING FIFTH AMENDED STANDING ORDER:**

The Court orders the parties to participate in a Mandatory Settlement Conference ("MSC") supervised by a Personal Injury Court Judge and staffed by volunteer settlement attorneys from the American Board of Trial Advocates, the Association of Southern California Defense Counsel, and the Consumer Attorneys Association of Los Angeles.

1. Plaintiff's counsel shall, within two (2) court days of the Court's order of an MSC, access the Consumer Attorneys Association of Los Angeles ("CAALA") website, at www.caala.org, and under "The LASC COURT CONNECTION" click on "LA Superior Court PI MSC (Parties)," to register and schedule a mutually agreed upon time for the MSC prior to the trial date.

2. A mandatory settlement conference statement shall be served on all parties not less than five (5) court days before the scheduled MSC. Parties' counsel shall serve

1

opposing counsel, CAALA at stuart@caala.org, and the Court by email. Email addresses for the PI courtrooms can be found on the Court's website at www.lacourt.org, under "*Division*" go to "*Civil*", then go to "*General Jurisdiction PI Court*" then click on "*PI Courtroom Email Addresses*". CAALA will forward the mandatory settlement conference statements to the settlement attorneys.

3. Pursuant to California Rules of Court, Rule 3.1380(b) and Los Angeles Superior Court Rule 3.25(d), trial counsel, the parties and persons, including insurance company representatives with full settlement authority, must attend in person unless the settlement judge excuses personal appearance for good cause.

4. If the case settles prior to the scheduled MSC, Plaintiff's counsel shall notify the specific Courtroom, forthwith, of such settlement by email and also CAALA by email to stuart@caala.org.

5. Parties and counsel are ordered to appear in in the assigned Personal Injury Courtroom at the scheduled time and date of the MSC as selected by the parties' counsel.

6. The Court has the discretion to require any party and/or counsel who fails or refuses to comply with this order to show cause why the Court should not impose monetary sanctions.

Dated: ___Feb. 24, 2020___

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in
the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                          (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):                    FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i.  File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i.  Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new)

| SHORT TITLE: | CASE NUMBER |
|---|---|
|  |  |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1.  This document relates to:

    ☐    Request for Informal Discovery Conference
    ☐    Answer to Request for Informal Discovery Conference

2.  Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3.  Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4.  **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY. | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

LACIV 075 (new)
LASC Approved 04/11

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 2 of 2

## Superior Court of California, County of Los Angeles

> ## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
>
> **THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**
>
> **CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
- **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
- **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
  - Only MCLA provides mediation in person, by phone and by videoconference.

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
- Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
  - Free, day- of- trial mediations at the courthouse. No appointment needed.
  - Free or low-cost mediations before the day of trial.
  - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
    http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/CI0047.aspx

**Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Spring Street Courthouse 312 North Spring Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles 02/08/2021 Sherri R. Carter, Executive Officer / Clerk of Court By: H. Flores-Hernandez Deputy |
| **NOTICE OF CASE ASSIGNMENT** **UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER: 21STCV04978 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Edward B. Moreton | 27 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record        Sherri R. Carter, Executive Officer / Clerk of Court

on 02/09/2021 _____
        (Date)                                                  By H. Flores-Hernandez _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06                **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Electronically FILED by Superior Court of California, County of Los Angeles on 02/08/2021 02:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

1 | THE HOMAMPOUR LAW FIRM, PC
2 | ARASH HOMAMPOUR (State Bar No. 165407)
DANIELLE LINCORS (State Bar No. 285508)
3 | 15303 Ventura Boulevard, Suite 1450
Sherman Oaks, California 91403
Phone: (323) 658-8077 | Fax: (323) 658-8477
4 |
5 | BRIAN T. DUNN, ESQ. (SBN 176502)
MARCELIS E. MORRIS (SBN 291972)
6 | THE COCHRAN FIRM - CALIFORNIA
4929 Wilshire Boulevard, Suite 1010
7 | Los Angeles, California 90010-3856
Phone: (323) 435-8205 | Fax: (323) 282-5280
8 | Attorneys for Plaintiff JENNIFER A. BANDLOW
9 |
10 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
11 | **COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE**
12 |

(left margin, vertical text) THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

13 | JENNIFER A. BANDLOW, an individual; )  **CASE NO:** 21STCV04978
14 | Plaintiff,                          )  **DEMAND FOR JURY TRIAL**
15 | v.                                   )
16 | NET HEALTH SHOPS, LLC, dba )
SUNNYDAZE DECOR and dba )
17 | SERENITY HEALTH & HOME DECOR; )
AMAZON.COM INTERNATIONAL, INC., )
18 | a Delaware corporation; SRMX CAPITAL, )
LLC, a Florida limited liability company; )
19 | BLUWORLD OF WATER, LLC, a Florida )
limited liability company; and DOES 1 )
20 | through 50, inclusive,               )
21 | Defendants.                          )
22 |
23 |
24 | \\\
25 | \\\
26 | \\\
27 | \\\
28 | \\\

*Demand for Jury Trial – Page 1*

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Jennifer A. Bandlow hereby requests a trial by jury in this matter.

DATED:      February 8, 2021          THE HOMAMPOUR LAW FIRM
                                      A Professional Law Corporation

                              By:     _____
                                      Arash Homampour,
                                      Danielle Lincors,
                                      Attorneys for Plaintiff,
                                      JENNIFER A. BANDLOW

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

*Demand for Jury Trial – Page 2*

Electronically FILED by Superior Court of California, County of Los Angeles on 02/11/2021 02:11 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Ismael, Deputy Clerk

THE HOMAMPOUR LAW FIRM, PC
ARASH HOMAMPOUR (State Bar No. 165407)
DANIELLE LINCORS (State Bar No. 285508)
15303 Ventura Boulevard, Suite 1450
Sherman Oaks, California 91403
Phone: (323) 658-8077 | Fax: (323) 658-8477

BRIAN T. DUNN, ESQ. (SBN 176502)
MARCELIS E. MORRIS (SBN 291972)
THE COCHRAN FIRM - CALIFORNIA
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010-3856
Phone: (323) 435-8205 | Fax: (323) 282-5280

Attorneys for Plaintiff JENNIFER A. BANDLOW

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE

| | |
|---|---|
| JENNIFER A. BANDLOW, an individual; )<br><br>Plaintiff, )<br><br>v. )<br><br>NET HEALTH SHOPS, LLC, dba )<br>SUNNYDAZE DECOR and dba )<br>SERENITY HEALTH & HOME DECOR; )<br>AMAZON.COM INTERNATIONAL, )<br>INC., a Delaware corporation; SRMX )<br>CAPITAL, LLC, a Florida limited liability )<br>company; BLUWORLD OF WATER, )<br>LLC, a Florida limited liability company; )<br>and DOES 1 through 50, inclusive, )<br><br>Defendants. )<br>_____ ) | **CASE NO.: 21STCV04978**<br><br>**PLAINTIFF'S NOTICE OF POSTING JURY FEES**<br><br>Trial Date: August 8, 2022<br><br>_____<br>*Complaint filed on February 8, 2021*<br>*Case Assigned to Judge Moreton, Dept. 27*<br>_____ |

\\\
\\\
\\\
\\\
\\\

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

      PLEASE TAKE NOTICE that Plaintiff JENNIFER A. BANDLOW, hereby post jury fees in this matter.

DATED:     February 11, 2021         THE HOMAMPOUR LAW FIRM
                                  A Professional Law Corporation

By: _____
        Arash Homampour, Esq.
        Danielle Lincors, Esq.
        Attorneys   for   Plaintiff   KATELYN
        SANCHEZ

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

*Plaintiff's Notice of Posting Jury Fees – Page 2*

Electronically FILED by Superior Court of California, County of Los Angeles on 03/09/2021 10:19 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Tang, Deputy Clerk

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>ARASH HOMAMPOUR / DANIELLE LINCORS<br>THE HOMAMPOUR LAW FIRM<br>15303 Ventura Bl., Suite 1450, Sherman Oaks, CA 91403<br>T: (323) 658-8077; F: (323) 658-8477 | STATE BAR NUMBER<br>165407 & 285508 | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name): Plaintiff Jennifer Bandlow

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
312 N. Spring St., Los Angeles, CA 90012

PLAINTIFF:
Jennifer Bandlow

DEFENDANT:
Net Health Shops, LLC, et al.

| AMENDMENT TO COMPLAINT<br>(Fictitious /Incorrect Name) | CASE NUMBER:<br>21STCV04978 |
|---|---|

☑ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME

DOE 1

and having discovered the true name of the defendant to be:

TRUE NAME

AMAZON.COM, INC.

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE<br>March 9, 2021 | TYPE OR PRINT NAME<br>Danielle Lincors | SIGNATURE OF ATTORNEY |
|---|---|---|

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____          _____
Dated                                        Judicial Officer

**AMENDMENT TO COMPLAINT**
**(Fictitious / Incorrect Name)**

Code Civ. Proc., §§ 471.5,
472, 473, 474

Electronically Received 03/09/2021 10:19 AM

**CIV-050**

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):<br>Arash Homampour (State Bar #165407)<br>Danielle Lincors (State Bar #285508)<br>The Homampour Law Firm, PC<br>15303 Ventura Blvd. Suite 1450<br>Sherman Oaks , CA 91403<br>ATTORNEY FOR (name): Plaintiff Jennifer A. Bandlow | TELEPHONE NO.:<br>(323) 658-8077<br>FAX NO.:<br>(323) 658-8477 | FOR COURT USE ONLY |
|---|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Spring Street Courthouse

PLAINTIFF: Jennifer A. Bandlow
DEFENDANT: Net Health Shops, LLC, et al.

| **STATEMENT OF DAMAGES**<br>**(Personal Injury or Wrongful Death)** | CASE NUMBER: |
|---|---|

To (name of one defendant only): Bluworld of Water, LLC a Florida limited liability company
Plaintiff (name of one plaintiff only): Jennifer A. Bandlow
seeks damages in the above-entitled action, as follows:

AMOUNT

1. **General damages**
   a. [X] Pain, suffering, and inconvenience ................................................................................... $ 50,000,000
   b. [X] Emotional distress. ............................................................................................................. $ 50,000,000
   c. [ ] Loss of consortium ............................................................................................................. $
   d. [ ] Loss of sociey and companionship (wrongful death actions only) ..................................... $
   e. [ ] Other (specify) ..................................................................................................................... $
   f. [ ] Other (specify) ..................................................................................................................... $
   g. [ ] Continued on Attachment 1.g.

2. **Special damages**
   a. [X] Medical expenses (to date) ................................................................................................ $ 1,000,000
   b. [X] Future medical expenses (present value) .......................................................................... $ 10,000,000
   c. [X] Loss of earnings (to date) ................................................................................................. $ 50,000,000
   d. [X] Loss of future earning capacity (present value) ............................................................... $ 50,000,000
   e. [ ] Property damage ................................................................................................................ $
   f. [ ] Funeral expenses (wrongful death actions only) ............................................................... $
   g. [ ] Future contributions (present value) (wrongful death actions only) .................................... $
   h. [ ] Value of personal service, advice, or training (wrongful death actions only) ..................... $
   i. [ ] Other (specify) ..................................................................................................................... $
   j. [ ] Other (specify) ..................................................................................................................... $
   k. [ ] Continued on Attachment 2.k.

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (specify).. $
   when pursuing a judgment in the suit filed against you.

Date: March 10, 2021

Arash Homampour
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115<br>www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

**Craig A. Roeb, Esq., Bar No. 131316**
**David A Napper, Esq., Bar No. 271464**
**CHAPMAN GLUCKSMAN DEAN & ROEB**
A PROFESSIONAL CORPORATION
11900 WEST OLYMPIC BOULEVARD, SUITE 800
LOS ANGELES, CALIFORNIA 90064-0704
TEL: (310) 207-7722 • FAX:  (310) 207-6550
croeb@cgdrlaw.com
dnappeer@cgdrlaw.com
service@cgdrlaw.com

Attorneys for Defendant, NET HEALTH SHOPS, LLC, dba SUNNYDAZE DECOR and dba SERENITY HEALTH & HOME DECOR

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES (SPRING STREET COURTHOUSE)

| | |
|---|---|
| JENNIFER A. BANDLOW, | Case No.:  21STCV04978 |
| Plaintiff, | Complaint Filed: February 08, 2021 |
| v. | Reassigned for All Purposes to Hon. Judge Serena Murillo Dept.:  29 |
| NET HEALTH SHOPS, LLC, dba SUNNYDAZE DECOR and dba SERENITY HEALTH & HOME DECOR; AMAZON.COM INTERNATIONAL, INC., a Delaware corporation; SRMX CAPITAL, LLC, a Florida limited liability company; BLUWORLD OF WATER, LLC, a Florida limited liability company; and DOES 1 through 50, inclusive; | **ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** |
| Defendants. | **FSC DATE:    07/25/2022** **TRIAL DATE: 08/08/2022** |

Defendant, **NET HEALTH SHOPS, LLC, dba SUNNYDAZE DECOR and dba SERENITY HEALTH & HOME DECOR** (hereinafter "answering defendant"), hereby responds to the unverified Complaint ("complaint" herein) of plaintiff, JENNIFER A. BANDLOW (hereinafter "plaintiff"), as follows:

///

///

<u>**ANSWER**</u>

1.      Pursuant to California *Code of Civil Procedure* §431.30(d), answering defendant denies each and every allegation of plaintiff's complaint and the whole thereof, and further denies that plaintiff has been damaged in any sum alleged, or in any sum whatsoever.

2.      Answering defendant further denies that plaintiff was damaged in any sum alleged or in any sum whatsoever from any act, omission, fault, conduct or liability on the part of answering defendant, whether negligent, careless, unlawful, or of any nature alleged or otherwise.

3.      Answering defendant further denies that it was in any way negligent, careless, reckless, wanton or unlawful, *vis-a-vis* the incident that allegedly gives rise to this lawsuit.

4.      Answering defendant further alleges the following affirmative defenses, in response to plaintiff's Complaint:

**AFFIRMATIVE DEFENSES:**

**FIRST AFFIRMATIVE DEFENSE**

1.      **Failure to State a Cause of Action.** Plaintiff's Complaint, and each and every purported cause of action alleged therein, fails to state a claim upon which relief may be granted against answering defendant.

**SECOND AFFIRMATIVE DEFENSE**

2.      **Statute of Limitations.** Plaintiff's complaint, and each and every purported cause of action alleged therein, is barred by applicable statutes of limitation, including without limitation California *Code of Civil Procedure* sections 335.1, *et seq., et al.*

**THIRD AFFIRMATIVE DEFENSE**

3.      **Failure to Mitigate.** Plaintiff had failed and neglected to mitigate his alleged damages, and is therefore barred from any recovery against answering defendant.

**FOURTH AFFIRMATIVE DEFENSE**

4.      **Contribution/Comparative Fault.** Plaintiff's alleged damages, if any, were the direct and proximate result of the negligence of parties, persons, businesses, corporations and/or

**ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

entities other than answering defendant. Accordingly, any liability of answering defendant is limited only and in direct proportion to the percentage of fault, if any, attributable to answering defendant.

## FIFTH AFFIRMATIVE DEFENSE

5.      **Contributory Negligence.** Plaintiff was negligent, careless, reckless and conducted themselves so as to directly and proximately contribute to the occurrence of the incident, which negligence, carelessness, recklessness, and conduct bars plaintiff's recovery of any relief or damages against answering defendant.

## SIXTH AFFIRMATIVE DEFENSE

6.      **Estoppel.** Plaintiff engaged in conduct and activities that estop and bar plaintiff from recovering any relief or damages against answering defendant.

## SEVENTH AFFIRMATIVE DEFENSE

7.      **Waiver.** Plaintiff engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, act, omission or any other alleged conduct, if any, alleged against answering defendant.

## EIGHTH AFFIRMATIVE DEFENSE

8.      **Intervening/Superseding.** Plaintiff's alleged damages, if any, was proximately caused by or contributed to by the acts or conduct of other defendants, cross-defendants, persons and/or other entities, and that said acts or conduct were an intervening and superseding cause of the damages, if any, of which plaintiff complained, thus barring plaintiff from any recovery against answering defendant.

## NINTH AFFIRMATIVE DEFENSE

9.      **Assumption of the Risk.**  At all relevant times, plaintiff expressly, voluntarily, and knowingly assumed all risks about which plaintiff complains in its unverified complaint. Consequently, such assumption of the risk now bars plaintiff from recovering any relief or damages against answering defendant.

## TENTH AFFIRMATIVE DEFENSE

10.     **Active/Primary Liability.** Plaintiff's actions and conduct as alleged and described in plaintiff's complaint, was such that any and all liability based thereon was active and primary,

**ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

thereby barring any relief or recovery against answering defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

11.    **Laches.** Plaintiff waited an extended and unreasonable period of time before asserting claims against answering defendant. Therefore, plaintiff is barred from asserting such late and stale claims, or from recovering any relief or damages against answering defendant.

### TWELFTH AFFIRMATIVE DEFENSE

12.    **Unclean Hands.** Plaintiff is barred from recovering any relief or damages from answering defendant due to plaintiff's unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.    **Justifiable Conduct.** The conduct of answering defendant in regard to the matters alleged in plaintiff's complaint were justified. Plaintiff is therefore barred from any relief or recovery against defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.    **Complete Performance.**  Answering defendant properly, completely and fully performed and discharged any and all obligations and duties arising from the matters alleged in plaintiff's complaint. Plaintiff is therefore barred from any relief or damages from answering defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.    **Unintended/Abnormal Use.** Plaintiff's alleged damages, if any, were proximately caused and contributed to by the unintended and/or abnormal manner or use of the subject product, and not from any act, omission or conduct of answering defendant. Plaintiff is therefore barred from any relief or damages from answering defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.    **Misuse/Modification.** To the extent there was any defect, deficiency or non-conformity in the subject product referenced in plaintiff's complaint, such defect, deficiency or non-conformity, if any, did not exist at the time the product left the possession, custody or control of answering defendant, and that any alleged defect, deficiency or non-conformity was caused or created by the misuse, abuse, change, modification, alteration, improper use and/or improper

4

1  maintenance by plaintiff, persons and/or entities other than answering defendant.

2  **SEVENTEENTH AFFIRMATIVE DEFENSE**

3      17.    **Failure to Notify.** To the extent there was any defect, deficiency or non-conformity

4  in the subject product referenced in plaintiff's complaint, plaintiff failed to timely notify answering

5  defendant of such defect, deficiency or non-conformity, and further failed to provide answering

6  defendant timely opportunity to address such defect, deficiency or non-conformity. Such failure to

7  notify by plaintiff bars plaintiff from any relief or damages against answering defendant.

8  **EIGHTEENTH AFFIRMATIVE DEFENSE**

9      18.    **Lack of Equity.** As between plaintiff and answering defendant, the equities do not

10  preponderate in favor of plaintiff, thus barring any relief or damages from answering defendant.

11  **NINETEENTH AFFIRMATIVE DEFENSE**

12      19.    **Unavoidable Incident or Condition.** Plaintiff's alleged damages, if any, were the

13  direct and proximate result of an unavoidable incident or condition beyond the reach or control of

14  answering defendant. Consequently, answering defendant was without fault nor liable for plaintiff's

15  alleged damages, if any.

16  **TWENTIETH AFFIRMATIVE DEFENSE**

17      20.    **Lack of Standing or Capacity.** Plaintiff may lack standing and/or capacity to sue.

18  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

19      21.    **No Breach of Warranty.** Answering defendant did not breach any warranties,

20  express, implied or otherwise.

21  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

22      22.    **Several Liability.** Answering defendant is informed and believes, and on such basis

23  alleges that along with the plaintiff, other persons or entities may be liable for any claimed economic

24  and/or non-economic damages by plaintiff. Pursuant to California *Civil Code* §1431, plaintiff's

25  recovery of non-economic damages, if any, against answering defendant are barred save any non-

26  economic damages specifically apportioned and/or attributed to answering defendant.

27  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

28      23.    **Spoliation.** Plaintiff and/other defendants, cross-defendants and/or non-parties

5

**ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

spoliated the subject vehicle at issue in plaintiff's complaint, by among other things, delaying notification of the incident to answering defendant; delaying notification of any alleged defects in the subject product to answering defendant; utilizing the subject product without regard to the rights of answering defendant; inspecting the subject product without regard to the rights of answering defendant; altering, amending, modifying, changing, and/or destroying the vehicle without regard to the rights of answering defendant; and/or failing to maintain proper care, custody and control of the subject product without regard to the rights of answering defendant. Such acts and conduct have inexorably prejudiced answering defendant, which acts and conduct bar plaintiff from any relief or damages from answering defendant.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    **Reservation of Rights.** Answering defendant presently possesses insufficient knowledge and/or information upon which to form a belief of whether answering defendant may have additional and as yet unstated additional affirmative defenses.  Answering defendant therefore reserve the right to assert additional affirmative defenses in the event discovery indicates that such would be appropriate.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    **Good Faith Belief in Legality of Actions.**  Answering defendant alleges that at all times relevant to this action, it acted in good faith and believes its actions to be legal.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    **Due Process.** Answering defendant states and alleges that to the extent that plaintiff's Complaint seeks the recovery of punitive or exemplary damages against answering defendant, that such recovery violates answering defendant's rights to procedural due process under the Fourteenth Amendment of the Constitution of the United States, and under the Constitution of the State of California.  Therefore, plaintiff's Complaint, and each and every cause of action therein, to the extent that punitive or exemplary damages are sought against answering defendant, fails to state any cause of action which either punitive or exemplary damages may be awarded.

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.    **Excessive Fines.** Answering defendant states and alleges that to the extent plaintiff's Complaint seeks the recovery of punitive damages or exemplary damages, that such violates the rights of answering defendant to protection against excessive fines under the Eighth Amendment of the United States Constitution, and Article I, Section 18 of the Constitution of the State of California. Therefore, plaintiff's Complaint, and each and every cause of action contained therein, which seek the recovery of punitive damages or exemplary damages against answering defendant, violate answering defendant's rights to substantive due process as provided for under the Fifth and Fourteenth Amendments of the United States Constitution and under the California Constitution, and therefore fails to state any claim for which punitive or exemplary damages may be awarded.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.    **Unfair Punishment.** Answering defendant states and alleges that to the extent plaintiff's Complaint seeks punitive or exemplary damages, that the application of statutory and/or common law doctrine of extra-contractual, exemplary or punitive damages, is impermissible, vague, ambiguous, imprecise and is inconsistent with the constitutional rights of answering defendant. Therefore, plaintiff's unverified Complaint, and each and every cause of action therein which seek the imposition of punitive or exemplary damages against answering defendant, fails to state a cause of action upon which either punitive or exemplary damages may be awarded.

**WHEREFORE**, answering defendant prays as follows:

1.    That plaintiff take nothing by way of her complaint;

2.    That judgment be entered in favor of answering defendant and against plaintiff;

3.    That answering defendant be awarded its costs of the suit incurred herein; and,

///

///

7

4.    That answering defendant be awarded such other and further relief as the Court deems

just and proper.

DATED: April 29, 2021

**CHAPMAN GLUCKSMAN DEAN & ROEB**
A Professional Corporation

By:/s/ *Craig A. Roeb*
**CRAIG A. ROEB**
**DAVID A. NAPPER**
Attorneys for Defendant, NET HEALTH SHOPS,
LLC, dba SUNNYDAZE DECOR and dba
SERENITY HEALTH & HOME DECOR

## **DEMAND FOR JURY TRIAL**

Defendant, NET HEALTH SHOPS, LLC, dba SUNNYDAZE DECOR and dba SERENITY

HEALTH & HOME DECOR, hereby endorses its Answer to plaintiff's Complaint with a demand

that the trial in the above-captioned matter be tried before a jury.

DATED:  April 29, 2021

**CHAPMAN GLUCKSMAN DEAN & ROEB**
A Professional Corporation

By:/s/ *Craig A. Roeb*
**CRAIG A. ROEB**
**DAVID A. NAPPER**
Attorneys for Defendant, NET HEALTH SHOPS,
LLC, dba SUNNYDAZE DECOR and dba
SERENITY HEALTH & HOME DECOR

8

**ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

1

## PROOF OF SERVICE

2

     I am employed in the County of Los Angeles, State of California, I am over the age of 18 and
not a party to the within action; my business address is 11900 W. Olympic Boulevard, Suite 800,
Los Angeles, CA 90064.

3

4

     On April 30, 2021 I served the foregoing document(s) described as: **ANSWER TO
PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**on the interested parties in this
action, at the addresses listed below, as follows:

5

6

## SEE ATTACHED SERVICE LIST

7

     ☒    <u>For Collection</u>.  By placing a true copy (copies) thereof enclosed in a sealed
envelope(s), addressed as above, and by placing said sealed envelope(s) for collection and mailing
on that date following ordinary business practices. I am "readily familiar" with the business' practice
for collection and processing of correspondence for mailing the U.S. Postal Service. Under that
practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon
fully prepaid at Los Angeles, California, in the ordinary course of business.

8

9

10

     ☒    <u>Eservice for Mandatory Courts</u>. By transmitting a copy of the foregoing document(s)
via internet/electronic mail to a Court Approved e-filing/e-service portal ONELEGAL for service on
all parties in this case via their email addresses pursuant to the General Court Order authorizing e-
service of documents.

11

12

13

     ☒    <u>State</u>. I declare under penalty of perjury under the laws of the State of California that
the foregoing is true and correct.

14

15

     Executed on April 30, 2021, at Los Angeles, California.

16

17

18

                    A.  Salcedo

19

20

21

22

23

24

25

26

27

28

9

## SERVICE LIST

| | |
|---|---|
| Arash Homampour, Esq.<br>Danielle Lincors, Esq.<br>**THE HOMAMPOUR LAW FIRM PC**<br>15303 Ventura Boulevard, Suite 1450<br>Sherman Oaks, CA 91403<br>Tel: (323) 658-8077; Fax: (323) 658-8477<br>Emails: arash@homampour.com<br>          danielle@homampour.com | Attorneys for Plaintiff,  JENNIFER A.<br>BANDLOW |
| Brian Thomas Dunn, Esq.<br>Marcelis E. Morris, Esq.<br>**THE COCHRAN FIRM CALIFORNIA**<br>4929 Wilshire Boulevard, #1010<br> Los Angeles, CA 90010<br>Tel: (323) 435-8205;Fax: (323) 282-5280<br>Email: mmorris@cochranfirm.com | Additional Counsel for Plaintiff, JENNIFER<br>A. BANDLOW |
| Julie  L. Hussey, Esq.<br>Ross E. Bautista, Esq.<br>**PERKINS COIE LLP**<br>1452 El Camino Real, Suite 300<br>San Diego, CA 92130<br>Tel: (858) 720-5700; Fax: (858) 720-5799<br>Emails: jhussey@perkinscoie.com<br>          rbautista@perkinscoie.com | Attorneys for AMAZON.COM,<br>INC.(erroneously  sued as AMAZON.COM<br>INTERNATIONAL, INC.) |

**ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

Electronically FILED by Superior Court of California, County of Los Angeles on 04/30/2021 09:42 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Tang,Deputy Clerk

**Craig A. Roeb, Esq., Bar No. 131316**
**David A Napper, Esq., Bar No. 271464**
**CHAPMAN GLUCKSMAN DEAN & ROEB**
A PROFESSIONAL CORPORATION
11900 WEST OLYMPIC BOULEVARD, SUITE 800
LOS ANGELES, CALIFORNIA 90064-0704
TEL: (310) 207-7722 • FAX:  (310) 207-6550
croeb@cgdrlaw.com;dnappeer@cgdrlaw.com
service@cgdrlaw.com

Attorneys for Defendant and Cross-Complainant,
NET HEALTH SHOPS, LLC, dba SUNNYDAZE
DECOR and dba SERENITY HEALTH & HOME
DECOR

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES (SPRING STREET COURTHOUSE)

| | |
|---|---|
| JENNIFER A. BANDLOW,<br><br>Plaintiff,<br><br>v.<br><br>NET HEALTH SHOPS, LLC, dba SUNNYDAZE DECOR and dba SERENITY HEALTH & HOME DECOR; AMAZON.COM INTERNATIONAL, INC., a Delaware corporation; SRMX CAPITAL, LLC, a Florida limited liability company; BLUWORLD OF WATER, LLC, a Florida limited liability company; and DOES 1 through 50, inclusive;<br><br>Defendants.<br>_____<br>NET HEALTH SHOPS, LLC, dba SUNNYDAZE DECOR and dba SERENITY HEALTH & HOME DECOR,<br><br>Cross-Complainant,<br>v.<br><br>SRMX CAPITAL, LLC, a Florida limited liability company; BLUWORLD OF WATER, LLC, a Florida limited liability company, and ROES 1-20, inclusive,<br><br>Cross-Defendants. | Case No.:  21STCV04978<br><br>Complaint Filed: February 08, 2021<br><br>Reassigned for All Purposes to<br>Hon. Judge Serena Murillo<br>Dept.:  29<br><br>**CROSS-COMPLAINT**<br><br>**FSC DATE: 07/25/2022**<br>**TRIAL DATE: 08/08/2022** |

1

Defendant and Cross-Complainant, NET HEALTH SHOPS, LLC, dba SUNNYDAZE DECOR and dba SERENITY HEALTH & HOME DECOR, hereby alleges as causes of action against cross-defendants, and each of them, as follows:

**FIRST CAUSE OF ACTION**
**(For Indemnity Against All Cross-Defendants)**

1.      The true names and capacities, whether individual, corporate, associate or otherwise of cross-defendants named herein as ROES 1 through 20, inclusive are unknown to cross-complainant, which therefore sues such cross-defendants by such fictitious names, and that cross-complainant will seek leave to amend this cross-complaint to show their true names and capacities when the same have been ascertained.

2.      Cross-complainant is informed and believes, and thereon alleges, that said cross-defendants designated herein as ROES are responsible in some manner for the happenings and events hereinafter alleged, and negligently or otherwise caused injury and/or damages as herein alleged.

3.      Each cross-defendant is an agent, partner, principal, servant and/or employee of the remaining cross-defendants, and in so doing the things hereinafter alleged were acting within the course and scope of such agency, service and employment.

4.      Cross-complainant filed its Answer to plaintiff's First Amended Complaint herein on or about April 29, 2021. Said answer is fully incorporated herein and made a part hereof by reference.

5.      By said answer to said cross-complaint, cross-complainant denied, and still denies, that any act or omission of itself or of its employees, agents, principals, or other representatives at any time or at any place, in any manner whatsoever, caused or contributed to any of the injuries and/or damages which plaintiff alleges to have sustained or to be now sustaining.

6.      Cross-complainant is informed and believes, and thereupon alleges that cross-defendants and ROES 1 through 20, inclusive, and each of them, were negligent and/or otherwise

**CROSS- COMPLAINT**

wrongful or tortious with respect to plaintiff.

7.    Cross-complainant was not aware of any of the aforementioned negligence and/or other conduct and did not participate in and/or acquiesce to said negligence or the conduct of cross-defendants. The negligence and/or otherwise wrongful conduct of cross-defendants, and each of them, proximately caused and contributed to the damages and/or injuries referred to in plaintiff's Complaint.

8.    If it is determined that cross-complainant is liable to plaintiff, then cross-complainant is entitled to recovery as indemnity from said cross-defendants, that portion of the judgment in the primary action as contributable to the percentage of comparative fault assessed or assessable against each cross-defendant.

9.    Cross-complainant is incurring and has incurred attorney's fees, court costs, investigative costs, and other costs in connection with defending against plaintiff's Complaint, the exact amount of which are unknown at this time.   When same have been ascertained, cross-complainant will seek leave of the court to amend this cross-complaint and set forth the true nature and said costs and expenses.

## SECOND CAUSE OF ACTION

### (For Declaratory Relief Against All Cross-Defendants)

10.    Cross-complainant refers to and incorporates herein by reference each and every allegation of the First Cause of Action as though fully set forth at length.

11.    Cross-defendant, and each of them, have refused to defend, indemnify and hold harmless cross-complainant.  By reason of cross-defendants' refusal to defend, indemnify and hold cross-complainant harmless regarding the alleged injuries and damages to plaintiff, a dispute has arisen and an actual controversy between cross-complainant and cross-defendants, concerning the respective rights, duties and obligations to indemnify cross-complainant exists.   For the above

reasons, cross-complainant is entitled to a declaration of rights and duties of cross-defendants and each of them, to cross-complainant.

## THIRD CAUSE OF ACTION

### (For Apportionment Against All Cross-Defendants)

12.     Cross-complainant refers to and incorporates herein by reference, each and every allegation to the First Cause of Action as though fully set forth at length herein.  Further, cross-complainant refers to and incorporates herein by reference, each and every allegation to the last paragraph of the Second Cause of Action as though fully set forth at length herein.

13.     By reason of the foregoing, cross-complainant is entitled to a declaration with respect to the portion of negligence, fault and/or other liability of cross-defendants, and each of them, which proximately contributed to or caused plaintiff's alleged damages herein, if any.

## FOURTH CAUSE OF ACTION

### (For Contribution Against All Cross-Defendants)

14.     Cross-complainant refers to and incorporates herein by reference each and every allegation of the paragraphs of the First Cause of Action and the last paragraph of the Second Cause of Action as though fully set forth at length herein.

15.     Cross-complainant contends it is not legally responsible for the damages alleged in plaintiff's Complaint.  However, if cross-complainant is ultimately held liable for all or any part of the causes of action and claimed damages alleged against it, then cross-defendants, and each of them, to the extent their fault is determined by the court, are obligated to reimburse and are liable to cross-complainant for all or any liability assessed by way of contribution, and cross-complainant accordingly assert herein its right herein to contribution from cross-defendants, and each of them.

WHEREFORE, cross-complainant prays for judgment as follows:

1.     If cross-complainant is held liable for judgment in favor of plaintiff that judgment in

4

the same amount be entered against cross-defendants, and each of them, and in favor of cross-complainant;

2.      For an order that cross-complainant is entitled to be fully indemnified by cross-defendants, and each of them, for any settlement and/or compromises entered into by cross-complainant with plaintiff;

3.      For a declaration of the portion of negligence and/or fault of cross-defendants, and each of them, which proximately contributed to and/or caused alleged plaintiff's damages, and for recourse upon the order, each cross-defendant be required to reimburse cross-complainant in that proportionate share for any judgment which cross-complainant may be required to pay;

4.      For a declaration of the rights and duties of the parties relative to cross-complainant;

5.      For cross-complainant's costs of suit incurred herein, as well as all attorney's fees and investigative costs incurred by cross-defendant in defending against plaintiff's complaint or any subsequent operative pleading, according to proof, as against each cross-defendant; and,

6.      For such other and further relief that the court deems just and proper

DATED:  April 29, 2021                         **CHAPMAN GLUCKSMAN DEAN & ROEB**
                                               A Professional Corporation


                                               By:/s/ *Craig A. Roeb*
                                               **CRAIG A. ROEB**
                                               **DAVID A. NAPPER**
                                               Attorneys for Defendant and Cross-Complainant,
                                               NET HEALTH SHOPS, LLC, dba SUNNYDAZE
                                               DECOR and dba SERENITY HEALTH & HOME
                                               DECOR

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California, I am over the age of 18 and not a party to the within action; my business address is 11900 W. Olympic Boulevard, Suite 800, Los Angeles, CA 90064.

On April 30, 2021, I served the foregoing document(s) described as: **SUMMONS AND CROSS-COMPLAINT** on the interested parties in this action, at the addresses listed below, as follows:

**SEE ATTACHED SERVICE LIST**

☒ <u>For Collection</u>.  By placing a true copy (copies) thereof enclosed in a sealed envelope(s), addressed as above, and by placing said sealed envelope(s) for collection and mailing on that date following ordinary business practices.  I am "readily familiar" with the business' practice for collection and processing of correspondence for mailing the U.S. Postal Service.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

☒ <u>Eservice for Mandatory Courts</u>.  By transmitting a copy of the foregoing document(s) via internet/electronic mail to a Court Approved e-filing/e-service portal ONELEGAL for service on all parties in this case via their email addresses pursuant to the General Court Order authorizing e-service of documents.

☒ <u>State</u>.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 30, 2021, at Los Angeles, California.


_____
A.  Salcedo

**CROSS- COMPLAINT**

1

<u>**SERVICE LIST**</u>

2

| | |
|---|---|
| Arash Homampour, Esq.<br>Danielle Lincors, Esq.<br>**THE HOMAMPOUR LAW FIRM PC**<br>15303 Ventura Boulevard, Suite 1450<br>Sherman Oaks, CA 91403<br>Tel: (323) 658-8077; Fax: (323) 658-8477<br>Emails: arash@homampour.com<br>        danielle@homampour.com | Attorneys for Plaintiff, JENNIFER A. BANDLOW |
| Brian Thomas Dunn, Esq.<br>Marcelis E. Morris, Esq.<br>**THE COCHRAN FIRM CALIFORNIA**<br>4929 Wilshire Boulevard, #1010<br> Los Angeles, CA 90010<br>Tel: (323) 435-8205;Fax: (323) 282-5280<br>Email: mmorris@cochranfirm.com | Additional Counsel for Plaintiff, JENNIFER A. BANDLOW |
| Julie  L. Hussey, Esq.<br>Ross E. Bautista, Esq.<br>**PERKINS COIE LLP**<br>1452 El Camino Real, Suite 300<br>San Diego, CA 92130<br>Tel: (858) 720-5700; Fax: (858) 720-5799<br>Emails: jhussey@perkinscoie.com<br>        rbautista@perkinscoie.com | Attorneys for AMAZON.COM, INC.(erroneously  sued as AMAZON.COM INTERNATIONAL, INC.) |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

Electronically FILED by Superior Court of California, County of Los Angeles on 04/30/2021 05:47 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Tang,Deputy Clerk

**SUM-110**

# SUMMONS
## Cross-Complaint
### (CITACION JUDICIAL-CONTRADEMANDA)

| FOR COURT USE ONLY |
|---|
| (SOLO PARA USO DE LA CORTE) |

**NOTICE TO CROSS-DEFENDANT:**

*(AVISO AL CONTRA-DEMANDADO):*

SRMX CAPITAL, LLC, a Florida limited liability company; BLUWORLD OF WATER, LLC,a Florida limited liability company,and ROES 1-20,inclusive

**YOU ARE BEING SUED BY CROSS-COMPLAINANT:**
*(LO ESTÁ DEMANDANDO EL CONTRADEMANDANTE):*

NET HEALTH SHOPS, LLC, dba SUNNYDAZE DECOR and dba SERENITY HEALTH & HOME DECOR

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the cross-complainant. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al contrademandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles County Superior Court
111 N. Hill Street
Los Angeles, CA 90012

SHORT NAME OF CASE: (from Complaint): (Nombre de Caso):
JENNIFER BANDLOW v. NET HEALTH,et al.

CASE NUMBER: (Número del Caso):
21STCV04978

The name, address, and telephone number of cross-complainant's attorney, or cross-complainant without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del contrademandante, o del contrademandante que no tiene abogado, es):* Craig A. Roeb,Esq. (#131316)    David A. Napper, Esq. (#271464)
Chapman Glucksman Dean & Roeb
11900 W. Olympic Boulevard, Suite 800,Los Angeles, CA 90064

DATE: 04/30/2021    Clerk, by    , Deputy
*(Fecha)*    Sherri R. Carter Executive Officer / Clerk of Court    *(Adjunto)*
    *(Secretario)*    J. Tang

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons (POS-010).)

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual cross-defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
    under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-110 [Rev. July 1, 2009]

CEB
ceb.com

Essential
Forms

**SUMMONS - CROSS-COMPLAINT**

Code of Civil Procedure, §§ 412.20, 428.60, 465
*www.courtinfo.ca.gov*

Craig A. Roeb, Esq., Bar No. 131316
David A Napper, Esq., Bar No. 271464
**CHAPMAN GLUCKSMAN DEAN & ROEB**
A PROFESSIONAL CORPORATION
11900 WEST OLYMPIC BOULEVARD, SUITE 800
LOS ANGELES, CALIFORNIA 90064-0704
TEL: (310) 207-7722 • FAX:  (310) 207-6550
croeb@cgdrlaw.com
dnappeer@cgdrlaw.com
service@cgdrlaw.com

Attorneys for Defendant, NET HEALTH SHOPS, LLC, dba SUNNYDAZE DECOR and dba SERENITY HEALTH & HOME DECOR

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES (SPRING STREET COURTHOUSE)

| | |
|---|---|
| JENNIFER A. BANDLOW,<br><br>Plaintiff,<br><br>v.<br><br>NET HEALTH SHOPS, LLC, dba SUNNYDAZE DECOR and dba SERENITY HEALTH & HOME DECOR; AMAZON.COM INTERNATIONAL, INC., a Delaware corporation; SRMX CAPITAL, LLC, a Florida limited liability company; BLUWORLD OF WATER, LLC, a Florida limited liability company; and DOES 1 through 50, inclusive;<br><br>Defendants. | Case No.:  21STCV04978<br><br>Complaint Filed: February 08, 2021<br><br>Reassigned for All Purposes to Hon. Judge Serena Murillo Dept.:  29<br><br>**NOTICE RE DEMAND FOR JURY TRIAL AND POSTING OF JURY**<br><br>**FSC DATE: 07/25/2022**<br>**TRIAL DATE: 08/08/2022** |

    **TO CLERK OF THE COURT, ALL PARTIES HEREIN AND THEIR COUNSEL OF RECORD**:

    **PLEASE TAKE NOTICE** that Defendant, NET HEALTH SHOPS, LLC, dba SUNNYDAZE DECOR and dba SERENITY HEALTH & HOME DECOR, hereby demands that the trial in the above-captioned matter be tried before a jury.

///

///

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLEASE TAKE FURTHER NOTICE** that defendant herein posts jury fees in the above-entitled matter in the sum of $150.00.

DATED:  April 29, 2021

**CHAPMAN GLUCKSMAN DEAN & ROEB**
A Professional Corporation


By:/s/ *Craig A. Roeb*
_____
**CRAIG A. ROEB**
**DAVID A. NAPPER**
Attorneys for Defendant,  NET HEALTH
SHOPS, LLC, dba SUNNYDAZE DECOR and
dba SERENITY HEALTH & HOME DECOR

2

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California, I am over the age of 18 and not a party to the within action; my business address is 11900 W. Olympic Boulevard, Suite 800, Los Angeles, CA 90064.

On April 30, 2021,  I served the foregoing document(s) described as: **NOTICE RE DEMAND FOR JURY TRIAL AND POSTING OF JURY** on the interested parties in this action, at the addresses listed below, as follows:

**SEE ATTACHED SERVICE LIST**

☒    For Collection.  By placing a true copy (copies) thereof enclosed in a sealed envelope(s), addressed as above, and by placing said sealed envelope(s) for collection and mailing on that date following ordinary business practices.  I am "readily familiar" with the business' practice for collection and processing of correspondence for mailing the U.S. Postal Service.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

☒    Eservice for Mandatory Courts.  By transmitting a copy of the foregoing document(s) via internet/electronic mail to a Court Approved e-filing/e-service portal ONELEGAL for service on all parties in this case via their email addresses pursuant to the General Court Order authorizing e-service of documents.

☒    State.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 30, 2021, at Los Angeles, California.

/s/*A.Salcedo*_____
A.Salcedo

1

## SERVICE LIST

| | |
|---|---|
| Arash Homampour, Esq.<br>Danielle Lincors, Esq.<br>**THE HOMAMPOUR LAW FIRM PC**<br>15303 Ventura Boulevard, Suite 1450<br>Sherman Oaks, CA 91403<br>Tel: (323) 658-8077; Fax: (323) 658-8477<br>Emails: arash@homampour.com<br>          danielle@homampour.com | Attorneys for Plaintiff, JENNIFER A. BANDLOW |
| Brian Thomas Dunn, Esq.<br>Marcelis E. Morris, Esq.<br>**THE COCHRAN FIRM CALIFORNIA**<br>4929 Wilshire Boulevard, #1010<br>Los Angeles, CA 90010<br>Tel: (323) 435-8205;Fax: (323) 282-5280<br>Email: mmorris@cochranfirm.com | Additional Counsel for Plaintiff, JENNIFER A. BANDLOW |
| Julie L. Hussey, Esq.<br>Ross E. Bautista, Esq.<br>**PERKINS COIE LLP**<br>1452 El Camino Real, Suite 300<br>San Diego, CA 92130<br>Tel: (858) 720-5700; Fax: (858) 720-5799<br>Emails: jhussey@perkinscoie.com<br>          rbautista@perkinscoie.com | Attorneys for AMAZON.COM, INC.(erroneously sued as AMAZON.COM INTERNATIONAL, INC.) |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

Electronically FILED by Superior Court of California, County of Los Angeles on 05/27/2021 11:14 PM Sherri R. Carter, Executive Officer/Clerk of Court, by X. Soto,Deputy Clerk

JAMES E. SIEPLER, ESQ. (State Bar No. 94850)
LAW OFFICE OF CRAIG A. HOLTZ
100 West Broadway, Suite 1150
Glendale, California 91210
Telephone: 818-539-2120
Facsimile:  877-613-3298

Attorney for Defendants, BLUWORLD OF WATER, LLC; SRMX CAPITAL, LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT – SPRING STREET

| | |
|---|---|
| JENNIFER A. BANDLOW, individual | ) Case No.: 21STCV04978 |
| | ) Assigned to: *Judge Serena R. Murillo* |
| Plaintiff, | ) Dept. "*29*" |
| | ) |
| vs. | ) **ANSWER FILED CONCURRENTLY** |
| | ) **WITH JURY DEMAND** |
| NET HEALTH SHOPS, LLC, dba SUNNYDAZE | ) |
| DÉCOR and dba SERENITY HEALTH & HOME | ) Action Filed:  February 8, 2021 |
| DECOR, et al. | ) Trial Date: August 8, 2022 |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

COMES NOW Defendants, BLUEWORLD OF WATER, LLC ans SMRX CAPITAL, LLC, who answers the Complaint herein as follows:

1.      These answering Defendants deny generally and specifically each and every allegation in each and every cause of action contained in said Original Complaint, and the whole thereof, as provided by provisions of section 431.30 of the *Code of Civil Procedure* of the State of California; and particularly and expressly does these answering Defendants deny that by reason of anything done, suffered or permitted to be done by them that Plaintiff was injured and/or damaged in any manner whatsoever or at all, or was injured and/or damaged in the sums alleged in said Complaint or in any other sums or amounts, either ascertained or unascertained, or at all.

1

**ANSWER**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

2.      These answering Defendants allege that the Complaint does not state facts sufficient to constitute a cause of action against these answering Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(Assumption of the Risk)**

3.      These answering Defendants allege that if injuries and/or damages were sustained by the Plaintiff, then said injuries and/or damages, if any, and the whole or part thereof, were and are the proximate and direct result of risk(s) that Plaintiff and/or Plaintiff's employees reasonably assumed having actual knowledge of the particular danger(s), knowing or understanding the degree or the risk(s) involved, and voluntarily assuming the risk(s) at or about the time and place referred to and described in the Complaint; which said reasonable implied assumption of risk(s) on the part of Plaintiff and/or Plaintiff's employees proximately and concurrently caused and brought about wholly whatever injuries and/or damages, if any, said plaintiff claims to have sustained.

**THIRD AFFIRMATIVE DEFENSE**

**(Comparative Negligence)**

4.      These answering Defendants allege if any injuries and/or damages were sustained by Plaintiff, then said injuries and/or damages, and the whole thereof, were and are the result of the recklessness, carelessness, and negligence of Plaintiff and/or Plaintiff's employees at or near the time and place referred to in the Complaint, and/or at all times relevant whereto; which said recklessness, carelessness and negligence by Plaintiff and/or Plaintiff's employees proximately and concurrently contributed to, brought about and  caused, in whole or in part, whatever injuries and/or damages, if any, Plaintiff may have sustained or will sustain in the future.

**FOURTH AFFIRMATIVE DEFENSE**

**(Mitigation of Damages)**

5.      These answering Defendants are informed and believes, and based upon such information and belief, alleges that Plaintiff and/or Plaintiff's employees, being capable of doing so, failed to use reasonable diligence to care for the injuries complained of and/or to employ reasonable

2

means to prevent their aggravation and accomplish healing.  Furthermore, pursuant to <u>Howell v. Hamilton Meats & Provisions, Inc.</u>, 52 Cal. 4th 541 (2011) and its progeny, these answering Defendants allege that Plaintiff was capable of and failed to mitigate their economic damages.

## FIFTH AFFIRMATIVE DEFENSE

### (Standing)

6.    These answering Defendanta are informed and believe and thereon alleges that Plaintiff lacks standing to sue these answering Defendants.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

7.    The Complaint and all causes of action therein are barred by any applicable statute of limitations, including that set forth by Code of Civil Procedure section 338.

## SEVENTH AFFIRMATIVE DEFENSE

### (Willful Misconduct - Contributory)

8.    These answering Defendants allege that if Plaintiff was injured and/or damaged as set forth in the Complaint, or in any other way, sum or manner, or at all, then said injuries and/or damages and the whole thereof, proximately and concurrently resulted from and were caused, in whole or in part, by the willful and serious misconduct on the part of the Plaintiff and/or Plaintiff's employees with regard to each and every activity at the times and places mentioned in the Complaint and at all times relevant thereto.

## EIGHTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

9.    Defendants presently have insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated affirmative defenses available.  Defendants reserve herein the right to assert additional defenses in the event that the discovery indicates that they would be appropriate.

**WHEREFORE**, Defendants pray as hereafter set forth:

1.    That Plaintiff takes nothing herein;

3

**ANSWER**

1      2.      That the liability of these answering Defendants, if any, be reduced by the negligence

2  of Plaintiff or others;

3      3.      For costs of suit;

4      4.      For all other and proper relief.

6  Dated:  May 26, 2021                LAW OFFICE OF CRAIG A. HOLTZ

By: _____

JAMES E. SIEPLER, ESQ.
Attorney for Defendant,
BLUWORLD OF WATER, LLC;
SMRX CAPITAL, LLC

4

**ANSWER**

## PROOF OF SERVICE

I, the undersigned, declare as follows:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years, and not a party to the within action. I am an employee of or agent for LAW OFFICE OF CRAIG A. HOLTZ, whose business address is 100 West Broadway, Suite 1150, Glendale, California 91210.

On May 27, 2021, I served the foregoing document(s): **ANSWER** to the following party(ies) in this action addressed as follows:

## PLEASE SEE ATTACHED SERVICE LIST

☐ (*BY MAIL*) I caused a true copy of each document, placed in a sealed envelope with postage fully paid, to be placed in the United States mail at Glendale, California. I am "readily familiar" with this firm's business practice for collection and processing of mail, that in the ordinary course of business said document(s) would be deposited with the U.S. Postal Service on that same day. I understand that the service shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (*BY PERSONAL SERVICE*) I caused to be delivered each such document by hand to each addressee above.

☐ (*BY CERTIFIED MAIL – CCP §§1020, et seq.*) I caused said document(s) to be deposited with the United States Mail, postage prepaid, return receipt requested, signed by addressee that said documents were received.

☐ (*BY OVERNIGHT DELIVERY*) I caused a true copy of each document, placed in a sealed envelope with delivery fees provided for, to be deposited in a box regularly maintained by **Federal Express®(FedEx).** I am readily familiar with this firm's practice for collection and processing of documents for overnight delivery and know that in the ordinary course of business practice the document(s) described above will be deposited in a box or other facility regularly maintained by Federal Express or delivered to a courier or driver authorized by Federal Express to receive documents on the same date it is placed for collection.

☐ (*BY FACSIMILE*) By use of facsimile machine number (877) 613-3298, I served a copy of the within document(s) on the above interested parties at the facsimile numbers listed above. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

☒ (*BY ELECTRONIC SERVICE*) Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at their electronic notification addresses. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

1          Executed on May 27, 2021, in La Canada, California.  I declare under penalty of perjury
2    under the laws of the State of California that the above is true and correct.

3    _____
4    Tyese Davis

Bandlow, J. v Net Health, et al.

## <u>SERVICE LIST</u>

Arash Homampour, Esq.
Danielle Lincors, Esq.
THE HOMAMPOUR LAW FIRM
15303 Ventura Blvd., Suite 1450
Sherman Oaks, CA 91403
Phone Number:  323-658-8077
Fax Number:  323-658-8477
Email: ARASH@HOMAMPOUR.COM
DANIELLE@HOMAMPOUR.COM

[Attorney for Plaintiff, JENNIFER A. BANDLOW]

FILE NO.  21-005033

Electronically FILED by Superior Court of California, County of Los Angeles on 05/27/2021 11:14 PM Sherri R. Carter, Executive Officer/Clerk of Court, by X. Soto,Deputy Clerk

1  JAMES E. SIEPLER, ESQ. (State Bar No. 94850)
2  LAW OFFICE OF CRAIG A. HOLTZ
   100 West Broadway, Suite 1150
3  Glendale, California 91210
   Telephone: 818-539-2120
4  Facsimile:  877-613-3298

5

6  Attorney for Defendants, BLUWORLD OF WATER, LLC; SRMX CAPITAL, LLC

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9        **COUNTY OF LOS ANGELES, CENTRAL DISTRICT – SPRING STREET**

10

11  JENNIFER A. BANDLOW, individual          )   Case No.: 21STCV04978
                                             )   Assigned to: *Judge Serena R. Murillo*
12          Plaintiff,                       )   Dept. "*29*"
                                             )
13  vs.                                      )
                                             )   **JURY DEMAND**
14                                           )
    NET HEALTH SHOPS, LLC, dba SUNNYDAZE )
15  DÉCOR and dba SERENITY HEALTH & HOME )    Action Filed:  February 8, 2021
    DECOR, et al.                            )   Trial Date: August 8, 2022
16                                           )
                                             )
17          Defendants.                      )
18  _____ )

19

20                    **DEMAND FOR JURY TRIAL**

21

22          Defendants, BLUWORLD OF WATER, LLC and SRMX CAPITAL, LLC, hereby demands a

23  trial by jury in the above-entitled matter.

24  Dated:  May 27, 2021              LAW OFFICE OF CRAIG A. HOLTZ

25

26                                    By: _____
                                          JAMES E. SIEPLER, ESQ.
27                                        Attorney for Defendant,
                                          BLUWORLD OF WATER, LLC;
28                                        SRMX CAPITAL, LLC

1

**JURY DEMAND**

1

### PROOF OF SERVICE

2      I, the undersigned, declare as follows:

3      I am employed in the County of Los Angeles, State of California.  I am over the age of 18
4  years, and not a party to the within action.  I am an employee of or agent for LAW OFFICE OF
   CRAIG A. HOLTZ, whose business address is 100 West Broadway, Suite 1150, Glendale,
5  California 91210.

6      On May 27, 2021 I served the foregoing document(s): **JURY DEMAND** to the following
7  party(ies) in this action addressed as follows:

8                    ### PLEASE SEE ATTACHED SERVICE LIST

9  ☐  (*BY MAIL*) I caused a true copy of each document, placed in a sealed envelope with postage
10     fully paid, to be placed in the United States mail at Glendale, California.  I am "readily
       familiar" with this firm's business practice for collection and processing of mail, that in the
11     ordinary course of business said document(s) would be deposited with the U.S. Postal
       Service on that same day.  I understand that the service shall be presumed invalid if the
12     postal cancellation date or postage meter date on the envelope is more than one day after the
       date of deposit for mailing contained in this affidavit.
13 ☐  (*BY PERSONAL SERVICE*) I caused to be delivered each such document by hand to each
14     addressee above.
   ☐  (*BY CERTIFIED MAIL – CCP §§1020, et seq.*) I caused said document(s) to be deposited
15     with the United States Mail, postage prepaid, return receipt requested, signed by addressee
       that said documents were received.
16 ☐  (*BY OVERNIGHT DELIVERY*) I caused a true copy of each document, placed in a sealed
17     envelope with delivery fees provided for, to be deposited in a box regularly maintained by
       **Federal Express®(FedEx).**  I am readily familiar with this firm's practice for collection
18     and processing of documents for overnight delivery and know that in the ordinary course of
       business practice the document(s) described above will be deposited in a box or other
19     facility regularly maintained by Federal Express or delivered to a courier or driver
20     authorized by Federal Express to receive documents on the same date it is placed for
       collection.
21 ☐  (*BY FACSIMILE*) By use of facsimile machine number (877) 613-3298, I served a copy of
22     the within document(s) on the above interested parties at the facsimile numbers listed above.
       The transmission was reported as complete and without error.  The transmission report was
23     properly issued by the transmitting facsimile machine.
24 ☒  *(BY ELECTRONIC SERVICE)* Based on a court order or an agreement of the parties to
       accept service by electronic transmission, I caused the documents to be sent to the persons at
25     their electronic notification addresses. I did not receive, within a reasonable time after the
26     transmission, any electronic message or other indication that the transmission was
       unsuccessful.

27

28

FILE NO.  21-005033

Executed on May 27, 2021, in La Canada, California.  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____

Tyese Davis

Bandlow, J. v Net Health, et al.

**<u>SERVICE LIST</u>**

Arash Homampour, Esq.
Danielle Lincors, Esq.
THE HOMAMPOUR LAW FIRM
15303 Ventura Blvd., Suite 1450
Sherman Oaks, CA 91403
Phone Number:  323-658-8077
Fax Number:  323-658-8477
Email: ARASH@HOMAMPOUR.COM
DANIELLE@HOMAMPOUR.COM

[Attorney for Plaintiff, JENNIFER A. BANDLOW]

FILE NO.  21-005033

Electronically FILED by Superior Court of California, County of Los Angeles on 05/27/2021 11:14 PM Sherri R. Carter, Executive Officer/Clerk of Court, by X. Soto,Deputy Clerk

JAMES E. SIEPLER, ESQ. (State Bar No. 94850)
LAW OFFICE OF CRAIG A. HOLTZ
100 West Broadway, Suite 1150
Glendale, California 91210
Telephone: 818-539-2120
Facsimile:  877-613-3298


Attorney for Defendants, BLUWORLD OF WATER, LLC; SRMX CAPITAL, LLC


**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES, CENTRAL DISTRICT – SPRING STREET**


| | |
|---|---|
| JENNIFER A. BANDLOW, individual<br><br>         Plaintiff,<br><br>vs.<br><br>NET HEALTH SHOPS, LLC, dba SUNNYDAZE DÉCOR and dba SERENITY HEALTH & HOME DECOR, et al.<br><br>         Defendants. | Case No.: 21STCV04978<br>Assigned to: *Judge Serena R. Murillo*<br>Dept. "*29*"<br><br>**DEFENDANTS' NOTICE OF POSTING OF JURY FEES**<br><br>Action Filed:  February 8, 2021<br>Trial Date: August 8, 2022 |

        PLEASE TAKE NOTICE that Defendants, BLUWORLD OF WATER, LLC; SRMX

CAPITAL, LLC, hereby deposits jury fees in this matter.


Dated:  May 27, 2021                    LAW OFFICE OF CRAIG A. HOLTZ

                                        By: _____
                                            JAMES E. SIEPLER, ESQ.
                                            Attorney for Defendant,
                                            BLUWORLD OF WATER, LLC;
                                            SRMX CAPITAL, LLC

1

**DEFENDANTS' NOTICE OF POSTING OF JURY FEES**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, the undersigned, declare as follows:

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years, and not a party to the within action.  I am an employee of or agent for LAW OFFICE OF CRAIG A. HOLTZ, whose business address is 100 West Broadway, Suite 1150, Glendale, California 91210.

On May 27, 2021 I served the foregoing document(s): **DEFENDANTS' NOTICE OF POSTING OF JURY FEES** to the following party(ies) in this action addressed as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☐    (*BY MAIL*) I caused a true copy of each document, placed in a sealed envelope with postage fully paid, to be placed in the United States mail at Glendale, California.  I am "readily familiar" with this firm's business practice for collection and processing of mail, that in the ordinary course of business said document(s) would be deposited with the U.S. Postal Service on that same day.  I understand that the service shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐    (*BY PERSONAL SERVICE*) I caused to be delivered each such document by hand to each addressee above.

☐    (*BY CERTIFIED MAIL – CCP §§1020, et seq.*) I caused said document(s) to be deposited with the United States Mail, postage prepaid, return receipt requested, signed by addressee that said documents were received.

☐    (*BY OVERNIGHT DELIVERY*) I caused a true copy of each document, placed in a sealed envelope with delivery fees provided for, to be deposited in a box regularly maintained by **Federal Express®(FedEx).**  I am readily familiar with this firm's practice for collection and processing of documents for overnight delivery and know that in the ordinary course of business practice the document(s) described above will be deposited in a box or other facility regularly maintained by Federal Express or delivered to a courier or driver authorized by Federal Express to receive documents on the same date it is placed for collection.

☐    (*BY FACSIMILE*) By use of facsimile machine number (877) 613-3298, I served a copy of the within document(s) on the above interested parties at the facsimile numbers listed above. The transmission was reported as complete and without error.  The transmission report was properly issued by the transmitting facsimile machine.

☒    (*BY ELECTRONIC SERVICE*) Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at their electronic notification addresses. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

1    Executed on May 27, 2021, in La Canada, California.  I declare under penalty of perjury
2  under the laws of the State of California that the above is true and correct.

3  _____

4  Tyese Davis

Bandlow, J. v Net Health, et al.

## **<u>SERVICE LIST</u>**

Arash Homampour, Esq.
Danielle Lincors, Esq.
THE HOMAMPOUR LAW FIRM
15303 Ventura Blvd., Suite 1450
Sherman Oaks, CA 91403
Phone Number:  323-658-8077
Fax Number:  323-658-8477
Email:  ARASH@HOMAMPOUR.COM
DANIELLE@HOMAMPOUR.COM

[Attorney for Plaintiff, JENNIFER A. BANDLOW]

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>02/08/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ H. Flores-Hernandez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV04978 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Edward B. Moreton | 27 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 02/09/2021
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By H. Flores-Hernandez _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/02/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ S. Martinez _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Jennifer A. Bandlow | |
| DEFENDANT/RESPONDENT:<br>Net Health Shops, LLC et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV04978 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the PI General Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Arash  Homampour
The Homampour Law Firm PC
15303 Ventura Blvd
Ste 1450
Sherman Oaks, CA  91403

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 03/2/2021                         By:  S. Martinez
                                              Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 27

**21STCV04978**                                                                     March 9, 2021
**JENNIFER A. BANDLOW vs NET HEALTH SHOPS, LLC, et**                                        8:30 AM
**al.**

Judge: Honorable Edward B. Moreton                CSR: None
Judicial Assistant: J. Fletes                     ERM: None
Courtroom Assistant: None                         Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re: Amendment to Complaint

The matter is not called for hearing.

After an in-chambers review, the Court makes the following ruling:

On Order of the Court, the above matter is transferred forthwith from Department 27 to
Department 1 for reassignment.

Due to the financial interest in this matter, Judge Edward B. Moreton Jr. is disqualified pursuant
to Civil Code of Procedure 170.1(a)(3)(A) and recuses himself from further proceedings in this
matter.

All future dates are vacated from Department 27's calendar to be rescheduled by the newly
assigned department.

Certificate of Mailing is attached.

---

Minute Order                                                          Page 1 of 1

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/10/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ L. Albino _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Jennifer A. Bandlow | |
| DEFENDANT/RESPONDENT:<br>Net Health Shops, LLC et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV04978 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re Reassignment Pursuant to a Recusal) of 03/10/2021 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Arash  Homampour
The Homampour Law Firm PC
15303 Ventura Blvd
Ste 1450
Sherman Oaks, CA  91403

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 03/10/2021                    By:  L. Albino
                                          Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 1

**21STCV04978**                                                      March 10, 2021
**JENNIFER A. BANDLOW vs NET HEALTH SHOPS, LLC, et**                  12:00 PM
**al.**

Judge: Honorable David J. Cowan          CSR: None
Judicial Assistant: L. Albino            ERM: None
Courtroom Assistant: R. Innis            Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re Reassignment Pursuant to a Recusal

Good cause appearing and on order of the Court, the above matter is reassigned from Judge
Edward B. Moreton in Department 27, to Judge Serena R. Murillo in Department 29 at the
Spring Street Court, for all further proceedings.

If any appearing party has not yet exercised a peremptory challenge under 170.6 CCP,
peremptory challenges by them to the newly assigned judge must be timely filed within the 15
day period specified in Section 170.6 CCP, with extensions of time pursuant to CCP 1013 if
service is by mail. Previously non-appearing parties, if any, have a 15-day statutory period from
first appearance to file a peremptory challenge (68616(1) Govt. Code).

All matters on calendar in this case will remain set on the dates previously noticed, in the new
department indicated above.

Counsel for Plaintiff to give notice to all parties.

Certificate of Mailing is attached.

Electronically FILED by Superior Court of California, County of Los Angeles on 03/16/2021 01:33 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Lopez,Deputy Clerk

Case 2:21-cv-06291-FLA-JC    Document 1-1    Filed 08/04/21    Page 115 of 124   Page
ID #:125

THE HOMAMPOUR LAW FIRM, PC
ARASH HOMAMPOUR (State Bar No. 165407)
DANIELLE LINCORS (State Bar No. 285508)
15303 Ventura Boulevard, Suite 1450
Sherman Oaks, California 91403
Phone: (323) 658-8077 | Fax: (323) 658-8477

BRIAN T. DUNN, ESQ. (SBN 176502)
MARCELIS E. MORRIS (SBN 291972)
THE COCHRAN FIRM - CALIFORNIA
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010-3856
Phone: (323) 435-8205 | Fax: (323) 282-5280

Attorneys for Plaintiff JENNIFER A. BANDLOW

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE

| | |
|---|---|
| JENNIFER A. BANDLOW, an individual; )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NET HEALTH SHOPS, LLC, dba )<br>SUNNYDAZE DECOR and dba )<br>SERENITY HEALTH & HOME DECOR;)<br>AMAZON.COM INTERNATIONAL, )<br>INC., a Delaware corporation; SRMX )<br>CAPITAL, LLC, a Florida limited liability )<br>company; BLUWORLD OF WATER, )<br>LLC, a Florida limited liability company;)<br>and DOES 1 through 50, inclusive, )<br>)<br>Defendants. )<br>_____ ) | **CASE NO:      21STCV04978**<br><br>**NOTICE OF REASSIGNMENT PURSUANT TO A RECUSAL**<br><br>FSC Date:      July 25, 2022<br>Trial Date:    August 8, 2022<br><br>_____<br>*Complaint Filed on February 8, 2021*<br>*Case Assigned to Judge Murillo, Dept. 29*<br>_____ |

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE BE ADVISED that as per the attached Order, this matter has been reassigned from Judge Edward B. Moreton in Department 27, to Judge Serena R. Murillo in Department 29 of the above referenced court.

Also as per the order, if any appearing party has not yet exercised a peremptory challenge under § 170.6. CCP, peremptory challenges by them to the newly assigned judge must be timely filed

*Notice of Reassignment Pursuant to Recusal – Page 1*

within the 15 day period specified in § 170.6 CCP, with extensions of time pursuant to CCP § 1013 if service is by mail. Previously non-appearing parties, if any, have a 15-day statutory period from first appearance to file a peremptory challenge (68616(l) Govt. Code).

Further, all matters on calendar in this case will remain set on the dates previously noticed, in the new department.

Plaintiff to provide notice.


DATED:        March 16, 2021                    THE HOMAMPOUR LAW FIRM
                                                A Professional Law Corporation

                                    By: _____
                                                Arash Homampour,
                                                Danielle Lincors,
                                                Attorneys for Plaintiff,
                                                JENNIFER A. BANDLOW

Electronically FILED by Superior Court of California, County of Los Angeles on 03/17/2021 01:53 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Yong-Tim,Deputy Clerk

Case 2:21-cv-06291-FLA-JC    Document 1-1    Filed 08/04/21    Page 117 of 124    Page ID #:127

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address):*<br>**The Homampour Law Firm**<br><br>TELEPHONE NO.:                    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*:  **JENNIFER A. BANDLOW, AN INDIVIDUAL** | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS:  **312 N. Spring Street Room 204**
MAILING ADDRESS:  **312 N. Spring Street Room 204**
CITY AND ZIP CODE:  **Los Angeles 90012**
BRANCH NAME:  **Spring Street Courthouse**

| | |
|---|---|
| PLAINTIFF/PETITIONER: **JENNIFER A. BANDLOW, AN INDIVIDUAL** | CASE NUMBER: |
| DEFENDANT/RESPONDENT: **NET HEALTH SHOPS, LLC, DBA SUNNYDAZE DECOR AND DBA SERENTIY HEALTH & HOME DEOR; AMAZON.COM INTERNATIONAL, INC., A DELAWARE CORPORATION; SRMX CAPITAL, LLC , A FLORIDA LIMITED LIABILITY COMPANY; BLUEWORLD OF WATER, LLC, A FLORIDA LIMITED LIABILITY COMPANY; DOES 1 THROUGH 50, INCLUSIVE; AMAZON.COM, INC. (DOE 1)** | **21STCV04978** |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>**1138** |

**BY FAX**

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of *(specify documents):*
    **Summons; Complaint; Civil Case Cover Sheet; Cover Sheet Addendum; General Order re PI [amend] [7]; General Order re PI [amend] [1]; General Order re FSC [amend] [3]; General Order re MSC [amend] [5]; Voluntary Efficient Litgation STIPS; ADR Info Package; Notice of Case Assignment; Demand for Jury Trial [P] [conformed]; Notice of Posting Jury Fees [P] [conformed]; DOE 1 - Amazon.Com [conformed]; Statement of Damages [Amazon.com]**

3.  a.  Party served *(specify name of party as shown on documents served):*
        **AMAZON.COM, INC. (DOE 1)**

    b.  [X]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a ):*
        **John Doe, WHO REFUSED TO GIVE NAME, PERSON AUTHORIZED TO ACCEPT, who accepted service with direct delivery, a bald black male approx. 45-55 years of age, 5'8"-5'10" tall and weighing 240-300 lbs security guard in lobby of building authorized to accept service who did not give first or last name.**

4.  Address where the party was served:
    **251 LITTLE FALLS DRIVE, WILMINGTON, DE 19808**

5.  I served the party *(check proper box)*
    a.  [X]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **03/11/2021** at *(time):* **2:07 PM**

    b.  [ ]  **by substituted service.** On *(date):*                    at *(time):*                    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1)  [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2)  [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4)  [ ]  I thereafter caused to be mailed (by first class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc § 415.20). Documents were mailed on *(date):*                    from *(city):*                    or [ ]  a declaration of mailing is attached.

        (5)  [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Page 1 of 2
Code of Civil Procedure. § 417.10



REF: **1138**

| PLAINTIFF/PETITIONER: JENNIFER A. BANDLOW, AN INDIVIDUAL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: NET HEALTH SHOPS, LLC, DBA SUNNYDAZE DECOR AND DBA SERENTIY HEALTH & HOME DEOR; AMAZON.COM INTERN... | 21STCV04978 |

c. ☐ **by mail and acknowledgement of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                 (2) from *(city):*

   (3) ☐   with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30)

   (4) ☐   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

  ☐  Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐  as an individual defendant.

b. ☐  as the person sued under the fictitious name of *(specify):*

c. ☐  as occupant.

d. ☒  On behalf of *(specify)*  **AMAZON.COM, INC. (DOE 1)**

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

a. Name:           **Rodney Samuels**
b. Address:         **810 E Basin Rd, #H4, New Castle, DE 19720**
c. Telephone number:   **215-820-9759**
d. The fee for service was: **$ 135.00**
e. I am:

   (1) ☒  not a registered California process server.

   (2) ☐  exempt from registration under Business and Professions Code section 22350(b).

   (3) ☐  registered California process server:

      (i) ☐ owner  ☐ employee  ☐ independent contractor.  For:

      (ii) ☐ Registration No.:          Registration #:

      (iii) ☐ County:          County:

**BY FAX**

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ **I am a California sheriff or marshal and I certify** that the foregoing is true and correct.

Date: 03/11/2021

**Rodney Samuels**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_(signature)_
(SIGNATURE)

REF: **1138**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address):*<br>**The Homampour Law Firm**<br><br>TELEPHONE NO.:            FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* **JENNIFER A. BANDLOW, AN INDIVIDUAL** | ***FOR COURT USE ONLY*** |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: **312 N. Spring Street Room 204**
MAILING ADDRESS: **312 N. Spring Street Room 204**
CITY AND ZIP CODE: **Los Angeles 90012**
BRANCH NAME: **Spring Street Courthouse**

| PLAINTIFF/PETITIONER: **JENNIFER A. BANDLOW, AN INDIVIDUAL** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **NET HEALTH SHOPS, LLC DBA SUNNYDAZE DECOR AND DBA SERENITY HEALTH & HOME DECOR; AMAZON.COM INTERNATIONAL, INC., A DELAWARE CORPORATION; SRMX CAPITAL, LLC, A FLORIDA LIMITED LIABILITY COMPANY; BLUWORLD OF WATER, LLC, A FLORIDA LIMITED LIABILITY COMPANY; DOES 1 THROUGH 50, INCLUSIVE; AMAZON.COM, INC. (DOE 1)** | **21STCV04978** |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>**1138** |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of *(specify documents):*
   **SUMMONS; COMPLAINT; Civil Case Cover Sheet; Cover Sheet Addendum; General Order re PI [amend] [7]; General Order re PI [amend] [1]; General Order re FSC [amend] [3]; General Order re MSC [amend] [5]; Voluntary Efficient Litgation STIPS; ADR Info Package; Notice of Case Assignment; Demand for Jury Trial [P] [conformed]; Notice of Posting Jury Fees [P] [conformed]; DOE 1 - Amazon.Com [conformed]; STMT of Damages [Bluworld]**

3. a. Party served *(specify name of party as shown on documents served):*
      **BLUWORLD OF WATER, LLC, A FLORIDA LIMITED LIABILITY COMPANY**

   b. [X]   Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a ):*
      **Jannet Dorsey , PERSON AUTHORIZED TO ACCEPT, who accepted service with direct delivery, with identity confirmed by subject stating their name, a brown-haired white female approx. 45-55 years of age, 5'6"-5'8" tall and weighing 140-160 lbs.**

4. Address where the party was served:
   **3093 CARUSO CT, #40, ORLANDO, FL 32806**

5. I served the party *(check proper box)*
   a. [X]   **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **03/16/2021** at *(time):* **11:25 AM**

   b. [ ]   **by substituted service.** On *(date):*            at *(time):*            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ]   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ]   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ]   **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ]   I thereafter caused to be mailed (by first class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc § 415.20). Documents were mailed on *(date):*        from *(city):*              **or** [ ] a declaration of mailing is attached.

      (5) [ ]   I attach a **declaration of diligence** stating actions taken first to attempt personal service.

BY FAX

| PLAINTIFF/PETITIONER: JENNIFER A. BANDLOW, AN INDIVIDUAL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: NET HEALTH SHOPS, LLC DBA SUNNYDAZE DECOR AND DBA SERENITY HEALTH & HOME DECOR; AMAZON.COM INTERN... | 21STCV04978 |

c. ☐ **by mail and acknowledgement of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                (2) from *(city):*

    (3) ☐  with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30)

    (4) ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐  Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐  as an individual defendant.

b. ☐  as the person sued under the fictitious name of *(specify):*

c. ☐  as occupant.

d. ☒  On behalf of *(specify)*  **BLUWORLD OF WATER, LLC, A FLORIDA LIMITED LIABILITY COMPANY**

    under the following Code of Civil Procedure section:

    ☒  416.10 (corporation)            ☐  415.95 (business organization, form unknown)

    ☐  416.20 (defunct corporation)         ☐  416.60 (minor)

    ☐  416.30 (joint stock company/association)   ☐  416.70 (ward or conservatee)

    ☐  416.40 (association or partnership)     ☐  416.90 (authorized person)

    ☐  416.50 (public entity)            ☐  415.46 (occupant)

                                     ☐  other:

7. **Person who served papers**

a. Name:               **Pat Carosone**
b. Address:           **2033 Excalibur Dr, Orlando, FL 32822**
c. Telephone number:    **321-689-0801**
d. The fee for service was: **$ 135.00**
e. I am:

    (1) ☒  not a registered California process server.

    (2) ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐  registered California process server:

        (i) ☐  owner  ☐  employee  ☐  independent contractor.  For:

        (ii) ☐  Registration No.:              Registration #:

        (iii) ☐  County:                   County:

**BY FAX**

8. ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐  **I am a California sheriff or marshal and I certify** that the foregoing is true and correct.

Date:  03/19/2021

         **Pat Carosone**
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)           (SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

Tracking #: **0066713582**

REF: **1138**

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>The Homapour Law Firm<br><br>TELEPHONE NO.:      FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*:  Plaintiff Jennifer A. Bandlow | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS: 312 North Spring Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Spring Street Courthouse

| PLAINTIFF/PETITIONER: Jennifer A. Bandlow | CASE NUMBER:<br>21STCV04978 |
|---|---|
| DEFENDANT/RESPONDENT: Net Health Shops, LLC, et al. | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>1138 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; COVER SHEET ADDENDUM; GENERAL ORDER RE: PL (AMEND) [7]; GENERAL ORDER RE: PL (AMEND) [1]; GENERAL ORDER RE: FSC (AMEND) [3]; GENERAL ORDER RE: MSC (AMEND) [5]; VOLUNTARY EFFICIENT LITIGATION STIPS; ADR INFO PACKAGE; NOTICE OF CASE ASSIGNMENT; DEMAND FOR JURY TRIAL; NOTICE OF POSTING JURY FEES; DOE 1- AMAZON.COM; STATEMENT OF DAMAGES

3. a. Party served *(specify name of party as shown on documents served)*: Net Health Shops, LLC

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*: Charles Gregorich, Owner

4. Address where the party was served: 5730 Venture Dr., Eau Claire, WI 54703
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 3-16-21  (2) at *(time)*: 9:07 AM
   b. ☐ **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☑ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: from *(city)*: or ☐ a declaration of mailing is attached.
      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: Jennifer A. Bandlow | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Net Health Shops, LLC, et al. | 21STCV04978 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:                    (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section)*:

  ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)*:
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify)*: Net Health Shops, LLC
    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)             ☐ 415.46 (occupant)
                                       ☐ other:

7. **Person who served papers**
  a. Name: Josh Nelson
  b. Address: 2809 E Hamilton Ave #310, Eau Claire, WI 54701
  c. Telephone number: 715-450-2646
  d. **The fee** for service was: $
  e. I am:

    (1) ☒ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 03-23-21

_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____ 03-23-21
         (SIGNATURE )

Electronically FILED by Superior Court of California, County of Los Angeles on 03/24/2021 04:28 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Lopez,Deputy Clerk

Case 2:21-cv-06291-FLA-JC    Document 1-1    Filed 08/04/21    Page 123 of 124   Page ID #:133

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address):*<br>**The Homampour Law Firm**<br><br>       TELEPHONE NO.:                  FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>  ATTORNEY FOR *(Name):*  **JENNIFER A. BANDLOW, AN INDIVIDUAL** | *FOR COURT USE ONLY* |
|---|---|

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>    STREET ADDRESS:  **312 N. Spring Street Room 204**<br>  MAILING ADDRESS:  **312 N. Spring Street Room 204**<br>  CITY AND ZIP CODE:  **Los Angeles 90012**<br>    BRANCH NAME:  **Spring Street Courthouse** | |
|---|---|

| PLAINTIFF/PETITIONER: **JENNIFER A. BANDLOW, AN INDIVIDUAL** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **NET HEALTH SHOPS, LLC, DBA SUNNYDAZE DECOR AND DBA SERENITY HEALTH & HOME DECOR; AMAZON.COM INTERNATIONAL, INC., A DELAWARE CORPORATION; SRMX CAPITAL, LLC, A FLORIDA LIMITED LIABILITY COMPANY; BLUWORLD OF WATER, LLC, A FLORIDA LIMITED LIABILITY COMPANY; DOES 1 THROUGH 50, INCLUSIVE; AMAZON.COM, INC. (DOE 1)** | **21STCV04978** |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>**1138** |
|---|---|

**BY FAX**

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of *(specify documents):*
    **SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; COVER SHEET ADDENDUM; GENERAL ORDER RE: PL (AMEND) [7]; GENERAL ORDER RE: PL (AMEND) [1]; GENERAL ORDER RE: FSC (AMEND) [3]; GENERAL ORDER RE: MSC (AMEND) [5]; VOLUNTARY EFFICIENT LITIGATION STIPS; ADR INFO PACKAGE; NOTICE OF CASE ASSIGNMENT; DEMAND FOR JURY TRIAL; NOTICE OF POSTING JURY FEES; DOE 1- AMAZON.COM; STATEMENT OF DAMAGES**

3.  a.  Party served *(specify name of party as shown on documents served):*
        **SRMX CAPITAL, LLC, A FLORIDA LIMITED LIABILITY COMPANY**

    b.  [X]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a ):*
        **Jannet Dorsey , PERSON AUTHORIZED TO ACCEPT, who accepted service with direct delivery, with identity confirmed by subject stating their name, a brown-haired white female approx. 45-55 years of age, 5'6"-5'8" tall and weighing 140-160 lbs.**

4.  Address where the party was served:
    **3093 CARUSO CT, #40, ORLANDO, FL 32806**

5.  I served the party *(check proper box)*

    a.  [X]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **03/16/2021** at *(time):* **11:25 AM**

    b.  [ ]  **by substituted service.** On *(date):*              at *(time):*           I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1)  [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2)  [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4)  [ ]  I thereafter caused to be mailed (by first class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc § 415.20). Documents were mailed on *(date):*     from *(city):*        **or** [ ]  a declaration of mailing is attached.

Form Adopted for Mandatory Use<br>Judicial Council of California POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure. § 417.10

Tracking #: **0066713927**

REF: **1138**

| PLAINTIFF/PETITIONER: JENNIFER A. BANDLOW, AN INDIVIDUAL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: NET HEALTH SHOPS, LLC, DBA SUNNYDAZE DECOR AND DBA SERENITY HEALTH & HOME DECOR; AMAZON.COM INTER... | 21STCV04978 |

(5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

c. ☐ **by mail and acknowledgement of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*        (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☒ On behalf of *(specify)* **SRMX CAPITAL, LLC, A FLORIDA LIMITED LIABILITY COMPANY**

    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)        ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)    ☐ 415.46 (occupant)

                                        ☐ other:

7. **Person who served papers**

a. Name:    **Pat Carosone**

b. Address:    **2033 Excalibur Dr, Orlando, FL 32822**

c. Telephone number:    **321-689-0801**

d. The fee for service was: **$ 135.00**

e. I am:

    (1) ☒ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐ registered California process server:

        (i) ☐ owner  ☐ employee  ☐ independent contractor.  For:

        (ii) ☐ Registration No.:        Registration #:

        (iii) ☐ County:        County:

**BY FAX**

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and I certify** that the foregoing is true and correct.

Date: 03/19/2021

 

**Pat Carosone**

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE)

POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Tracking #: 0066713927

REF: **1138**