THE HOMAMPOUR LAW FIRM, PC
ARASH HOMAMPOUR (State Bar No. 165407)
DANIELLE LINCORS (State Bar No. 285508)
15303 Ventura Boulevard, Suite 1450
Sherman Oaks, California 91403
Phone: (323) 658-8077 | Fax: (323) 658-8477

BRIAN T. DUNN, ESQ. (SBN 176502)
MARCELIS E. MORRIS (SBN 291972)
THE COCHRAN FIRM - CALIFORNIA
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010-3856
Phone: (323) 435-8205 | Fax: (323) 282-5280

Attorneys for Plaintiff JENNIFER A. BANDLOW

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER A. BANDLOW, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>NET HEALTH SHOPS, LLC, dba SUNNYDAZE DECOR and dba SERENITY HEALTH & HOME DECOR; AMAZON.COM, INC., a Delaware corporation; SRMX CAPITAL, LLC, a Florida limited liability company; BLUWORLD OF WATER, LLC, a Florida limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO: **2:21-cv-06291-FLA-JCx**<br><br>**PLAINTIFF JENNIFER A. BANDLOW'S OPPOSITION TO DEFENDANT LUMINA PRODUCTS, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(B)(2)**<br><br>[Declaration of Danielle Lincors; Plaintiff's Objections to Declaration of Gene Hammond; and Plaintiff's Request for Judicial Notice Concurrently Filed]<br><br>HEARING<br>DATE: March 4, 2022<br>TIME: 1:30 p.m.<br>CRTRM: 6B - Hon. Aenlle-Rocha<br><br>FSC: July 25, 2022<br>Trial: August 8, 2022<br><br>*Complaint Filed on February 8, 2021*<br>*Case Assigned to Judge Aenlle-Rocha,*<br>*Courtroom 6B*<br>*Magistrate Jacqueline Chooljian* |

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

1  **<u>TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:</u>**

2      Plaintiff Jennifer A. Bandlow hereby submits her Opposition to Defendant

3  Lumina Products, Inc.'s ("Lumina") Motion to Dismiss Plaintiff's Second Amended

4  Complaint ("SAC") pursuant to Fed. R. Civ. P. 12(b)(2) based on purported lack of

5  personal jurisdiction.

6

7      Defendant Lumina's Motion should properly be <u>denied</u>:

8

9      • Defendant Lumina purposefully directed its activities toward this forum

10         state, consummated transactions within this state, otherwise established

11         contacts with this state, and availed itself of the privilege of conducting

12         activities within California.[1] *Calder v. Jones*, 465 U.S. 783, 788-789, 104

13         S.Ct. 1482, 79 L.Ed.2d 804 (1984).

14

15      • Plaintiff's injury allegations as set forth in her SAC arise out of or relate

16         to Defendant Lumina's forum-related activities.[2] *Lake v. Lake*, 817 F.2d

17         1416, 1421 (9th Cir. 1986).

18

19      • Defendant bears the burden to present a compelling case that the exercise

20         of specific personal jurisdiction over Lumina is unreasonable – when such

21         jurisdiction here in fact comports with "fair play and substantial justice"

22         given California's "strong interest in providing a forum for its residents

23         and citizens who are tortiously injured." *Dole Food Co., Inc. v. Watts*, 303

24         F.3d 1104, 1115-1116 (9th Cir. 2002).

25

26  _____

27  [1]  The supported facts are detailed in the Memorandum of Points and Authorities, *infra*.

28  [2]  Plaintiff's SAC is attached as **Exhibit 1** to Plaintiff's Judicial Notice Request. *See also,*
    concurrently filed Declaration of Danielle Lincors ("<u>Lincors Decl.</u>," ¶2.)

THE HOMAMPOUR LAW FIRM, PC.
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

1    This Opposition and supporting documents are filed in conformity with Local

2    Rules 7-3 through 7-9, and Fed. R. of Civ. P. 56(c)(4), and is based upon the

3    Memorandum of Points and Authorities set forth below, the concurrently filed

4    Declaration of Danielle Lincors, Plaintiff's Objections to Declaration of Gene

5    Hammond, Plaintiff's Request for Court to Take Judicial Notice, and upon such oral

6    and documentary evidence and argument as may be presented at the hearing on

7    Defendant Lumina's Motion herein.

8

9    DATED:      February 10, 2022          THE HOMAMPOUR LAW FIRM
                                            A Professional Law Corporation
10

11                                    By: _____

12                                         Arash Homampour,
                                           Danielle Lincors, Attorneys for Plaintiff,
13                                         JENNIFER A. BANDLOW

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

# **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS.................................................................... 4

TABLE OF AUTHORITIES.............................................................. 5

MEMORANDUM OF POINTS AND AUTHORITIES................ 1

I.      INTRODUCTION.............................................................. 1

    A.   The Fireplace / Nu-Flame Fuel Explosion.................. 1

    B.   Procedural History and Identification of Lumina...... 1

    C.   Information Regarding Lumina and Facts Lumina Itself has Provided Revealing the Propriety of Specific Jurisdiction.................................................... 2

II.     THE PARTIES' RESPECTIVE BURDENS AT THIS CASE OUTSET, COMBINED WITH THE FACTS, COMPEL A FINDING OF SPECIFIC PERSONAL JURISDICTION.................................................................... 6

    A.   Plaintiff Does not Contend at This Juncture That California has General Personal Jurisdiction Over Defendant Lumina; Thus, the Motion's Discussion Regarding "Continuous and Systematic General Business Contacts" is Inapposite.............................. 6

    B.   Defendant Lumina's Rule 12(b)(2) Motion is Based On Written Materials; Thus, Plaintiff Need Only Make a Prima Facie Showing of Jurisdictional Facts............................................................................ 6

    C.   The Federal Specific Jurisdiction Analysis is Based on the Well-Established "Three-Prong" Test – Plaintiff's Lumina Allegations Satisfy the First Two Prongs – and Defendant Bears the Burden to "Present a Compelling Case" That the Third Prong is not Satisfied.................................. 7

III.    THE ESTABLISHED TRIPARTITE ANALYSIS DEMONSTRATES THE PROPRIETY OF SPECIFIC JURISDICTION HERE........................................................ 15

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

1

**TABLE OF CONTENTS** (cont.)

2

**Page**

3

4   A.   There is Evidence of Defendant Lumina's
5        Purposeful Availment and Direction of Activities
         Aimed at California: Satisfying Prong One................   15

6        1.   The pertinent time period for a jurisdiction
7             assessment...........................................   16

8        2.   Foreseeability of being "haled" into Court......   17

9        3.   Foreign act having *effect* in a forum state
              allows the exercise of jurisdiction...................   18

10       4.   Plaintiff also alleges a "stream-of-
11            commerce" theory............................................   19

12   B.   Prong Two: The Litigation Arises out of and
         Relates to Defendant's Forum-Related Activities......   20

13   C.   The Burden is on Defendant Lumina to Present a
14        "Compelling Case" That the Exercise of
         Jurisdiction Would not be Reasonable.......................   22

15  IV.  ABSENT OUTRIGHT MOTION DENIAL, PLAINTIFF
         REQUESTS THAT JURISDICTION DISCOVERY BE
16       ALLOWED...............................................................   23

17  V.   CONCLUSION.................................................................   23

18

19

20

21

22

23

24

25

26

27

28

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

# **TABLE OF AUTHORITIES**

**Page**

<u>CASES</u>

*Ainsworth v. Moffett Engineering, Ltd.*
716 F.3d 174 (5th Cir. 2013).................................................. 19

*AirWair Int'l Ltd. v. Schultz*
73 F.Supp.3d 1225 (N.D. Cal. 2014).................................. 22

*AMA Multimedia, LLC v. Wanat*
970 F.3d 1201 (9th Cir. 2020).............................................. 5

*Andersen v. Sportmart, Inc.*
179 F.R.D. 236 (N.D. Ind. 1998)........................................ 23

*AT & T v. Compagnie Bruxelle Lambert*
94 F.3d 586 (9th Cir. 1996)................................................ 7

*Ayla, LLC v. Alya Skin Pty. Ltd.*
11 F.4th 972 (9th Cir. 2021)................................................ 20

*Ballard v. Savage*
65 F.3d 1495 (9th Cir. 1995)................................................ 20

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*
223 F.3d 1082 (9th Cir. 2000)............................................. 7

*Bristol-Myers Squibb Co. v. Superior Court*
137 S.Ct. 1773 (2017)...................................................... 20, 21

*Calder v. Jones*
465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984)........ 2, 8, 18

*Celgard, LLC v. SK Innovation Co., Ltd.*
792 F.3d 1373 (Fed. Cir. 2015)........................................... 19

*Data Disc, Inc. v. Systems Tech. Assocs., Inc.*
557 F.2d 1280 (9th Cir. 1977)............................................. 7

*Doe v. Unocal Corp.*
248 F.3d 915 (9th Cir. 2001)............................................... 7

*Dole Food Co., Inc. v. Watts*
303 F.3d 1104 (9th Cir. 2002)............................................ *passim*

*Ford Motor Co. v. Montana Eighth Jud. Dist. Court*
141 S.Ct. 1017 (2021).......................................................... *passim*

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*
284 F.3d 1114 (9th Cir. 2002).............................................. 6

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

# TABLE OF AUTHORITIES (cont.)

**Page**

CASES (cont.)

*Goehring v. Superior Court*
    62 Cal.App.4th 894 (1998)............................................... 23

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*
    328 F.3d 1122 (9th Cir. 2003)........................................ 6, 7

*Helicopteros Nacionales de Colombia, S.A. v. Hall*
    104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)........................... 6

*In Re Western States Wholesale Natural Gas Antitrust Litig.*
    715 F.3d 716 (9th Cir. 2013)........................................... 15

*Int'l Shoe Co. v. Washington*
    326 U.S. 310 (1945)......................................................... 8

*Jayone Foods, Inc. v. Aekyung Industrial Co. Ltd.*
    31 Cal.App.5th 543 (2019).............................. 2, 16, 17, 21

*J. McIntyre Machinery, Ltd. v. Nicastro*
    564 U.S. 873, 131 S.Ct. 2780 (2011)............................... 19

*Lake v. Lake*
    817 F.2d 1416 (9th Cir. 1986)...................................... 8, 15

*Lindora, LLC v. Isagenix Int'l, LLC*
    198 F.Supp.3d 1127 (S.D. Cal. 2016)............................. 4, 5

*Mavrix Photo, Inc. v. Brand Techs., Inc.*
    647 F.3d 1218 (9th Cir. 2011)........................................... 5

*Menken v. Emm*
    503 F.3d 1050 (9th Cir. 2007).......................................... 22

*Orchid Biosciences, Inc. v. St. Louis Univ.*
    198 F.R.D. 670 (S.D. Cal. 2001)...................................... 23

*Panavision Int'l, L.P. v. Toeppen*
    141 F.3d 1316 (9th Cir. 1998)........................................ 7, 8

*Pebble Beach Co. v. Caddy*
    453 F.3d 1151 (9th Cir. 2006)............................................ 7

*Rio Properties, Inc. v. Rio Int'l Interlink*
    284 F.3d 1007 (9th Cir. 2002).......................................... 20

*Schwarzenegger v. Fred Martin Motor Co.*
    374 F.3d 797 (9th Cir. 2004)............................................. 6

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

# TABLE OF AUTHORITIES (cont.)

**Page**

<u>CASES</u> (cont.)

*Secrest Machine Corp. v. Superior Court*
    33 Cal.3d 664 (1983)................................................................ 20

*Sinatra v. Nat'l Enquirer, Inc.*
    854 F.2d 1191 (9th Cir. 1988).................................................. 18

*Walk Haydel & Assocs., Inc. v. Coastal Power Production Co.*
    517 F.3d 235 (5th Cir. 2008).................................................... 7

*World-Wide Volkswagen Corp. v. Woodson*
    444 U.S. 286 (1980)................................................................ 17

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*
    433 F.3d 1199 (9th Cir. 2006)............................................... 8, 21


<u>STATUTES</u>

Fed. R. Civ. P. 4(k)(1)(A).................................................................... 7

Fed. R. Civ. P. 15(a)(2)....................................................................... 14

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.    INTRODUCTION

3

#### A.    The Fireplace / Nu-Flame Fuel Explosion

4   On July 10, 2019, Plaintiff Jennifer Bandlow suffered severe and catastrophic
5   injuries when a tabletop Sunnydaze Decor branded Astratto Ventless Bio Ethanol
6   Tabletop Fireplace exploded ("Fireplace"). (Lincors Decl., ¶ 3; **Exhibit 1**, p. 013:3-
7   17.)

8   Ms. Bandlow's friend purchased the advertised Fireplace from Amazon.com. on
9   February 27, 2018. (Ibid.; **Exhibit 1**, p. 013:1-2.) They were using the Fireplace on the
10  friend's patio when the fire's flame went out – Plaintiff's friend refueled by pouring
11  additional fuel from the Nu-Flame branded Bio-Ethanol Fireplace Fuel container into
12  the Fireplace ("Nu-Flame Fuel"). (Ibid.; **Exhibit 1**, p. 013:7-9.) The moment the Nu-
13  Flame Fuel made contact with the Fireplace it ignited; there was an instantaneous
14  explosion, setting Jennifer Bandlow's pants on fire, causing her third degree burns and
15  related severe, catastrophic injuries. (Ibid.; **Exhibit 1**, p. 013:3-17.)

16  Unbeknownst to Plaintiff and as alleged, "[t]he number of burn injuries caused
17  by explosions while consumers used fuel [such as Nu-Flame] and firepit products
18  reaches somewhat of a fever pitch in 2011." (Lincors Decl., ¶ 4; **Exhibit 1**, p. 012:1-
19  11.) Defendants knew of the "unreasonable dangerousness and defective design of the
20  PRODUCTS. . . ." (Ibid.; **Exhibit 1**, p. 012:12-15.)

21

#### B.    Procedural History and Identification of Lumina

22  Plaintiff filed her original Complaint in the Los Angeles County Superior Court
23  on February 8, 2021. (Lincors Decl., ¶ 5.) On August 4, 2021 Defendant Amazon.com,
24  Inc. filed and served its Notice of Removal to the United States District Court, Central
25  District, pursuant to 28 U.S.C. § 1441. (Ibid.) On October 25, 2021, Plaintiff filed and
26  served her USDC Central District SAC. (Ibid.)

27  Plaintiff named and served Defendant BluWorld of Water, LLC / SRMX
28  Capital, LLC (collectively "BluWorld") in this action on the understanding and belief

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

that BluWorld, *inter alia*, was involved in the design, manufacture, fabrication, marketing, assembly, supply, and sale of bio-ethanol fuel and fuel containers, intended for use with other products, including bio-ethanol fueled portable fireplaces. (Lincors Decl., ¶ 6; **Exhibit 1**, p. 005:1-11.) In September of 2021, BluWorld counsel informed Plaintiff that based on his understanding of the facts, BluWorld, *et al.* purportedly were not "connected with this incident," and "had nothing to do with the product[s]" at issue herein. (Lincors Decl., ¶ 7.) By Email dated September 30, 2021, BluWorld counsel advised that Lumina was the Nu-Flame Fuel manufacturer. (Ibid.; **Exhibit 2**.)

On December 5, 2021, Plaintiff arranged for and effectuated personal service of Lumina Products, Inc. on its registered agent / Vice President Gene Hammond. (Lincors Decl., ¶ 8.)

**C.    Information Regarding Lumina and Facts Lumina Itself has Provided Revealing the Propriety of Specific Jurisdiction**

- "Lumina manufactures and sells three products: (a) aFire® brand ethanol fireplaces, (b) Nu-Flame® and SMART-FUEL® brands of ethanol fuel, and (c) aFire® brand water vapor fireplaces." (Gene Hammond Declaration ("Hammond Decl.," ¶ 8) submitted in support of Defendant Lumina's Motion to Dismiss.

- Lumina "makes bulk sales [of ethanol fuel] to various merchants, which are then re-sold to consumers and commercial accounts." (Hammond Decl., ¶ 11.)

  o The Declaration **fails to state**: 1) the quantity of Lumina ethanol fuel product that comprise those "bulk sales"[3]; or 2) whether those

---

[3]    The nonresident manufacturer's quantity of product sales, that end up in the forum state, is important – the Court in *Jayone Foods, Inc. v. Aekyung Industrial Co. Ltd.* 31 Cal.App.5th 543, 550-551, 559 (2019) went into great detail regarding the Korean manufacturer's sales of the subject allegedly defective product, as well as other of its products that made their way into California. This conduct – directing activities toward California – demonstrates purposeful availment of California benefits. *Id.* at 559.

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

"various merchants" then distribute the Lumina ethanol fuel to California consumers and/or wholesalers / retailers; or 3) whether Lumina is aware that the bulk ethanol fuel is then distributed / sold in California, including to its residents.

- o Given that Lumina's Nu-Flame ethanol fuel is at issue in this case, these are significant issues in the jurisdiction analysis.

- Lumina *also* produces ethanol fuel for private label sales "which accounts for a majority of Lumina's fuel related business." (Hammond Decl., ¶ 12.) Lumina asserts that the private label customers are located in non-California venues; however, that is not the critical issue.

  - o The question is whether those private label customers then distribute or sell the Lumina-produced ethanol fuel to California commercial accounts or resident consumers – and whether Lumina is aware of any such California distributions or sales.
  - o The Declaration is silent on these crucial points.

- The Declaration states that Lumina is not aware of and has no information regarding whether its "re-sellers or private label clients have direct business relationships with any California businesses to supply ethanol fuel." (Hammond Decl., ¶ 13.)

  - o The question is not "direct business relationships" with California businesses – rather, critical is whether these "re-sellers or private label clients" manage to distribute the Lumina product into California.
  - o In *Ford Motor Co. v. Montana Eighth Jud. Dist. Court*, 141 S.Ct. 1017 (2021), the Court found specific personal jurisdiction; a consequential fact was Ford's use of dealers in states located outside of Ford's "home" state (*i.e.*, its place of incorporation and

\\\

*Plaintiff's Opposition to Defendant Lumina Products, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Rule 12(b)(2) – Page 3*

principal place of business). "[T]hose activities, too, make Ford money." *Id.* at 1024 and 1028.

- o The Court rejected Ford's attempt to avoid specific personal jurisdiction in forum states where it was availing itself of those states' benefits, which include the enforcement of contracts (purchase sales agreements), protection of its property, resulting formation of burgeoning markets for its products, *etc.* All of that assistance from the forum state demonstrates "purposeful availment" and "creates reciprocal obligations." *Id.* at 1029-1030.

- In 2019, Lumina "shipped 12 *orders*" for fireplaces to customers in California. (Hammond Decl., ¶ 15, emphasis added.)

  - o This is Lumina specifically directing its activities toward California, and purposefully availing itself of California benefits. *Lindora, LLC v. Isagenix Int'l, LLC*, 198 F.Supp.3d 1127, 1139 (S.D. Cal. 2016). Consummation of a transaction with the forum state or a resident thereof is direction of activities and purposeful availment subjecting a foreign defendant to specific personal jurisdiction. *Ibid.*

  - o The Hammond Decl. nowhere mentions whether an "*order*" is comprised of one fireplace – or more. "12 orders" could mean any number of fireplaces if *one* of the *orders*, for example, was for 100 fireplaces.

- In 2021, Lumina "shipped 11" "fireplaces to customers in California." These sales are not described as "orders," but as 11 fireplaces. (Hammond Decl., ¶ 16.)

  - o In any event, this is an example of Lumina again directing its activities toward the forum state and benefitting from the privilege of conducting business here.

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

- Mr. Hammond discusses the percentage these direct California sales represent in terms of Lumina's "overall orders" for fireplaces, *e.g.,* "1% or less" of overall fireplace orders. (Hammond Decl., ¶ 15.)
  - That offers not much more than a distracting logical fallacy when the "overall orders" for fireplaces is an unknown quantity.
- The Declaration discussion regarding the Lumina website is factually devoid of the elements necessary for a proper jurisdiction evaluation regarding websites. (Hammond Decl., ¶¶ 4 and 10.)
  - The Ninth Circuit has noted the difficulty of determining "whether tortious conduct on a nationally accessible website is expressly aimed at any, or all, of the forums in which the website can be viewed." *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1209 (9th Cir. 2020) – quoting *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011). "Operating a "passive website alone cannot satisfy the express aiming prong," but doing so in conjunction with "something more" may be sufficient.' *AMA Multimedia*, 970 F.3d at 1209-1210.
  - In assessing whether a defendant has done "something more," the courts consider several factors, including the website interactivity, and even the "geographic scope of the defendant's commercial ambitions. . . ." *Lindora LLC v. Isagenix Int'l, LLC, supra,* 198 F.Supp.3d at 1139.

The information obtained regarding Lumina (such as through BluWorld counsel, **Exhibit 2**), and through Lumina's *own* moving papers, ultimately support a finding of specific personal jurisdiction.

\\\
\\\
\\\

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

## II. THE PARTIES' RESPECTIVE BURDENS AT THIS CASE OUTSET, COMBINED WITH THE FACTS, COMPEL A FINDING OF SPECIFIC PERSONAL JURISDICTION

### A. Plaintiff Does not Contend at This Juncture That California has General Personal Jurisdiction Over Defendant Lumina; Thus, the Motion's Discussion Regarding "Continuous and Systematic General Business Contacts" is Inapposite

Indisputably, a District Court may exercise general or specific personal jurisdiction over a foreign defendant. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–15, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). To establish general jurisdiction, the plaintiff must demonstrate that the defendant has sufficient contacts to "constitute the kind of continuous and systematic general business contacts that approximate physical presence." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,* 284 F.3d 1114, 1124 (9th Cir. 2002).

Plaintiff Jennifer Bandlow does not now claim that there is general jurisdiction in California over Defendant Lumina; thus, Defendant's Motion's discussion regarding the absence of continuous or systematic contacts with California does not apply. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

### B. Defendant Lumina's Rule 12(b)(2) Motion is Based on Written Materials; Thus, Plaintiff Need Only Make a Prima Facie Showing of Jurisdictional Facts

At this case inception, Defendant is relying on written materials in an attempt to dismiss Plaintiff's case against Lumina. When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff must demonstrate that the court has jurisdiction through competent evidence. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128-29 (9th Cir. 2003).

However, where, as here, the motion is based on written materials a defendant submits, rather than an evidentiary hearing, "the plaintiff need only make a prima facie

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

showing of jurisdictional facts to withstand the motion to dismiss." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

For purposes of deciding whether a prima facie showing has been made, "the court resolves all disputed facts in favor of the plaintiff." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

Further, uncontroverted allegations in the Plaintiff's pleading must be taken as true. *AT & T v. Compagnie Bruxelle Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

Concomitantly, the courts hold that "[b]ecause the prima facie jurisdictional analysis requires us to accept the plaintiff's allegations as true, we must adopt (the plaintiff's) version of events. . . ." *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000).

Indeed, it is error to resolve factual disputes in a defendant's favor before an evidentiary hearing or trial on the merits. *Harris Rutsky & Co. Ins., supra,* 328 F.3d at 1129. This makes sense – Defendant Lumina brings its Motion to Dismiss at the outset of the case; Plaintiff cannot be required or expected to establish jurisdiction by a preponderance of the evidence when limited to written materials. *Data Disc, Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). Discovery is needed to investigate the jurisdiction issues; defendants otherwise could simply contradict the facts set forth in a plaintiff's affidavits, *etc.*, and thereby defeat the preponderance showing. *Walk Haydel & Assocs., Inc. v. Coastal Power Production Co.*, 517 F.3d 235, 241 (5th Cir. 2008).

**C.   The Federal Specific Jurisdiction Analysis is Based on the Well-Established "Three-Prong" Test – Plaintiff's Lumina Allegations Satisfy the First two Prongs – and Defendant Bears the Burden to "Present a Compelling Case" That the Third Prong is not Satisfied**

Where there is no applicable federal statute governing personal jurisdiction, the District Court will apply the law of the subject forum state, where the Court sits. Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir.

1   1998). California's long-arm statute is commensurate with federal due process
2   requirements, based on the same jurisdictional analysis. *Id.* at 1320. Thus, the proper
3   exercise of personal jurisdiction requires a foreign defendant's "minimum contacts"
4   with the forum state such that the "maintenance of the suit does not offend traditional
5   notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S.
6   310, 316 (1945). The Courts utilize a three-prong test in analyzing specific jurisdiction.
7   *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1115-1116 (9th Cir. 2002).

8       The "three-prong" test is detailed below; for purposes of the relative burdens
9   between the parties, however, it is noted that a plaintiff bears the burden of satisfying
10  the first two test prongs, *to wit*: 1) purposeful direction of activities or consummation
11  of transactions within the forum state invoking the benefits and protections of its laws,
12  and "purposeful availment"; and 2) defendant's forum-related activities give rise or
13  relate to the plaintiff's claim. *Calder v. Jones*, 465 U.S. 783, 788-789, 104 S.Ct. 1482,
14  79 L.Ed.2d 804 (1984); *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1986).

15      While all three requirements must be met, the courts have stated that in the
16  consideration of the first two prongs, "[a] strong showing on one axis will permit a
17  lesser showing on the other." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et*
18  *L'Antisemitisme,* 433 F.3d 1199, 1210 (9th Cir. 2006) (en banc). Hence, a single forum
19  state contact can support jurisdiction if the cause of action arises out of that particular
20  purposeful "direction of activity" by the defendant toward the forum
21  state. *Ibid.* (citing *Lake v. Lake,* 817 F.2d at 1421).

22      Plaintiff's SAC allegations satisfy prongs one and two:

23  **Paragraph 1:**

24          Plaintiff Jennifer Bandlow is and all times material was a
25          resident of Los Angeles, California. (**Exhibit 1**, pp. 003:27-
26          004:1.)

27  **Paragraph 5:**

28          "5.    At all times material herein, ***Defendant LUMINA***

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

*PRODUCTS, INC.* (hereinafter "LUMINA"), DOE 26, was a corporation with its principal place of business in the State of North Carolina *and regularly doing business in the State of California.* LUMINA held itself out as a company experienced and capable in the design, manufacture, fabrication, assembly, supplying and/or sale of bio-ethanol fuel and fuel containers, intended for use with other products, including but not limited to with bio-ethanol fueled portable fireplaces. LUMINA took part in the design, manufacture, fabrication, assembly, supplying, distribution, sale, and/or marketing of bio-ethanol fuel, including the Nu-Flame branded Bio-Ethanol Fireplace Fuel ("BIO-ETHANOL FUEL"). Upon filing the initial Complaint, Plaintiff was ignorant of the true name of DOE 26 and having designated by the fictitious name of DOE 26 and having discovered the true name to be LUMINA PRODUCTS, INC., amends the Complaint by inserting such true name in place and stead of such fictitious name." (**Exhibit 1**, p. 005:12-24, emphasis added.)

**Paragraph 10:**

Negligence against all Defendants; the paragraph ends with the sentence that the "'FIREPLACE' and its component parts and constituents for use by members of the general public in the United States, *including California*." (**Exhibit 1**, p. 007:4-6, emphasis added.)

**Paragraph 13:**

"LUMINA . . . [was] engaged in the business of manufacturing, designing, assembling, compounding,

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

testing, inspecting, packaging, labeling, fabricating, constructing, analyzing, distributing, servicing, merchandising, recommending, advertising, promoting, marketing, and selling of bio-ethanol fuel and fuel containers, intended for use with other products, including but not limited to bio-ethanol fueled portable firepits, including the Nu-Flame branded Bio-Ethanol Fireplace Fuel." (**Exhibit 1**, p. 007:21-28.)

**Paragraph 14:**

"LUMINA and its officers, directors, employees, and/or agents marketed, manufactured, distributed, and sold the Nu-Flame branded Bio-Ethanol Fireplace Fuel for home use by consumers. Further, said officers, directors, employees and/or agents were informed, knew, considered, anticipated and foresaw that the Nu-Flame branded Bio-Ethanol Fireplace Fuel would be used with portable fireplaces such as the FIREPLACE." (**Exhibit 1**, p. 008:1-6.)

**Paragraph 17:**

Paragraph 17 alleges that Defendants generally knew that refueling the Fireplace with the Bio-Ethanol fuel while the Fireplace is hot, or there is a flame present that cannot be seen, will result in an explosion and consequent injury or death. (**Exhibit 1**, pp. 008:24-009:10.) "Over the years it has become public knowledge that these portable fireplaces are unreasonably dangerous for this reason as they have resulted in several explosions and numerous people getting injured or hurt insomuch that the product has been banned in some countries. Furthermore, there have been news articles,

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

videos, lawsuits, and public complaints by consumers, law enforcement, and government entities. Moreover, there were complaints made to Defendants directly as to prior explosions of the subject FIREPLACE." (**Exhibit 1**, p. 009:3-10.)

**Paragraph 18:**

Despite Defendants' knowledge that the Fireplace was defective and unreasonably dangerous, they did not redesign the product "knowing very well that the consumers are unable to discern whether the flame is out and whether the fuel container is still hot. Further, there are no warnings on the product to warn a consumer of this danger." (**Exhibit 1**, p. 009:11-17.)

**Paragraph 19:**

"Despite their knowledge of the risks and hazards presented by the use of portable bio-ethanol fireplaces and bio-ethanol fuel, Defendants . . . LUMINA . . . failed to take any action to eliminate the same hazards identified and known to them to cause serious injury. . . . [F]ailed to provide adequate warnings on the FIREPLACE. There are no warnings about the inability to determine whether or not the fuel container within the fireplace is hot or contains a flame. There are no warnings that the fireplace should not be refueled within the same hour or day to ensure that it may be refueled without causing an explosion. There is nothing warning the user that a flame, although may not be seen visually, may be present and result in an explosion if refueled." (**Exhibit 1**, p. 009:18-28.)

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

**Paragraph 21:**

"21. Consumers are typically accustomed to luminous yellow and red flames and are accustomed to checking for these types of flames to assess whether a flame has gone out. Therefore, the PRODUCTS were unreasonably, dangerously, and defectively designed because as a result of water having a lower vapor pressure than ethanol, the liquid left in the burner unit will be enriched in water especially during the terminal phase of the combustion. This may result in a very small land invisible flame during the last minutes before the flame ceases burning. It may therefore be anticipated that tiny flames, which are characteristic of ethanol and methanol flames, may persist in a seemingly extinguished bioethanol heater or fireplace. The user may not be aware of these flames representing an ignition source during refueling. . . . The FIREPLACE is made even more defective by the fact that it is designed such that it can only be refueled by pouring bio-ethanol fuel, a flammable liquid, from the top." (**Exhibit 1**, p. 010:9-22.)

**Paragraph 22:**

"The PRODUCTS were unreasonably, dangerously, and defectively designed (especially when used together, as intended) in that persistent flam thought by the user to be extinguished further created a very dangerous ignition source when refilling the unit because during the process of refueling, the liquid or vapors being poured out of the container or bottle could ignite. If these fluids or vapors ignite while being poured, explosive container gas volume

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

may be ignited, resulting in a violent explosion propelling burning liquid out of the container or bottle. The operator, as well as people several meters away, may then be engulfed in flames and soaked with burning liquid exposing naked skin or setting the clothing fabric on fire. This made the Product unreasonably, dangerously, defectively designed for the Product's intended and foreseeable uses." (**Exhibit 1**, pp. 010:23-011:5.)

**Paragraphs 23 Through 25:**

LUMINA was involved in the design, manufacture, fabrication, assembly, supply, distribution, sale, and/or marketing of the Nu-Flame branded Bio-Ethanol Fireplace Fuel (**Exhibit 1**, p. 005:12-24), which was unreasonably, dangerously, and defectively designed as the vapors from the fuel container can ignite. (**Exhibit 1**, p. 011:6-13.) The warnings are inadequate; "the latent hazards associated with the product can still cause severe injury even though the product instructions are followed." (**Exhibit 1**, p. 011:14-17.) "[O]rdinary consumers could not contemplate or perceive the hazard posed by the ethanol fuel. Fuel containers often are packaged in containers that look familiar, resembling water bottles. . . . The "phrases on the packaging may reduce the likelihood that a consumer would consider to be hazardous. This made the product unreasonably, dangerously, defectively designed for the product's intended and foreseeable uses." (**Exhibit 1**, p. 011:18-24.)

\\\
\\\

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

**Paragraphs 31 and 32:**

> Plaintiff's friend Marie Perez ("Product Purchaser") was using the "PRODUCTS on her patio in a reasonably foreseeable manner with PLAINTIFF present." (**Exhibit 1**, p. 013:1-11.)[4]

**Paragraph 37:**

> LUMINA "designed, manufactured, assembled, fabricated, constructed, analyzed, recommended, packaged, labeled, tested, inspected, maintained distributed, marketed, promoted, advertised, shipped, and/or sold the FIREPLACE and/or BIO-ETHANOL FUEL . . . *('PRODUCTS') and its component parts and constituents, for use by consumers in the United States, including California*." (**Exhibit 1**, p. 014:7-13, emphasis added.)

**Paragraph 38:**

> *LUMINA was "involved in and [is] responsible for placing the PRODUCTS into the stream of commerce.* The PRODUCTS were defective and PLAINTIFF was harmed by the PRODUCTS due to their manufacturing defect, design defect, and failure to provide sufficient instructions and warnings." (**Exhibit 1**, p. 014:14-19, emphasis added.)

**Paragraph 39:**

> "The PRODUCTS contained a manufacturing, design, and warning defect when they left each of Defendants'

---

[4]   If there is any question that the PRODUCTS were being used on "Product Purchaser" Marie Perez's patio in the State of California (as Defendant's Motion contends), then Plaintiff requests leave to amend the SAC to clarify the jurisdictional allegations. Fed. R. Civ. P. 15(a)(2).

possession and these defects substantially caused the
PRODUCTS to explode and harm PLAINTIFF" – *i.e.,* here
in *California*. (**Exhibit 1**, p. 014:20-22.)

Accordingly, Plaintiff's SAC alleges conduct that arises out of or relates to
Defendant Lumina's forum-related activities, and patent negligence and wrongful
conduct. *Lake v. Lake*, 817 F.2d at 1421.

Once the plaintiff has shown that the exercise of personal jurisdiction satisfies
the first two prongs of the specific personal jurisdiction test, the burden shifts to the
defendant to make a "compelling case" that the exercise of jurisdiction would be
unreasonable. *In Re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d
716, 745 (9th Cir. 2013). Plaintiff Jennifer Bandlow submits that application of the
three-prong test to this case demonstrates denial of Defendant Lumina's Motion is
proper. Defendant Lumina has not met the burden of establishing, based on the papers
submitted in support of its Motion, a compelling case that the exercise of specific
personal jurisdiction over Lumina is unreasonable.

Lumina directs sales of its products to California citizens. (Hammond Decl., ¶¶
15 and 16.) Lumina receives calls from California customers "with questions or
requests for support," and requests for Lumina to ship parts to them in California.
(Hammond Decl., ¶ 19.) Specific jurisdiction comports with "fair play and substantial
justice" when Lumina expressly directs sales activities and transactions to California
and its residents – particularly given California's "strong interest in providing a forum
for its residents and citizens who are tortiously injured." *Dole Food Co., Inc., supra*,
303 F.3d at 1115-1116.

## III.   THE ESTABLISHED TRIPARTITE ANALYSIS DEMONSTRATES THE PROPRIETY OF SPECIFIC JURISDICTION HERE

### A.   There is Evidence of Defendant Lumina's Purposeful Availment and Direction of Activities Aimed at California: Satisfying Prong One

\\\

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

Defendant Lumina purposefully directed its activities at forum residents *and* availed itself of the privilege of conducting activities within California – thus invoking the benefits and protections of California's laws and amenities. Notably, in *Jayone Foods, Inc., supra,* 31 Cal.App.5th at 550, the Court found specific jurisdiction in California over a Korean manufacturer – which had only effectuated – *in Korea, with purchase orders created in Korea* – two sales of the allegedly defective product at issue, which made their way into California through a distributor. The Korean manufacturer did *not* make direct sales of the defective product to any California retailer or consumer. *Id.* at 549-550.

The Court in *Jayone* nevertheless concluded that California had specific personal jurisdiction over the Korean manufacturer as it had directed its activities toward California, and purposefully availed itself of the benefits of doing business here – based on sales (in Korea) of products *other than the subject defective product*, to various California distributors over a seven year period. *Id.* at 559. Based on the <u>Hammond Decl.</u>, Lumina has engaged in greater California-directed activities than the Korean manufacturer in *Jayone*, where the Court found specific jurisdiction proper.

### 1.     The pertinent time period for a jurisdiction assessment

An additional factor regarding purposeful direction and availment that the Court in *Jayone* substantiated: For purposes of analyzing specific jurisdiction in a personal injury case due to an alleged defective product, the pertinent time period is ***not*** limited to when the cause of action arose.

Contrary to footnote 2 in Defendant's Motion, the *Jayone* Court did ***not*** examine the nonresident defendant manufacturer's conduct during periods of time well outside of when the cause of action arose based on plaintiff's "extended exposure period" to the defective product – rather, the Court expressly concluded that the relevant time inquiry is the period a defendant engages in the directed activities and/or purposeful availment of the forum state's benefits. *Ibid.* The pertinent issue is "the defendant's intentionality" – its distribution and sales conduct *vis-à-vis* the forum state. *Jayone*, 31

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

Cal.App.5th at 549, 554. In other words – **when did the defendant** "purposefully and voluntarily direct its activities toward the forum so that it should expect, by virtue of the benefits it receives, it will be subject to the court's jurisdiction based on its contacts with the forum." *Ibid.* The wrongful death cause of action in *Jayone* arose upon the decedent's demise on February 11, 2013. However, the Court focused on **defendant's own conduct**, *e.g.,* its distribution and sales of goods to the United States **starting in 2002** and through the present. *Id.* at 549-551, 559. The Court reasoned that examining the defendant's own "intentionality" prevents its being "haled into jurisdiction" by some "random," "fortuitous," or "attenuated" contact or act. *Ibid.*

The <u>Hammond Decl.</u> does not provide information regarding all of its conduct aimed at benefitting through its contacts with the California market,[5] as well as its contacts with the state's consumer residents.

### 2.    Foreseeability of being "haled" into Court

Jurisdiction and a defendant's "purposefully availing itself" of the forum state's benefits and market include considerations of whether the nonresident defendant could or should "reasonably anticipate being haled into that State's courts." *Ford, supra,* 141 S.Ct. at 1027. The Court in *Ford* stated that a company "purposefully availing itself" "has clear notice" of its exposure in the forum state and thus "could 'act to alleviate the risk of burdensome litigation by various means, including seeking liability protection via defense and indemnity agreements including, such as, procuring insurance.'" *Id.* at 1027, citing to *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "These rules derive from and reflect two sets of values – treating defendants fairly and protecting 'interstate federalism.'" *Ford* at 1024; *World-Wide Volkswagen* at 293.

The <u>Hammond Decl.</u> mentions nothing about whether Lumina has been subjected to other California products liability lawsuits, a particularly relevant inquiry

---

5    The State of California market is the largest in the United States, and it is the fifth largest economy in the world. Source: Bureau of Economic Analysis, World Bank.

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

here given that "[t]he number of burn injuries caused by explosions while consumers used fuel and firepit products reached somewhat of a fever pitch in 2011." (**Exhibit 1**, p. 012:4-5.) The <u>Hammond Decl.</u> is silent about whether Lumina has liability insurance for third party injury claims and litigation arising out of its products – whether distributed and/or sold to consumers, or through "bulk sales to various merchants" or "private label customers." (<u>Hammond Decl.</u>, ¶¶ 10-12.) The courts hold that evidence of such insurance – or indemnity and hold harmless agreements for example with third party "re-sellers" or "commercial account bulk purchasers" – signify a defendant's "notice of its exposure" in the forum state. *Ford,* 141 S.Ct. at 1027.

The <u>Hammond Decl.</u> and Defendant's Motion do not provide the necessary facts and information, and consequently fail to support the granting of dismissal.

### 3.    Foreign act having *effect* in a forum state allows the exercise of jurisdiction

In *Dole Food Co.,* the Court articulated that "[a]s we have previously recognized . . . purposeful availment is satisfied even by a defendant 'whose only 'contact' with the forum state is the 'purposeful direction' of a ___*foreign act* having *effect in the forum state*___.'" *See, id.* at 303 F.3d 1111, emphasis added, citing to *Calder v. Jones, supra,* 465 U.S. at 788-789. *See also, Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1194 (9th Cir. 1988): "Moreover, the decisions of this court have interpreted the holdings of *Calder* and *Burger King* as modifying the purposeful availment rubric to allow 'the exercise of jurisdiction over a defendant whose only 'contact' with the forum is the 'purposeful direction' of a *foreign* act having *effect* in the forum state." *Ibid.*, emphasis in original.

A significant aspect of Plaintiff's allegations is that it has been known for more than a decade that the PRODUCTS – including Lumina's Nu-Flame branded Bio-Ethanol Fireplace Fuel – are ***known*** to be dangerous (and have been banned in some countries). (**Exhibit 1**, pp. 008:24-009:10.) As the <u>Hammond Decl.</u> avers (at ¶ 8), Lumina continues to make the Nu-Flame product, thus giving rise to an argument that

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

Lumina's intentional foreign act (continued manufacture of, *inter alia*, Nu-Flame) – which caused a horrific tragedy in California – subjects Lumina to specific personal jurisdiction in this state. *Dole Food Co., supra,* 303 F.3d at 111.

### 4. Plaintiff also alleges a "stream-of-commerce" theory

Plaintiff alleges that Lumina was involved in and responsible for placing the allegedly defective PRODUCTS, which caused Plaintiff's injuries and harm, into the stream-of-commerce. (**Exhibit 1**, p. 014:14-19.) The United States Supreme Court has expressed skepticism that jurisdiction may be upheld on this theory where a foreign manufacturer delivers products to the U.S. without targeting the forum state. *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 882, 131 S.Ct. 2780, 2788 (2011) (plurality opinion) – simply predicting goods will reach the forum state does not invoke jurisdiction. However, because *J. McIntyre* was a plurality opinion and consequently not binding, several courts have applied a stream-of-commerce approach to the jurisdiction analysis. In *Ainsworth v. Moffett Engineering, Ltd.*, 716 F.3d 174 (5th Cir. 2013) the Court stated:

> "On interlocutory appeal, [Defendant] Moffett argues that application of the Fifth Circuit's stream-of-commerce approach is no longer proper after the Supreme Court's decision in *McIntyre*. We disagree and find that application of the stream-of-commerce approach in this case does not run afoul of *McIntyre's* narrow holding. . . . The Supreme Court reversed but did not produce a majority opinion. . . ."

*Id.* at 177-178. *See also, Celgard, LLC v. SK Innovation Co., Ltd.*, 792 F.3d 1373, 1381-1382 (Fed. Cir. 2015): "[P]recise requirements of the stream-of-commerce theory of jurisdiction remain unsettled." The point is this: Defendant's Motion far from settles the jurisdiction issue, and if anything the <u>Hammond Decl.</u> raises more questions than it resolves. The notable uncertainty regarding the stream-of-commerce theory adds to the conjecture, compelling denial of Defendant's motion.

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

## B.   Prong Two: The Litigation Arises out of and Relates to Defendant's Forum-Related Activities

The Court next assesses whether a plaintiff's claims "arise out of or result from" a defendant's "forum-related activities." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). "In the Supreme Court's phrasing, a plaintiff's claims must 'arise out of or relate to the defendant's contacts with the forum.'" *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 983 (9th Cir. 2021). Defendant Lumina's contacts with the forum state include direct sales of fireplaces (in 2019 and 2021), the handling of direct calls from California customers during that same period, and the direct shipment of parts. (Hammond Decl., ¶ 19.) This arguably satisfies the second prong. *Secrest Machine Corp. v. Superior Court*, 33 Cal.3d 664, 670-672 (1983) – direct sale of a product for use in California constitutes purposeful availment.

Further, contacts potentially include direct sales of Lumina products through its website, ethanol fuel bulk sales, and private label sales. (Hammond Decl., ¶¶ 9-12.) The Hammond Decl. is noticeably silent on the issues of whether any of these commercial clients and accounts distribute and/or sell Lumina products in California.

As alleged, Plaintiff was severely burned and injured by ethanol fuel branded "Nu-Flame" a product Defendant Lumina manufactures as stated in the Hammond Decl., ¶ 8, and the email Plaintiff's counsel received from BluWorld counsel. (Lincors Decl., ¶7, **Exhibit 2**.) Thus, a Lumina-manufactured ethanol fuel product made its way into California, and tragically injured one of its residents.

The Ninth Circuit has utilized a "but for" test – this second prong is satisfied if the plaintiff would not have been injured and suffered loss "but for" the defendant's design and manufacturing activities. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). Other courts use a "proximate cause" approach such that a defendant's in-state conduct forms an "important" or "material" element of proof in plaintiff's case. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S.Ct. 1773, 1781 (2017). However, as the Court in *Ford* held – the *Bristol-Myers* analysis does not apply to defeat jurisdiction

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

1   when a defendant directs profit-reaping activities toward the forum state and its
2   residents. *Ford,* 141 S.Ct. at 1031. Defendant Ford relied on *Bristol-Myers* to argue
3   lack of specific personal jurisdiction, and the Supreme Court flatly rejected this
4   position. The Court: "[Ford's] reading misses the point of our decision. We found
5   jurisdiction improper in *Bristol-Myers* because the forum State, and the defendant's
6   activities there, lacked any connection to the plaintiffs' claims." *Ibid*. Notably, there
7   was no jurisdiction because the ***plaintiffs*** were not residents of California, had not been
8   prescribed or ingested the allegedly defective product (Plavix) in California, and had
9   not sustained their injuries in California. *Ibid.* In short, the plaintiffs in *Bristol-Myers*
10  were essentially "forum shopping – suing in California because it was thought plaintiff-
11  friendly, even though their cases had no tie to the State." *Ibid.*

12      Conversely, here, Plaintiff was injured in California, the Lumina Nu-Flame
13  ethanol fuel product somehow made its way into California, and at the very least
14  discovery on that precise issue (and others) is critical. For example, despite Lumina's
15  contention that it does not sell or distribute the Nu-Flame ethanol fuel product in
16  California, the merchant bulk sale purchasers and/or "private label customers" very
17  well may – and whether the sales or distribution contracts identify Lumina, or Lumina
18  reaps a benefit from the California sales in any way – are relevant to the jurisdiction
19  inquiry. Even a single forum state act may suffice to support limited personal
20  jurisdiction over a nonresident defendant. *Yahoo, supra,* 433 F.3d at 1210.

21      An example of this is that in *Jayone*, the Korea-based Assistant Manager,
22  Overseas Business Dept., visited the distributor's California facility *once*; the Court
23  found this significant as the foreign manufacturer was attempting to grow its business
24  and reap profits by directing its activities toward this state. *Id.*, 31 Cal.App.5th at 557.

25      Finally, this second prong does ***not*** require a direct causal connection – rather,
26  plaintiff's claim must "arise out of or relate to" the defendant's forum related activities.
27  *Id.* at 549-551, 557-559. This requires delving into the fact based issues mentioned
28  immediately above. *Ibid.*

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

### C.   The Burden is on Defendant Lumina to Present a "Compelling Case" That the Exercise of Jurisdiction Would not be Reasonable

Defendant Lumina's burden is to make that "compelling case" that the exercise of jurisdiction would not "comport with fair play and substantial justice." *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007). In light of the seven factors the courts consider relative to this third prong, Defendant Lumina has not made that "compelling case." The seven factors are:

1)   The extent of the nonresident Defendant's interjection into the forum State.

2)   The burden on Defendant in defending in California – Inconvenience alone is not enough to make this showing. *AirWair Int'l Ltd. v. Schultz*, 73 F.Supp.3d 1225, 1239 (N.D. Cal. 2014): Modern technological advances make litigating outside a defendant's home forum less burdensome.

3)   The extent of conflict with the sovereignty of the defendant's state.

4)   The forum state's interest in adjudicating the dispute. As the *Ford* Court noted: a forum state has significant interests at stake in "'providing their residents with a convenient forum for redressing injuries inflicted by out-of-state actors,' as well as enforcing their own safety regulations." *Ford, supra*, 141 S.Ct. at 1030.

5)   The most efficient judicial resolution of the controversy.

6)   Importance of the forum to a plaintiff's interest in convenient and effective relief.

7)   The existence of an alternative forum. *Dole Food Co., supra,* 303 F.3d at 1114-1117.

The current record does not establish that Defendant Lumina has met its "compelling case" burden regarding this third prong.

Defendant Lumina's Motion to Dismiss should be denied.

\\\
\\\

## IV.   **ABSENT OUTRIGHT MOTION DENIAL, PLAINTIFF REQUESTS THAT JURISDICTION DISCOVERY BE ALLOWED**

Generally, the courts allow a plaintiff to conduct discovery relative to jurisdictional issues – particularly where there are as many unresolved factual issues as presented here. *Goehring v. Superior Court*, 62 Cal.App.4th 894, 911 (1998).

Where a motion to dismiss is made at the outset of a case, a court may continue the hearing to permit such discovery. *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672-673 (S.D. Cal. 2001). Plaintiff submits that she has made a prima facie showing based on competent evidence demonstrating that there is a valid issue regarding personal jurisdiction over Defendant Lumina in this case. Denial of dismissal is appropriate. Nevertheless, Plaintiff alternatively requests limited discovery for purposes of establishing facts that would support the exercise of jurisdiction. *Andersen v. Sportmart, Inc.*, 179 F.R.D. 236, 241 (N.D. Ind. 1998).

## V.   **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant Lumina's Motion to Dismiss, and alternatively, order discovery directed to personal jurisdiction, to facilitate Plaintiff's and the Court's specific personal jurisdiction analysis herein.

DATED:      February 10, 2022                    THE HOMAMPOUR LAW FIRM
                                                 A Professional Law Corporation

                                     By: _____
                                                 Arash Homampour,
                                                 Danielle Lincors, Attorneys for Plaintiff,
                                                 JENNIFER A. BANDLOW

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

## **PROOF OF SERVICE**

I am over the age of 18 and not a party to the within action. I am employed in the County of Los Angeles, State of California. My business address is 15303 Ventura Boulevard, Suite 1450, Sherman Oaks, California 91403.

On February 10, 2022, I served the following document(s) described as **PLAINTIFF JENNIFER A. BANDLOW'S OPPOSITION TO DEFENDANT LUMINA PRODUCTS, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(B)(2)** on the interested parties in said action, by:

**SEE ATTACHED SERVICE LIST:**

Ø   **BY ELECTRONIC SERVICE (EMAIL):** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed on February 10, 2022.

☒   **FEDERAL:** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on February 10, 2022 at Sherman Oaks, California.

_____
CECILIA CHAVEZ

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477

*Proof of Service – Page 1*

**SERVICE LIST**
***Bandlow v. Net Health Shops, LLC, et al.***
USDC Case No. 2:21-cv-06291-FLA-JCx
(as of February 10, 2022)

| | |
|---|---|
| **Ross E. Bautista, Esq.** ⊘<br>**Perkins Coie, LLP**<br>**11452 El Camino Real, Suite 300**<br>**San Diego, CA 92130-2080**<br>**F: (858) 720-5830**<br>**Email: RBautista@perkinscoie.com**<br>**Email: JHussey@perkinscoie.com**<br>**Email: BHoward@perkinscoie.com** | *Attorneys for Defendant Amazon.com, INC.* |
| **Craig A. Roeb** ⊘<br>**David A. Napper**<br>**Chapman, Glucksman, Dean & Roeb**<br>**11900 W. Olympic Blvd., Suite 800**<br>**Los Angeles, CA 90064**<br>**Email: croeb@cgdrlaw.com**<br>**Email: dnapper@cgdrlaw.com**<br>**Email: services@cgdrlaw.com**<br>**Email: kwindrim@cgdrlaw.com** | *Attorneys for Defendants Amazon.com, INC., Defendant Net Health Shops, LLC dba Sunnydaze Decor and dba Serenity Health & Home Decor* |
| **James E. Siepler, Esq.** ⊘<br>**Law Offices of Schneider, Holtz & Moore**<br>**100 West Broadway, Suite 1150**<br>**Glendale, CA 91210**<br>**Fax: (818) 613-3298**<br>**Email: sieplj2@nationwide.com**<br>**Email: HAGANR@nationwide.com**<br>**Email: davit39@nationwide.com** | *Attorneys for Defendant Bluworld of Water, LLC & SRMX Capital, LLC* |
| **Scott S. Mizen, Esq.**<br>**Robert T. Mackey, Esq.**<br>**Veatch Carlson, LLP**<br>**1055 Wilshire Boulevard, 11th Floor,**<br>**Los Angeles, CA 90017**<br>**Fax: (213) 383-6370**<br>**Email: smizen@veatchfirm.com** | *Attorneys for Defendant Lumina Products, Inc.* |
| **Marcelis Morris, Esq.** ⊘<br>**The Cochran Firm**<br>**4929 Wilshire Blvd Ste 1010**<br>**Los Angeles, CA 90010-3897**<br>**Email: mmorris@cochranfirm.com**<br>**Email: mviramontes@cochranfirm.com** | *Co-Counsel for Plaintiff* |

THE HOMAMPOUR LAW FIRM, PC
15303 VENTURA BOULEVARD · SUITE 1450 | SHERMAN OAKS, CA 91403
PHONE (323) 658-8077 | FAX (323) 658-8477